# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDDIE BAUER HOLDINGS, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12099 (___) |
| In re:<br><br>EDDIE BAUER, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12100 (___) |
| In re:<br><br>EDDIE BAUER FULFILLMENT SERVICES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12101 (___) |
| In re:<br><br>EDDIE BAUER DIVERSIFIED SALES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-12103 (___) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

| | |
|---|---|
| In re:<br><br>EDDIE BAUER SERVICES, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 09-12104 (____) |
| In re:<br><br>EDDIE BAUER INTERNATIONAL DEVELOPMENT, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 09-12105 (____) |
| In re:<br><br>EDDIE BAUER INFORMATION TECHNOLOGY, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 09-12106 (____) |
| In re:<br><br>FINANCIAL SERVICES ACCEPTANCE CORPORATION,<br><br>      Debtor. | Chapter 11<br><br>Case No. 09-12107 (____) |
| In re:<br><br>SPIEGEL ACCEPTANCE CORPORATION,<br><br>      Debtor. | Chapter 11<br><br>Case No. 09-12108 (____) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO RULE 1015(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for entry of an order (the "**Order**") directing the joint administration

of the Debtors' Chapter 11 cases and the consolidation thereof for procedural purposes only.[2] In support of this Motion, the Debtors respectfully state as follows:[3]

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are Sections 105(a) and 1015(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3. On June 17, 2009 (the "**Petition Date**"), Eddie Bauer Holdings, Inc. and each of its Debtor affiliates filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors intend to continue in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Debtors have requested that these Chapter 11 Cases be consolidated for procedural purposes. As of the date hereof, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

---

[2] A copy of the proposed order (the "**Order**") is attached hereto as Exhibit A.

[3] The facts and circumstances supporting this Motion are set forth in the Declaration of Marvin Edward Toland of Eddie Bauer Holdings, Inc., in Support of First Day Motions (the "**First Day Declaration**") filed contemporaneously herewith.

DB02:8312184.1                              068417.1001
DB02:8312184.1                              068417.1001

4. Subsequent to the commencement of these Chapter 11 Cases, the Debtors' two Canadian affiliates – Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc. (the "**Canadian Debtor Affiliates**") – will seek recognition of the Debtors' Chapter 11 Cases in a Canadian Court as "foreign proceedings" pursuant to Section 18.6 of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended. In addition to staying proceedings against the Canadian Debtor Affiliates in Canada, such recognition by the Canadian Court will allow certain orders of this Court to be in full force and effect in the same manner and in all respects as if they had been made by the Canadian Court. Due to the integrated management of the Canadian Debtor Affiliates with the Debtors' U.S. operations, as well as the role that the Canadian Debtor Affiliates play in the Debtors' overall prepetition debt structure, these Chapter 11 Cases will function as the main proceedings with respect to the Canadian Debtor Affiliates.

5. As further detailed in the First Day Declaration, the Debtors and the Canadian Debtor Affiliates[4] are a publicly traded general merchandise and specialty retailer that offers men's and women's outerwear, apparel, accessories and gear for an active outdoor lifestyle through catalogs, e-commerce sites and over 370 retail and outlet stores. The Debtors have 556 full-time, part-time, and temporary employees in their corporate headquarters, and 7,144 full-time, part-time, and temporary retail and distribution employees. The Canadian Affiliates have over 950 full-time, part-time, and temporary employees working in management, retail and customer service.

---

[4] The Debtors also have a non-debtor affiliate located in Hong Kong named Pacific NW Sourcing Co. This affiliate was created in 2008 to act as a purchasing agent in Asia. However, it is not currently fully operational, has no assets and has few, nominal liabilities.

## THE PROPOSED 363 SALE

6. Due to (i) Debtors' and Debtors' lenders inability to agree upon the terms of a consensual restructuring, (ii) the Debtors' need to reduce debt load and interest expenses, and (iii) the Debtors' mounting concerns regarding the potential deterioration of their businesses – and accompanying degradation in value – stemming from rumors in the marketplace about the Debtors' liquidity and viability, the Debtors have determined that the value of their estates would be best maximized and preserved through a sale process (the "**Sale**"). Therefore, the Debtors have negotiated a going-concern Sale of their businesses and assets (the "**Assets**") to Rainier Holdings LLC as the stalking horse bidder (the "**Stalking Horse Bidder**") pursuant to an asset purchase agreement and commenced these Chapter 11 Cases to implement the Sale pursuant to Section 363 of the Bankruptcy Code, subject to a competitive Sale process and the solicitation of higher and/or otherwise better offers. The Debtors believe that unless the Sale is expeditiously consummated, whether to the proposed Stalking Horse Bidder or to a purchaser submitting a higher or otherwise better offer, there will be significant value deterioration. Consequently, the Debtors have determined that it is in the best interest of their estates, creditors and other parties-in-interest to move forward with the Sale process.

7. The events leading up to the Petition Date and the Sale and the facts and circumstances supporting the relief requested herein are more fully set forth in the First Day Declaration.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b), directing the joint administration of the Debtors' Chapter 11 Cases and the consolidation thereof for procedural purposes only.

9. Many of the motions, applications, hearings and orders that will arise in these Chapter 11 Cases will jointly affect each and every Debtor. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these Chapter 11 Cases. In order to optimally and economically administer the Debtors' pending Chapter 11 Cases, these Cases should be jointly administered, for procedural purposes only, under the case number assigned to Debtor Eddie Bauer Holdings, Inc.

10. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases, which file and docket shall be the file and docket for Eddie Bauer Holdings, Inc.

11. The Debtors further request that the caption of these chapter 11 cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| EDDIE BAUER HOLDINGS, INC., *et al.*,[1] | Case No. 09-12099 (___) |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

12. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each of the Debtors' Chapter 11 Cases (except that of Eddie Bauer Holdings, Inc.), substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Eddie Bauer Holdings, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Eddie Bauer Holdings, Inc., Case No. 09-12099 (\_\_) should be consulted for all matters affecting this case."

### BASIS FOR RELIEF

13. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when "two or more petitions are pending in the same Court by or against . . . a debtor and an affiliate." Del. Bankr. LR 1015-1. In this case, Debtor Eddie Bauer Holdings, Inc. is the ultimate parent company of each of the other Debtors. The Debtors are therefore affiliates within the meaning of Section 101(2) of the Bankruptcy Code and, accordingly, this Court has the authority to grant the relief requested herein.

14. Additionally, the First Day Declaration, filed contemporaneously herewith, establishes that the joint administration of the Debtors' respective estates is warranted, will ease the administrative burden on the Court and all parties in interest in these Chapter 11 Cases, and will protect creditors of different estates against potential conflicts of interest.

15. The joint administration of these Chapter 11 Cases will also permit the Clerk of the Court to utilize a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications and other pleadings filed in these Chapter 11 Cases that will

affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include all of the Debtors' Chapter 11 Cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties-in-interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

16. Joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because these Chapter 11 Cases involve nine (9) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

17. Finally, the entry of joint administration orders in multiple related cases such as these is common in this district and elsewhere. See, e.g., In re Smurfit Stone Container Corp., Case No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009) (order directing joint administration of chapter 11 cases); In re Merisant Worldwide, Inc., Case. No. 09-10059 (PJW) (Bankr. D. Del. Jan. 13, 2009) (same); In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008) (same); In re Pierre Foods, Inc., Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008) (same); In re Hilex Poly Co., LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. May 7, 2008) (same); In re Tropicana Entm't, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008) (same).

18. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

19. No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors have provided notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) counsel to administrative agent under the prepetition term loan facility; (c) counsel to the steering committee for the prepetition term lenders; (d) counsel to agent under the prepetition revolving credit facility; (e) counsel for the indenture trustee for the $75 million 5.25% convertible senior notes due 2014 and (f) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the chapter 11 petitions. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

20. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available on the website of the Debtors' proposed claims, noticing, soliciting and balloting agent, Kurtzman Carson Consultants, at www.kccllc.net/eddiebauer or can be requested by calling (866) 967-1781.

## NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) directing the joint administration of the Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, and (b) granting such other and further relief as the Court deems appropriate.

Dated: June 17, 2009
Wilmington, Delaware

Respectfully Submitted,

/s/ Kara Hammond Coyle

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

David S. Heller
Josef S. Athanas
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

-and-

Heather L. Fowler
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

PROPOSED ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION