## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., et al.,[1] | Case No. _____ |
| Debtors. | [Joint Administration Pending] |

**ORDER GRANTING MOTION (A) AUTHORIZING THE CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, BUSINESS FORMS AND INVESTMENT GUIDELINES; (B) GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE STATUS; AND (C) AUTHORIZING CONTINUED PERFORMANCE UNDER INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order (a) authorizing and approving the Debtors to continue use of their existing cash management system (the "**Cash Management System**"), bank accounts, business forms and investment guidelines; (b) granting postpetition intercompany claims administrative status and (c) authorizing the Debtors' to continue intercompany arrangements and historical practices; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.
DB02:8313466.1           068417.1001

and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, in the reasonable exercise of their business judgment, to: (i) designate, maintain and continue to use, with the same account numbers, all of their respective depository, concentration, disbursement and other bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit C of the Motion (collectively, the "**Bank Accounts**"); (ii) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, invoices, etc.) as well as checks existing immediately before the Petition Date, without reference to their status as debtors-in-possession, and other documents related to the Bank Accounts and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; and it is further

ORDERED, that the Debtors are authorized to continue utilizing their integrated Cash Management System to manage their cash, to pay intercompany payables and to extend intercompany credit and to pay any fees, costs and expenses owed to their Cash Management Banks that arise in the ordinary course of business, in a manner consistent with the Debtors' prepetition practices; and it is further

ORDERED, that the Cash Management Banks are hereby authorized and directed to continue to service and administer all such accounts as accounts of the relevant Debtor as debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires or automated clearing house transfers

2

DB02:8313466.1                                                                              068417.1001

(the "**ACH Payments**"), or any other electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and are authorized to debit the Bank Accounts in the ordinary course for any returned items or other obligations arising in connection with the provision of cash management or treasury services to the Debtors, regardless of whether such returned items or obligations arose prior to or after the Petition Date; and it is further

ORDERED, that except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid; and it is further

ORDERED, that notwithstanding any other provision of this Order to the contrary, no Cash Management Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate, provided that prompt notice of any such account closing or opening is provided to the United States Trustee and to any Official Committee appointed in this case; and it is further

ORDERED, that, for all purposes in this Order, any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it

had been opened prior to the Petition Date and listed on Exhibit C to the Motion) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order; and it is further

ORDERED, that each Debtor is authorized to continue to use their existing business and correspondence forms without alteration and without the designation "Debtor-in-Possession" imprinted upon them, provided, however, that following the depletion of the Debtors' business form stock, the Debtors will obtain new business forms stock reflecting their status as debtors-in-possession; and it is further

ORDERED, that the Debtors are authorized to make disbursements from the Bank Accounts other than by check, to the extent consistent with the Debtors' existing cash management practices; and it is further

ORDERED, that effective *nunc pro tunc* to the Petition Date, the Cash Management Banks shall be and hereby are authorized and directed to receive, process, honor and pay any and all prepetition and post-petition checks drawn on and electronic transfers authorized for payment by the Court; and it is further

ORDERED, that the Debtors are authorized to invest and deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of Section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived for sixty days, on an interim basis only, without prejudice to the Debtors' right to seek a further interim waiver or final waiver; and it is further

ORDERED, that the Debtors are authorized, but not directed, to invest and deposit funds in the Investment Accounts, in accordance with their prepetition practices,

notwithstanding that this practice may not strictly comply with the requirements of Section 345 of the Bankruptcy Code for the sixty (60) postpetition period; and it is further

ORDERED, that the Debtors are hereby relieved from the obligation under Section 345(b) of the Bankruptcy Code of obtaining a bond from the entities with which the Debtors deposit or invest money, for the sixty (60) postpetition period; and it is further

ORDERED, that, pursuant to Section 364(b) of the Bankruptcy Code, all Intercompany Claims arising after the Petition Date owed by an individual Debtor to another individual Debtor or non-debtor affiliate shall be accorded administrative priority status of the kind specified in Sections 503(b) and 507(a) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized, in their sole discretion, in the reasonable exercise of their business judgment, to loan estate property to the Canadian Debtor Affiliates; provided, however, that such amounts loaned shall be recorded on the Debtors' books and records as loans; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, that to the extent any provision herein is inconsistent with any Court-approved debtor-in-possession financing agreements or orders of this Court approving the same, such agreements or orders shall govern; and it is further

ORDERED, that the Debtors are authorized, but not required, to continue performing under and honoring their respective obligations and commitments under the Intercompany Transactions; and it is further

ORDERED, that the Debtors shall continue to maintain records with respect to transfers of cash in a manner consistent with historical practices, so that transactions can be ascertained, traced, and recorded properly on all intercompany accounts; and it is further

ORDERED, that the Debtors shall cause a copy of this Order to be served on all of the banks at which any Bank Account is maintained within five business days of the date hereof; and it is further

ORDERED, that any requirements to establish separate accounts for cash collateral and/or tax payments are waived; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that Rule 6003(b) of the Federal Rules of Bankruptcy Procedure has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(h) of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____, 2009
     Wilmington, Delaware

_____
United States Bankruptcy Judge