# EXHIBIT A

## Proposed Bridge Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC. *et al.*,[1] | Case No. _____ |
| | Joint Administration Pending |
| Debtor. | |

## BRIDGE ORDER (A) AUTHORIZING THE DEBTORS TO (A) HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS, (B) MAINTAIN CERTAIN CUSTOMER SERVICE POLICIES, PROGRAMS AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS; AND (C) PAY CERTAIN FEES ASSOCIATED WITH CREDIT CARD TRANSACTIONS AND GIFT CARD PROGRAMS

Upon the Motion of the Debtors for the Entry of a Bridge Order With Respect to Customer Service Policies, Programs and Practices (the "**Bridge Order Motion**")[2] in which the above-captioned Debtors request the entry of a bridge order granting the relief requested in the Motion of the Debtors for an Order Authorizing the Debtors to (A) Honor Certain Prepetition Obligations To Customers, (B) Maintain Certain Customer Service Policies, Programs and Practices In The Ordinary Course of Business; and (C) Pay Certain Fees Associated With Credit Card Transactions And Gift Card Programs (the "**Customer Program Motion**"), on an interim basis pending this Court's disposition of the Customer Program Motion on its merits after notice

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

and a hearing; and upon the Declaration of Marvin Edward Toland, in Support of First Day Motions (the "**First Day Declaration**"), filed contemporaneously with the Bridge Order Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Bridge Order Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Bridge Order Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

ORDERED that the Bridge Order Motion is granted on an interim basis pending this Court's disposition of the Customer Programs Motion at the First Day Hearing; and it is further

ORDERED that, subject to the limitations contained in Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the Debtors are authorized, but not directed, to honor their Customer Programs on an interim basis pending this Court's disposition of the Customer Program Motion Motion; and it is further

ORDERED that any payment or transfer made or service rendered by the Debtors pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to dispute such obligation or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____, 2009
       Wilmington, Delaware

                                                                               _____
                                                                               United States Bankruptcy Judge