# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> EDDIE BAUER HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-12099 (MFW) <br><br> Joint Administration Pending <br><br> **Docket Ref. No. 4** |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS NOTICE, CLAIMS AND SOLICITATION AGENT FOR DEBTORS

Upon the application (the "Application") of the Debtors[2] for entry of an order authorizing the employment of Kurtzman Carson Consultants LLC ("KCC") as the notice, claims and solicitation agent for the Debtors, all as more fully set forth in the Application; pursuant to 28 U.S.C. § 156(c); upon consideration of the Frishberg Affidavit and the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and due and sufficient notice of the Application having been given; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] All capitalized terms used but otherwise not defined herein shall have the meaning set forth in the Application.

the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that based on the representations made in the Frishberg Affidavit that KCC does not hold or represent an interest adverse to the Debtors' estates; and the Court having found that due and proper notice of the Application has been provided and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings heard before the Court; and after due deliberation and sufficient cause appearing therefor it is HEREBY ORDERED THAT:

1. The Application is granted.

2. The Debtors are authorized to employ and retain KCC as their notice, claims and solicitation agent in accordance with the terms and conditions set forth in the Application and the Services Agreement.

3. KCC is authorized to provide noticing, claims processing and services as set forth in the Application and the Servicing Agreement.

4. The terms of the Services Agreement are approved.

5. KCC is appointed as agent for the office of the Clerk of this Court (the "Clerk's Office") and, as such, is designated as the authorized repository for all proofs of claims filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk's Office with a certified duplicate thereof as the Clerk's Office may direct.

6. KCC is authorized to provide noticing services in the Chapter 11 Cases to the U.S. Trustee.

7. Without further order of the Court, the Debtors are authorized to compensate KCC in accordance with the terms and conditions of the Services Agreement, upon KCC's submission to the Debtors of invoices summarizing in reasonable detail the services and expenses for which compensation is sought.

8. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC incurred pursuant to the Services Agreement shall be an administrative expense of the Debtors' estates.

9. ~~Notwithstanding Section II.G. of the Services Agreement, KCC may hold its retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of expenses only under the Services Agreement.~~

10. The indemnification provisions of the Services Agreement are approved, subject to the following clarifications:

   a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, KCC, in accordance with the Services Agreement and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with KCC's performance of services pursuant to this Order and the Services Agreement;

   b. KCC shall not be entitled to indemnification, contribution, or reimbursement for services other than claims agent services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   c. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify any person, or provide indemnification, contribution, or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F3d 217 (3d Cir. 2003);

or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnification, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order; and

d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement, including, without limitation, the advancement of defense costs, KCC must file an application before this Court, and the Debtors may not pay any such amount to KCC before the entry of an order by this Court approving payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligations to indemnify KCC.

11. The Debtors and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the provisions of Section XVI of the Services Agreement shall not apply during the pendency of the Debtors' Chapter 11 Cases.

Dated: June 18, 2009
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge