## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., *et al.*,[1] | Case No. 09-12099 (MFW) |
| | [Joint Administration Pending] |
| Debtors. | Ref. Docket No. 9 |

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING UTILITY PROVIDERS FROM DISCONTINUING, ALTERING, OR REFUSING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an Interim Order and Final Order (i) prohibiting Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors, (ii) deeming the Utility Providers adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

ORDERED, that the Motion is granted on an interim basis; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtors; and it is further

ORDERED, that, until such time as a Final Order is entered by the Court, and except in accordance with the procedures set forth in the Motion and this Interim Order, or absent further order of the Court, the Utility Providers are (i) forbidden and prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or the Debtors' bankruptcy filings and (ii) deemed to have received adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code and, as such, are forbidden from requiring the Debtors to furnish any additional deposit or other security for the continued provision of Utility Services; and it is further

ORDERED, that the Debtors shall, on or before twenty (20) days after the Petition Date, deposit a sum of $654,000, which is approximately equal to two (2) weeks of Utility Services, calculated as a historical average (the "**Adequate Assurance Deposit**"), into an interest-bearing, newly created segregated account (the "**Adequate Assurance Deposit Account**") with such Adequate Assurance Deposit to be held in escrow, pending further order of this Court, for the purpose of providing each Utility Provider adequate assurance of payment for its postpetition Utility Services to the Debtors; and it is further

ORDERED, that the balance of the Adequate Assurance Deposit Account may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

regardless of any Adequate Assurance Requests, as defined below, and/or agreements with Utility Providers; and it is further

ORDERED, that if a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors, the Utility Provider must comply with the following Adequate Assurance Procedures, which are approved in full and in all respects:

    a.    A Utility Provider desiring additional assurances of payment in the form of deposits, security or otherwise must serve a written request (an "**Additional Assurance Request**") upon the Debtors at the following addresses: (i) Eddie Bauer, Inc., 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004, Attn: Freya Brier; (ii) co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Michael R. Nestor and (iii) co-counsel to the Debtors, Latham & Watkins LLP, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606, Attn: David Heller, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560, Attn: Heather Fowler (together, the "**Service Parties**"). The Additional Assurance Request must be sent to all Service Parties to be deemed valid.

    b.    Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the account number(s) for such location(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and the outstanding balance for each account and (iv) include a proposal for what would constitute adequate assurance from the Debtors, as well as set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    c.    Upon the Debtors' and other Service Parties' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall promptly following the Petition Date (the "**Resolution Period**") negotiate with the Utility Provider to endeavor to resolve that Utility Provider's Additional Assurance Request. During the Resolution Period, Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges or the commencement of these Chapter 11 Cases.

    d.    The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits,

3

DB02:8312167.2                                                       068417.1001

        prepayments and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable.

   e.      If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Provider, the Debtors will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code.

   f.      Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or the commencement of these Chapter 11 Cases.

   g.      Unless and until a future order of the Court is entered requiring further assistance of payment, based on the establishment of the Proposed Adequate Assurance, a Utility Provider shall be deemed to have adequate assurance of payment.

and it is further

ORDERED, that, unless and until a Utility Provider makes an Adequate Assurance Request, any Utility Provider who was on the initial Utility Service List attached to this Interim Order as Exhibit 1 who did not make an Additional Assurance Request or any Utility Provider who was not on the initial Utility Service List attached to this Interim Order as Exhibit 1 and did not make an Additional Assurance Request after receipt of this Interim Order, is hereby deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to amend the Utility Service List attached hereto as Exhibit 1 in order to add or delete any Utility Provider, and this Interim Order shall apply as of the Petition Date to any such Utility Provider that is subsequently added to the Utility Service List; provided that, with respect to any Additional Utility Provider, the twenty (20) day period described in the above procedure shall commence as of the Debtors'

service of the Interim Order on such Additional Utility Provider. Any Additional Assurance Request by such Additional Utility Provider must otherwise comply with the requirements set forth in the Motion and this Interim Order or shall be deemed an invalid Additional Assurance Request; and it is further

ORDERED, that the deadline for any Utility Provider to object to entry of a Final Order shall be June 30, 2009 at 4:00 p.m. (ET) and that the final hearing on the Motion shall be held on July 7, 2009.

ORDERED, that nothing herein or in the Utility Service List constitutes a finding that any entity is or is not a Utility Provider hereunder or under Section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List; and it is further

ORDERED, that any payment or transfer made or service rendered by the Debtors pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to dispute such obligation or waiver of any other rights or remedies of the Debtors, or an approval or assumption of any agreement, contract or lease under Section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that Rule 6003(b) of the Federal Rules of Bankruptcy Procedure has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED, that notwithstanding the possible applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 18, 2009
      Wilmington, Delaware

                                                  Mary F. Walrath
                                                  United States Bankruptcy Judge