# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., et al.,[1] | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | Doc. Ref. No. 13 |

## ORDER GRANTING MOTION FOR AN ORDER (A) AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN (I) CRITICAL VENDORS, (II) ADMINISTRATIVE CLAIMHOLDERS, (III) CUSTOMS AGENTS AND SHIPPERS, (B) AUTHORIZING THE DEBTORS TO PAY FOR POSTPETITION DELIVERY OF OUTSTANDING ORDERS AND (C) GRANTING CERTAIN RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (the "**Interim Order**") authorizing the Debtors to pay prepetition claims of certain critical vendors, including customs agents and shippers, and administrative claimholders; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ordered that:

ORDERED, the Motion is granted on the terms and conditions set forth herein; and it is further

ORDERED, that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay the prepetition claims of Critical Vendors upon such terms and in the manner provided in this Interim Order; and it is further

ORDERED, that the Debtors' payment of prepetition claims owed to Critical Vendors on account of Critical Vendor Claims shall not exceed, in the aggregate, $2,400,000 (the "**Critical Vendor Cap**") during the interim period from the date of this Order until the date that a Final Order is entered in this matter, unless otherwise ordered by the Court;

ORDERED, that the Debtors shall be entitled, in their sole discretion, to pay (A) each Critical Vendor, except as otherwise set forth in subsection (B) below, up to $250,000 on account of Critical Vendor Claims (the "**Individual Critical Vendor Cap**"); provided, however, that such payments, in the aggregate, shall not exceed the Critical Vendor Cap; provided, further, that the Debtors shall be entitled to pay any Critical Vendor an amount above the Individual Critical Vendor Cap only if (a) the Debtors obtain the consent of ~~Anchorage Capital Group~~ a representative of the creditor group previously indicated and agreed to by the Debtors or (b) the consent of ~~Anchorage Capital Group~~ is not granted within 24 hours and the Debtors obtain a subsequent Court Order after notice and a hearing approving payment of the requested Critical Vendor Claim in excess of $250,000; and (B) ~~Midland Paper up to $150,000 on account of Critical Vendor Claims (the "Midland Vendor Cap"); provided, however, that the Debtors shall be entitled to pay~~ Midland Paper on account of Prepetition Critical Vendor Claims ~~above the Midland Vendor Cap~~ only if (a) the Debtors obtain the consent of ~~Anchorage Capital Group~~ or (b) the consent of ~~Anchorage Capital Group~~ is not granted within 24 hours and the Debtors obtain a subsequent Court Order after notice and a

hearing approving payment of the requested Midland Paper Vendor payment in excess of $150,000; and it is further

ORDERED, that (a) the Debtors are authorized, but not required, in the exercise of their business judgment, to pay claims of any creditors or claimants entitled to administrative priority pursuant to Section 503(b)(9) of the Bankruptcy Code (the "**Priority Vendor Claims**") in the ordinary course of the Debtors' businesses and on such terms and conditions as the Debtors deem appropriate, in an amount not to exceed, in the aggregate, $1,200,000 (the "**Priority Vendor Cap**"), and for each Priority Vendor up to $250,000 (the "**Individual Priority Vendor Cap**") during the interim period from the date of this Interim Order until the date that a Final Order is entered in this matter, unless otherwise ordered by the Court; provided, however, that the Debtors shall be entitled to pay any Priority Vendor above the Individual Priority Vendor Cap, only if (a) the Debtors obtain the consent of ~~Anchorage Capital Group~~ a Representative of the creditors group that has been previously indicated and agreed to by the Debtors or (b) the consent of ~~Anchorage Capital Group~~ is not granted within 24 hours and the Debtors obtain a subsequent Court Order after notice and a hearing approving payment of the requested Priority Vendor Claim payment in excess of $250,000; (b) nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant and (c) payment of any Priority Vendor Claims shall not count against the Critical Vendor Cap; and it is further

ORDERED, that (a) the Debtors are authorized, but not required, in the exercise of their business judgment, to pay claims of shippers, warehousemen, and other parties involved in the transport of Debtor's inventory and merchandise (collectively, the "**Shippers**") upon such terms and in the manner provided in this Interim Order; provided, however, that ~~to the extent~~ the Debtors shall be entitled to pay Expeditor's International's Shipping Claims ~~above $250,000~~ only if (a) the Debtors obtain the consent of ~~Anchorage Capital Group~~ or (b) the consent of ~~Anchorage Capital Group~~ is not granted within 24 hours and the Debtors obtain a subsequent

Court Order after notice and a hearing approving payment of Expeditor's International's Shipping Claims and (b) nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant; and it is further

ORDERED, that the Debtors' payment of prepetition claims owed to Shippers on account of Shipping Claims shall not exceed, in the aggregate, $2,000,000 during the interim period from the date of this Order until the date that a Final Order is entered in this matter, unless otherwise ordered by the Court; and it is further

ORDERED, that (a) the Debtors are authorized to pay priority claims related to U.S. Customs duties imposed on shipments from foreign suppliers (the "**Priority Customs Claims**) in the ordinary course of the Debtors' businesses and on such terms and conditions as the Debtors deem appropriate, in an amount not to exceed, in the aggregate, $2,500,000 during the interim period from the date of this Interim Order until the date that a Final Order is entered in this matter, unless otherwise ordered by the Court and (b) nothing in this paragraph shall be construed as requiring the Debtors to make a payment on account of the Priority Customs Claims; and it is further

ORDERED, that the Debtors are authorized, but not directed, to add a legend substantially in the following form to checks used to pay any Claims of Priority Vendors and Shippers (as defined in the Motion):

> By accepting this check, the payee agrees (a) to provide the payor and its affiliates with normalized trade credit and provide other business terms on a postpetition basis (consistent with past practices), including with respect to any applicable credit limits, pricing and the provision of equivalent levels of service, on terms at least as favorable as those extended to the payor and its affiliates prior to the commencement of payor's chapter 11 case, or as are otherwise acceptable to the payor, for the duration of the payor's chapter 11 case, identified as Case No. 09-12099 (MFW), pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and (b) upon request, to release to payor any property of payor in payee's possession. Payee hereby

submits to the jurisdiction of the Bankruptcy Court for the enforcement of this agreement.

ORDERED, that the Debtors are authorized, but not directed, to request that Critical Vendor or Shippers enter into an agreement with the Debtors substantially similar to that attached as Exhibit C to the Motion, including, the following terms:

(a) The amount of such Critical Vendor or Shipper's prepetition trade claims to be paid by the Debtors, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor or Shipper and the Debtors (but such amount shall be used only for purposes of the Order and shall not be deemed a claim allowed by the Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of the Court);

(b) The Critical Vendor or Shipper's agreement to be bound by the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs), which were favorable to the Debtors and in effect between such Critical Vendor or Shipper and the Debtors on a historical basis for the period within 120 days of the Petition Date, or such other trade terms as are mutually agreed to by the Debtors and such Critical Vendor or Shipper.

(c) The Critical Vendor or Shipper's agreement to provide goods and/or services to the Debtors based upon Customary Trade Terms, and the Debtors' agreement to pay in accordance with such terms;

(d) The Critical Vendor or Shipper's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "**Lien**") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor or Shipper by the Debtors arising from goods or services provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor or Shipper has previously obtained such a Lien, the Critical Vendor or Shipper shall immediately take all necessary actions to release such Lien;

(e) The Critical Vendor or Shipper's acknowledgment that it has reviewed the terms and provisions of the Order and consents to be bound thereby;

(f) The Critical Vendor or Shipper's agreement that it will not separately assert or otherwise seek payment for reclamation claims or other Claims outside of the terms of the Interim or Final Order granting this Motion unless the Critical Vendor or Shipper's participation in the Trade Payment Plan authorized by the Interim or Final Order granting this Motion is terminated; <u>provided</u> that such claims, if thereafter raised by the Critical Vendor or Shipper as permitted by the Interim or Final Order granting this Motion, shall be treated as though raised on the date of the Interim or Final Order granting this Motion; and

(g) If either the Trade Payment Plan or the Critical Vendor or Shipper's participation therein terminates, or a Critical Vendor or Shipper who has received payment of a Claim later refuses to continue to supply goods or services to the Debtors on Customary Trade Terms, subject to defenses, any payments received by the Critical Vendor or Shipper on account of such Critical Vendor or Shipper's prepetition claim will be deemed to have been in payment of then outstanding postpetition obligations owed to such Critical Vendor or Shipper and that such Critical Critical Vendor or Shipper shall immediately repay to the Debtors any payments made to it on account of its Claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

ORDERED, that if a Critical Vendor or Shipper refuses to supply goods to the Debtors on Customary Trade Terms or such other trade terms as are mutually agreed to by the Debtors, following payment of its Claim, or fails to comply with any Trade Agreement it entered into with the Debtors, the Debtors are authorized to, in their discretion and without further order of the Court, (i) declare that any Trade Agreement between the Debtors and such Critical Vendor or Shipper is terminated (if applicable), and (ii) declare that any payments made to such Critical Vendor or Shipper on account of its Claim, whether pursuant to a Trade Agreement or otherwise, be deemed to have been in payment of then-outstanding postpetition claims of such Critical Vendor or Shipper without further order of the Court.

ORDERED, that nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims, Priority Vendor Claims or Shipping and Priority Customs Claims pursuant to this Order; and it is further

ORDERED, that the vendors with Outstanding Orders with the Debtors as of the Petition Date shall have administrative expense claims with priority under Section 503(b) of the Bankruptcy Code for the undisputed obligations arising from such Outstanding Orders relating to shipments of Goods received and accepted by the Debtors after the Petition Date; and it is further

ORDERED, that the Debtors shall be, and each of the Debtors hereby is, authorized, but not directed, to pay its undisputed obligations arising from the postpetition shipment or delivery of Imported Goods by the vendors pursuant to the Outstanding Orders and acceptance of such Goods by the Debtors, pursuant to their customary practice in the ordinary course prior to the commencement of these Chapter 11 Cases; and it is further

ORDERED, that all banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the Critical Vendor Claims, Priority Vendor Claims or Shipping and Priority Customs Claims approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment; provided, however, that sufficient funds are available in the Debtors' bank accounts to cover such payments; provided, further, that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed

on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, that Rule 6003(b) of the Federal Rules of Bankruptcy Procedure has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED, that the deadline for objections to entry of a Final Order shall be June 30, 2009 at 4:00 p.m. (ET) and that the final hearing on the Motion shall be held on July 7, 2009 at 9:30 a.m.(ET); and it is further

ORDERED, that notwithstanding the possible applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 18, 2009
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge