# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., *et al.*,[1] | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | **Doc. Ref. No. 12** |

**ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION: (I) WAGES, SALARIES, AND OTHER COMPENSATION; (II) EMPLOYEE, MEDICAL AND SIMILAR BENEFITS; (III) REIMBURSABLE EMPLOYEE EXPENSES; (IV) OTHER MISCELLANEOUS EMPLOYEE EXPENSES AND BENEFITS; AND (V) INDEPENDENT CONTRACTOR FEES AND EXPENSES, AND (B) DIRECTING BANKS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order (A) authorizing, but not directing, the debtors to pay certain prepetition: (i) wages, salaries, and other compensation; (ii) employee, medical and similar benefits; (iii) reimbursable employee expenses; (iv) other miscellaneous employee expenses and benefits and (v) independent contractor fees and expenses; and (b) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, but not directed, (a) to continue to honor, pay and modify the Employee Obligations, Employee Benefits and Independent Contractor Obligations in accordance with the Debtors' stated policies and prepetition practices, and in the ordinary course of the Debtors' businesses, including, but not limited to wages, salaries, bonuses and other compensation and other Unpaid Compensation (including the Ordinary Course Contractor Fees and First Ascent/Design Contractor Fees), Payroll Taxes, Reimbursable Expenses, Reimbursable Contractor Expenses, Incentive Plans, Severance Plans and Severance Benefits (including COBRA Severance Benefits), Deductions, Withheld Amounts, Employee Benefits (including Health Benefits, Savings and Retirement Plans, Employee Insurance Benefits, the U.S. Compensation Claims and the Miscellaneous Employee Programs) and any other policy or program described in the Motion; and (b) pay any claims arising thereunder without regard to whether such claims or obligations arose before or after the Petition Date and without further order of this Court; provided, however, that notwithstanding anything in this Order to the contrary, any payment on account of the foregoing claims shall be subject to the limitations set forth in Sections 507(a)(4) and 507(a)(5); provided, further, that Incentive Plans and Severance Plans payable to managers, directors and officers or other persons subject to Section 503(c)(2) shall not be paid until after notice and a hearing on July 7, 2009 at 9:30 a.m. ET; and it is further

ORDERED, that notwithstanding any other provision of this Order, this Order does not authorize any payments that may be subject to 11 U.S.C. Section 503(c); and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay (i) Unpaid Compensation in the approximate amount of $2,900,000, (ii) Ordinary Course Contractor Fees and First Ascent/Design Contractor Fees in the approximate amount of $132,000, (iii) Reimbursable Employee and Executive Expenses in the approximate amount of $100,000 and (iv) Reimbursable Contract Expenses in the approximate amount of $10,000.

ORDERED, that the Debtors are authorized, but not directed, on an interim basis (a) to continue to honor, pay and modify Vacation and other Paid Time Off (including Vacation Benefits and Vacation Days as provided in the Motion) until the earlier of (i) such time as an auction is conducted for the sale of substantially all of the Debtors' assets is entered and (ii) September 1, 2009 (the "Interim Period"); and (b) pay any claims arising thereunder without regard to whether such claims arose before or after the Petition Date, except that no Employee shall receive a cash payment for Vacation Benefits and Vacation Days (net of Unpaid Compensation) in excess of the limits set forth in Section 507(a)(4), without further notice to or order of this Court; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue the Employee Obligations, Employee Benefits and Independent Contractor Obligations on a postpetition basis and to alter, modify or discontinue such programs and policies as they deem necessary or appropriate in the ordinary course of business, without further notice to or order of this Court; provided, however, that the Debtors must seek further Court order to modify an Incentive Plan that affects persons subject to Section 503(c)(3); and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to allocate and distribute the Payroll Taxes in accordance with the Debtors' stated policies and prepetition practices or as required by applicable federal, state and local law, without regard to whether such amounts arose before or after the Petition Date; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay all processing fees, costs and expenses associated with the payment and administration of the Employee Obligations, Employee Benefits and Independent Contractor Obligations, including payment to third-party administrators, without regard to whether such amounts arose before or after the Petition Date; and it is further

ORDERED, that to the extent that checks are issued to Employees or Independent Contractors or other entities in connection with the Employee Obligations, Employee Benefits and Independent Contractor Obligations, the banks upon which any checks are drawn in payment thereof, either before, on or after the date on which the Debtors filed these Chapter 11 Cases be, and hereby are, authorized to honor such checks upon presentation; and it is further

ORDERED, that all applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors under this Order, whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized and directed to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED, that, subject to the provisions set forth herein, the Debtors are authorized to reissue any check, electronic payment or other transfer that was drawn in payment of any claims arising from or related to the Employee Obligations, Employee Benefits and Independent Contractor Obligations that is not cleared by a depository; and it is further

ORDERED, that any payment or transfer made or service rendered by the Debtors pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to dispute such obligation or an approval or assumption of any agreement, contract or lease under Section 365 of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding anything in this Order to the contrary, the payment of any claims pursuant to this Order and other honoring of the Employee Obligations, Employee Benefits and Independent Contractor Obligations shall neither (a) make such obligations administrative expenses of the estates entitled to priority status under sections 503 and 507 of the Bankruptcy Code nor (b) constitute approval by this Court of any employee plan or program, including section 503(c); and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that the Debtors reserve the right to seek final approval of Vacation Benefits and Vacation Days for the period beyond the Interim Period at any time upon further notice and a hearing; and it is further

ORDERED, that Rule 6003(b) of the Federal Rules of Bankruptcy Procedure has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(h) of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 18, 2009
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge