IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDDIE BAUER HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12099 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: July 7, 2009 at 9:30 a.m. (ET)<br>Objection Deadline: June 30, 2009 at 4:00 p.m. (ET) |

## MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for entry of an order authorizing the Debtors to retain, employ and compensate certain professionals used in the ordinary course of business.[2] In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] A copy of the proposed order (the "**Order**") is attached hereto as Exhibit A.

2. The statutory bases for the relief requested herein are Sections 105(a), 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**").

## BACKGROUND

3. On June 17, 2009 (the "**Petition Date**"), Eddie Bauer Holdings, Inc. and each of its Debtor affiliates filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors intend to continue in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Debtors have requested that these Chapter 11 Cases be consolidated for procedural purposes. As of the date hereof, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

4. Subsequent to the commencement of these Chapter 11 Cases, the Debtors' two Canadian affiliates – Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc. (the "**Canadian Debtor Affiliates**") – will seek recognition of the Debtors' Chapter 11 Cases in a Canadian Court as "foreign proceedings" pursuant to Section 18.6 of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended. In addition to staying proceedings against the Canadian Debtor Affiliates in Canada, such recognition by the Canadian Court will allow certain orders of this Court to be in full force and effect in the same manner and in all respects as if they had been made by the Canadian Court. Due to the integrated management of the Canadian Debtor Affiliates with the Debtors' U.S. operations, as well as the role that the Canadian Debtor Affiliates play in the Debtors' overall prepetition debt structure, these Chapter 11 Cases will function as the main proceedings with respect to the Canadian Debtor Affiliates.

5. As further detailed in the Declaration of Marvin Edward Toland of Eddie Bauer Holdings, Inc., in Support of First Day Motions [Docket No. 2] (the "**First Day Declaration**"), the Debtors and the Canadian Debtor Affiliates[3] are a publicly traded general merchandise and specialty retailer that offers men's and women's outerwear, apparel, accessories and gear for an active outdoor lifestyle through catalogs, e-commerce sites and over 370 retail and outlet stores. The Debtors have 556 full-time, part-time, and temporary employees in their corporate headquarters, and 7,144 full-time, part-time, and temporary retail and distribution employees. The Canadian Affiliates have over 950 full-time, part-time, and temporary employees working in management, retail and customer service.

## THE PROPOSED 363 SALE

6. Due to (i) Debtors' and Debtors' lenders inability to agree upon the terms of a consensual restructuring, (ii) the Debtors' need to reduce debt load and interest expenses, and (iii) the Debtors' mounting concerns regarding the potential deterioration of their businesses – and accompanying degradation in value – stemming from rumors in the marketplace about the Debtors' liquidity and viability, the Debtors have determined that the value of their estates would be best maximized and preserved through a sale process (the "**Sale**"). Therefore, the Debtors have negotiated a going-concern Sale of their businesses and assets (the "**Assets**") to Rainier Holdings LLC as the stalking horse bidder (the "**Stalking Horse Bidder**") pursuant to an asset purchase agreement and commenced these Chapter 11 Cases to implement the Sale pursuant to Section 363 of the Bankruptcy Code, subject to a competitive Sale process and the solicitation of higher and/or otherwise better offers. The Debtors believe that unless the Sale is expeditiously

---

[3] The Debtors also have a non-debtor affiliate located in Hong Kong named Pacific NW Sourcing Co. This affiliate was created in 2008 to act as a purchasing agent in Asia. However, it is not currently fully operational, has no assets and has few, nominal liabilities.

consummated, whether to the proposed Stalking Horse Bidder or to a purchaser submitting a higher or otherwise better offer, there will be significant value deterioration. Consequently, the Debtors have determined that it is in the best interest of their estates, creditors and other parties-in-interest to move forward with the Sale process.

7. The events leading up to the Petition Date and the Sale are more fully set forth in the First Day Declaration.

### RELIEF REQUESTED

8. The Debtors customarily retain the services of various attorneys, accountants, consultants and other professionals in the ordinary course of their business operations (each an "**Ordinary Course Professional**" or "**OCP**" and, collectively, the "**OCPs**"). The OCPs provide services to the Debtors in a variety of discrete matters unrelated to these Chapter 11 Cases, including, but not limited to, general corporate, accounting, auditing, tax and litigation matters. Lists of the Debtors' current OCPs are attached hereto as Exhibit B and Exhibit C (the "**OCP Lists**").

9. The Debtors seek permission to continue to employ the OCPs postpetition without each OCP having to file a formal application for employment and compensation pursuant to Sections 327 through 331 of the Bankruptcy Code. Due to the number and geographic diversity of the OCPs regularly retained by the Debtors, it would be unwieldy and burdensome both to the Debtors and to this Court to request that each OCP apply separately for approval of its employment and compensation. Additionally, the Debtors do not believe that Section 327 of the Bankruptcy Code requires court approval for retention and employment of the OCPs. Out of an abundance of caution, however, the Debtors request the relief sought herein.

10. The Debtors request that they be permitted to employ and retain the OCPs, effective as of the Petition Date, on terms substantially similar to those in effect prior to the Petition Date, but subject to the terms described below. The Debtors represent that (a) they desire to employ the OCPs as necessary for the day-to-day operations of the Debtors' businesses; (b) the expenses for the OCPs will be kept to a minimum and (c) the OCPs will not perform substantial services relating to bankruptcy matters without permission of this Court.

11. Although some of the OCPs may have an unsecured claim against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors or other parties in interest. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

### Compensation Procedures

12. The Debtors propose the following procedures for the retention and compensation of the OCPs (the "**OCP Procedures**")[4]:

   (a) The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors after submission to the Debtors of an Affidavit of Disinterestedness (as defined herein), and upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, <u>provided</u> that such fees, excluding costs and disbursements, do not exceed $750,000 per month in the aggregate while these Chapter 11 Cases are pending <u>and</u> that such costs and disbursements shall be subject to any caps pursuant to prepetition agreements between the Debtors and the OCPs. In addition, for professionals listed on <u>Exhibit B</u>, the Debtors propose that each firm of professionals be limited to monthly fees and expenses of $50,000. For professionals listed on <u>Exhibit C</u>, the Debtors propose that each firm of professionals be limited to monthly fees and expenses of $75,000.

   (b) Any payments made in excess of the fee cap set forth in clause (a) above to any OCP shall be subject to prior approval of the Court in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure,

---

[4] The OCP Procedures will not apply to attorneys or other professionals retained or to be retained by the Debtors pursuant to separate orders of this Court.

the Local Rules of the Bankruptcy Court for the District of Delaware, the Fee Guidelines promulgated by the Executive Office of the United States Trustee and any applicable orders of the Court.

(c) Commencing on September 15, 2009, and on each March 15th, June 15th, September 15th and December 15th (or, in each case, on the next business day if such day is a weekend or holiday) of every year thereafter in which these Chapter 11 Cases are pending, the Debtors shall file with the Court and serve on (i) the United States Trustee; (ii) counsel for any official committees appointed in these Chapter 11 Cases (collectively, the "**Committees**"); (iii) counsel to the administrative agent for Debtors' prepetition secured lenders; (iv) counsel to the administrative agent for Debtors' proposed post-petition secured lenders and (v) counsel to the prepetition noteholders committee, a statement with respect to the immediately preceding three-month period (each, a "**Quarter**"). Such statement shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCP during the reported Quarter and (c) a general description of the services rendered by each OCP.

(d) Each OCP shall file with the Court and serve upon (i) Eddie Bauer, Inc., 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004, Attn: Freya Brier, Esq.; (ii) counsel for the Debtors, Latham & Watkins LLP, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606, Attn: David Heller and Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, California 90071-1560, Attn: Heather Fowler and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Michael R. Nestor; (iii) attorneys for any Committee appointed by the Office of the United States Trustee; (iv) The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: David Buchbinder; (v) counsel for the agent for the prepetition term loan facility, Paul Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, New York, NY 10022, Attn: Mario Ippolito and (vi) counsel for the prepetition term lenders steering committee, Kasowitz Benson Torres & Friedman LLP, 1633 Broadway, New York, NY 10019, Attn: David S. Rosner (collectively, the "**Notice Parties**") an affidavit of disinterestedness (the "**Affidavit of Disinterestedness**") similar to the form attached to the Motion as Exhibit D, at least fourteen (14) calendar days prior to submitting an invoice to the Debtors.

(e) The Notice Parties shall have ten (10) calendar days after the receipt of each OCP's Affidavit of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file such objection with the Court and serve any such objections upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) calendar days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date

or other date otherwise agreeable to the parties thereto.[5] If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized as a final matter to retain and pay such OCPs.

(f) The Debtors reserve the right to supplement the lists of OCPs, in their sole discretion, from time to time as necessary to add or remove OCPs without the need for any further hearing and without the need to file individual retention applications for each. In such event, the Debtors propose to file a supplemental list with this Court and serve it on the Notice Parties.

## BASIS FOR RELIEF

13. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of their estates, creditors and other parties in interest. While some OCPs may wish to continue to represent the Debtors on an ongoing basis, others may be unwilling to do so if the Debtors cannot pay them on a regular basis, or, given the relatively small fees that may be involved, if they are required to comply with the requirements for retention under Section 327(a) of the Bankruptcy Code. If the background knowledge, expertise and familiarity that the OCPs have with the Debtors and their operations are lost, the Debtors will undoubtedly incur additional and unnecessary expenses in getting replacement professionals "up to speed." The Debtors rely on the assistance of OCPs for essential business functions and would be unable to operate without the OCPs' services. The Debtors' estates and their creditors are best served by avoiding any disruption in the professional services required in the day-to-day operation of their businesses.

14. In determining whether an entity is a "professional" whose retention must be approved by a court as required by Section 327 of the Bankruptcy Code, courts generally consider the following factors:

---

[5] In the event a timely objection is filed against one or more of the OCPs, only those OCPs whose retention was objected to shall be scheduled for hearing.

(a) whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b) whether the entity is involved in negotiating the terms of a plan of reorganization;

(c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e) the extent of the entity's involvement in the administration of the debtor's estate; and

(f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

See, e.g., In re Am. Tissue, Inc., 331 B.R. 169, 173 (Bankr. D. Del. 2005); In re First Merchants Acceptance Corp., 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of Section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate").[6]

15. These factors must be considered in the totality – none of the factors alone is dispositive. See First Merchants Acceptance Corp., 1997 WL 873551, at *3. Considering all of the factors, the Debtors believe the OCPs are not "professionals" within the meaning of Section 327 of the Bankruptcy Code whose retention must be approved by the Court. In particular, the OCPs will not be involved in the administration of these Chapter 11 Cases, but rather will provide services, which were commenced prior to these Chapter 11 Cases, in connection with the

---

[6] See also Elstead v. Nolden, 168 B.R. 226, 230 Bankr (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under Section 327); In re Madison Mgmt. Group, Inc., 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); In re Sieling Assocs. L P., 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); In re Riker Indus., Inc., 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (no

10

DB02:8313472.1    068417.1001

Debtors' ongoing business operations and services ordinarily provided by in-house counsel or other non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and payment of the OCPs during these Chapter 11 Cases. The Debtors will seek specific Court authority under Section 327 of the Bankruptcy Code to retain any professionals involved in the actual administration of these Chapter 11 Cases.

16. This Court and others have routinely granted the same or similar relief to chapter 11 debtors in other large chapter 11 cases. See, e.g., In re eToys Direct 1, LLC, Case No. 08-13412 (BLS) (Bankr. D. Del. Feb. 2, 2009); In re Pierre Foods, Inc., Case No. 08-11480 (KG) (Bankr. D. Del. Aug. 14, 2008); In re Western Nonwovens, Inc., Case No. 08-11435 (PJW) (Bankr. D. Del. Aug. 4, 2008); In re Global Motorsport Group, Inc., Case No. 08-10192 (KJC) (Bankr. D. Del. Feb. 29, 2008); In re Aegis Mortgage Corp., Case No. 07-11119 (BLS) (Bankr. D. Del. Aug. 13, 2007).

17. The Debtors and their estates would be well served by the continued retention of the OCPs because of their prior relationships with the Debtors and their understanding of the Debtors and their operations. It is in the best interest of all creditors and parties in interest to avoid any disruption in the OCPs' services.

## NOTICE

18. No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors have provided notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) counsel to administrative agent under the prepetition term loan facility; (c) counsel to the steering committee for the prepetition term lenders;

---

need for Section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case").

(d) counsel to agent under the prepetition revolving credit facility; (e) counsel for the indenture trustee for the $75 million 5.25% convertible senior notes due 2014; (f) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the chapter 11 petitions; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

19. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available on the website of the Debtors' proposed claims, noticing, soliciting and balloting agent, Kurtzman Carson Consultants, at www.kccllc.net/eddiebauer or can be requested by calling (866) 967-1781.

## NO PRIOR REQUEST

20. No prior motion for the relief requested herein has been made to this or any other court.

12
DB02:8313472.1                                                                                    068417.1001

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as the Court deems appropriate.

Dated: June 18, 2009
Wilmington, Delaware

Respectfully Submitted,

*/s/ K. McGee*

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

David S. Heller
Josef S. Athanas
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

-and-

Heather L. Fowler
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

PROPOSED ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION