IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDDIE BAUER HOLDINGS, INC., et al., | ) ) | Case No. 09-12099 (MFW) |
| | ) | Sale Hearing: June 29, 2009 at 11:30 a.m. (ET) |
| | ) | Objections Due: June 26, 2009 at 12:00 p.m.(ET) |
| Debtors. | ) ) | [Docket No. 24] (the "Motion") |
| | ) ) | |

## OBJECTION TO SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

Dated: June 26, 2009

OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
ANN MILLER RAVEL, County Counsel (Cal. Bar No. 62139)
NEYSA A. FLIGOR, Deputy County Counsel (Cal Bar No. 215876)
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Counsel to Creditor County of Santa Clara Tax Collector

# I.

## INTRODUCTION AND STATEMENT OF FACTS

Debtor, EDDIE BAUER HOLDINGS, INC., ("Debtor"), filed a Chapter 11 Bankruptcy Petition on or about June 17, 2009. As of January 1, 2009, Debtor owed the County of Santa Clara Tax Collector (the "County") $3,417.83, for which the County will file a Priority Proof of Claim ("County Claim") under Bankruptcy Code § 507. (See attached Declaration of Deborah Nichols ("Nichols Dec.").) The consideration for this debt is personal property tax.

The County objects to the Debtor's request to sell assets free and clear of liens, claims, encumbrances and interests.

# II.

## MEMORANDUM OF POINTS AND AUTHORITIES

The California Revenue & Taxation Code § 2192 states: "Except as otherwise specifically provided, all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied." Based on Section 2192, the County has a lien on the assets that are proposed for sale and objects to the sale of these assets free and clear of liens, claims, encumbrances and other interests. Therefore, the County objects to the Debtor's request to sell assets free and clear of liens, claims, encumbrances and interests and asks that the County's tax liens attach to the proceeds of the sale in the event that it is not satisfied in full as a condition of the sale.

/ / /

On or about June 18, 2009, Debtor filed a Motion seeking authorization to pay all taxes, in the Debtor's sole discretion, including taxes owed to the County. The County, however, objects to the Debtor's request to the extent it allows the Debtor to sell its assets free and clear without satisfying the debt owed to the County by attaching it to the proceeds of the sale in the event that it is not satisfied in full as a condition of the sale.

## III.

## CONCLUSION

Based on the foregoing, the County respectfully requests that the court either deny the Debtor's motion to sell assets free and clear of liens, claims, encumbrances and other interests or, in the alternative, order that sufficient proceeds be set aside to satisfy the County Claim.

Dated: June 26, 2009

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: /S/ Neysa A. Fligor
NEYSA A. FLIGOR
Deputy County Counsel

Counsel to Creditor County of
Santa Clara Tax Collector