## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| EDDIE BAUER HOLDINGS, INC., | : | Case No. 09-12099 (MFW) |
| *et al.*,[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | **Hearing Date: July 7, 2009 at 9:30 a.m. ET** |
|  | : | **Objection Deadline: June 30, 2009 at 4:00 p.m. ET** |
|  | : | **Related to Docket Nos. 14 and 64** |
|  | : |  |

## LIMITED OBJECTION OF THE PRIME RETAIL LANDLORDS AND STEAMTOWN MALL PARTNERS, L.P. TO EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363 AND 364; (II) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (III) GRANTING LIENS AND SUPERPRIORITY CLAIMS; (IV) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; AND (V) SCHEDULING FINAL HEARING ON THE DEBTORS' MOTION TO INCUR SUCH FINANCING ON A PERMANENT <u>BASIS PURSUANT TO BANKRUPTCY RULE 4001</u>

Birch Run Outlets II, LLC; Gulf Coast Factory Shops Limited Partnership, Gaffney

Outlets LLC, Grove City Factory Shops Limited Partnership, Outlet Village of Hagerstown

Limited Partnership, Second Horizon Group Limited Partnership, Huntley Factory Shops

Limited Partnership, The Prime Outlets at Lebanon Limited Partnership, Lee Outlets LLC,

Williamsburg Outlets, L.L.C., Minot Dakota Mall, LLC; Orlando Outlet Owner, LLC, Prime

Outlets at Pleasant Prairie, LLC, Ohio Factory Shops Limited Partnership, and Steamtown Mall

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address of for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

Partners, L.P. (the "Objecting Landlords"), by and through their counsel, Menter, Rudin & Trivelpiece, P.C. and Ballard Spahr Andrews & Ingersoll, LLP, respectfully submit this Limited Objection to the relief requested by the above-referenced motion (the "Motion") and state as follows:

**BACKGROUND**

1.      On June 17, 2009 (the "Petition Date"), the above-referenced debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Objecting Landlords are parties to leases of nonresidential real property with the certain of the Debtors (the "Leases") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| Birch Run Outlets II, LLC | Prime Outlets at Birch Run | Birch Run, MI |
| Gulf Coast Factory Shops Limited Partnership | Prime Outlets at Ellenton | Ellenton, FL |
| Gaffney Outlets LLC | Prime Outlets at Gaffney | Gaffney, SC |
| Grove City Factory Shops Limited Partnership | Prime Outlets at Grove City | Springfield, PA |
| Outlet Village of Hagerstown Limited Partnership | Maryland Factory Shops | Hagerstown, MD |
| The Prime Outlets at Lebanon Limited Partnership | The Prime Outlets at Lebanon | Lebanon, TN |
| Lee Outlets LLC | Prime Outlets at Lee | Lee, MA |
| Williamsburg Outlets L.L.C. | Prime Outlets at Williamsburg | Williamsburg, VA |
| Minot Dakota Mall, LLC | Dakota Square Mall | Minot, ND |
| Orlando Outlet Owner, LLC | Prime Outlets at Orlando | Orlando, FL |
| Prime Outlets at Pleasant Prairie, LLC | Prime Outlets at Pleasant Prairie | Pleasant Prairie, WI |
| Ohio Factory Shops Limited Partnership | Prime Outlets at Jeffersonville | West Lancaster, OH |
| Steamtown Mall Partners, L.P. | The Mall at Steamtown | Scranton, PA |

(collectively the "Premises").

4.      The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d

Cir. 1990).

5.      On June 17, 2009, the Debtors filed the Motion.  The Motion seeks authorization for the Debtors to (1) obtain post-petition financing, (2) use cash collateral, (3) grant liens and superpriority liens to the "DIP Lenders" as defined in the DIP Credit Agreement (the "Agreement") annexed to the Motion, with Bank of America, N.A. serving as agent (the "Agent"), and (4) grant adequate protection to the pre-petition lenders.

6.      On June 18, 2009, this Court entered an Interim Order granting the Motion and scheduling a final hearing on the Motion for July 7, 2009.

7.      The Motion is objectionable because it may impermissibly provide the Agent and the DIP Lenders with rights of occupancy of the Premises upon a default by the Debtors.

## LIMITED OBJECTION

8.      The Agreement provides:

> Without limitation to the foregoing but subject to the DIP Orders and any applicable notice requirements set forth in Section 11.2(a), if an Event of Default occurs and has not been waived in writing by the Required Lenders: (i) the Agent shall have the benefit of the Agent and the Lenders, in addition to all other rights of the Agent and the Lenders, the rights and remedies of a secured party under the UCC and other applicable laws; (ii) the Agent may, at any time, take possession of the Collateral and keep it on the Loan Parties' Premises, at no cost to the Agent or any Lender, or remove any part of it to such other place or places as the Agent may desire, or the Loan Parties shall, upon the Agent's demand, at Loan Parties' cost, assemble the Collateral and make it available to the Agent at a place reasonably convenient to the Agent; (iii) the Agent may sell and deliver any Collateral at public or private sales, for cash, upon credit or otherwise, at such prices and upon such terms as the Agent deems advisable, in its sole discretion, and may, if the Agent deems it reasonable, postpone or adjourn any sale of the Collateral by an announcement at the time and place of sale or of such postponed or adjourned sale without giving a new notice of sale; and (iv) at the Agent's request, the Loan Parties will engage a liquidator to conduct a "going out of business" or similar sale on terms and conditions satisfactory to the Agent. . .

*Agreement*, Article 11.2(b).

9.      It is unclear what, if any, rights the Debtors propose to grant the DIP Lenders with respect to occupancy of the Premises.

10.      The Debtors cite no authority, and the Objecting Landlords believe no authority exists, for this Court to grant the DIP Lenders, or the Agent, the right to enter and occupy the Premises. The Objecting Landlords and their tenants are parties to the Leases. The DIP Lenders, or the Agent, are not parties to the Leases. The DIP Lenders and the Agent should be required to file a motion with the Court on notice to the Objecting Landlords and obtain an Order of the Court or obtain the written consent of the Objecting Landlords should they desire to enter and occupy the Premises.

## Joinder

11.      The Objecting Landlords join in the objections filed by other landlords to the Motion to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE**, the Objecting Landlords respectfully request that any order granting the Motion be modified pursuant to the terms of this Limited Objection, or that the Motion be denied in its entirety, and that the Objecting Landlords be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 29, 2009          /s/ Leslie C. Heilman
Wilmington, Delaware          Leslie C. Heilman, Esquire (No. 4716)
                              BALLARD SPAHR ANDREWS & INGERSOLL, LLP
                              919 N. Market Street, 12th Floor
                              Wilmington, DE 19801
                              Telephone: (302) 252-4465
                              Facsimile: (302) 252-4466
                              E-mail: heilmanl@ballardspahr.com

                              -and-

**MENTER, RUDIN & TRIVELPIECE, PC**
Kevin M. Newman, Esq.
308 Maltbie Street, Suite 200
Syracuse, New York 13204
Telephone: (315) 474-7541
Facsimile: (315) 474-4040

*Attorneys for Steamtown Mall Partners, L.P.; Birch Run Outlets II, LLC; Gulf Coast Factory Shops Limited Partnership; Gaffney Outlets LLC; Grove City Factory Shops Limited Partnership; Outlet Village of Hagerstown Limited Partnership; Second Horizon Group Limited Partnership; Huntley Factory Shops Limited Partnership; The Prime Outlets at Lebanon Limited Partnership; Lee Outlets LLC; Williamsburg Outlets, L.L.C.; Minot Dakota Mall, LLC; Orlando Outlet Owner, LLC; Prime Outlets at Pleasant Prairie, LLC; Ohio Factory Shops Limited Partnership; and Steamtown Mall Partners, L.P.*