Elizabeth Banda
Eboney Cobb
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: (817) 461-3344
FAX: (817) 860-6509
Email: ecobb@pbfcm.com

ATTORNEY FOR ARLINGTON ISD, ET AL.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| Eddie Bauer., et al. | § | Case No. 09-12099-MFW |
| | § | |
| Debtors. | § | Jointly Administered |

**LIMITED OBJECTION TO ENTRY OF FINAL ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362, 363, AND 364, AND RULES 2002, 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (1) AUTHORIZING INCURRENCE BY THE DEBOTRS OF POST-PETITION SECURED INDEBTEDNESS WITH PRIORITY OVER CERTAIN SECURED INDEBTNESS AND WITH ADMINISTRATIVE SUPERPRIORITY, (2) GRANTING LIENS, (3) AUTHORIZING USE OF CASH COLLATERAL BY THE DEBTORSPURSUANT TO 11 U.S.C. SECTION 363 AND PROVIDING FOR ADEQUATE PROTECTION, (4) MODIFYING THE AUTOMATIC STAY AND (5) SCHEDULING A FINAL HEARING**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

NOW COME Arlington ISD, Carroll ISD, Burleson ISD, City of Highland Village, Grapevine-Colleyville ISD, City of Grapevine, City of Hurst, Woodlands Metro Center M.U.D., Woodlands R.U.D.#1, Harris County M.U.D.#230, Harris County M.U.D.#358, Harris County W. C. I. D.#155, Cinco M.U.D. #12, Fort Bend E.S.D. #2, Willow Fork Drainage District , Brazoria County Entities, Lubbock Central Appraisal District, Hidalgo County, Hidalgo County Drainage District # 1, and Potter County Tax Office  ("Arlington

ISD, et al.") and file this their LIMITED OBJECTION TO ENTRY OF FINAL ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362, 363, AND 364, AND RULES 2002, 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (1) AUTHORIZING INCURRENCE BY THE DEBOTRS OF POST-PETITION SECURED INDEBTEDNESS WITH PRIORITY OVER CERTAIN SECURED INDEBTNESS AND WITH ADMINISTRATIVE SUPERPRIORITY, (2) GRANTING LIENS, (3) AUTHORIZING USE OF CASH COLLATERAL BY THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 363 AND PROVIDING FOR ADEQUATE PROTECTION, (4) MODIFYING THE AUTOMATIC STAY AND (5) SCHEDULING A FINAL HEARING ( the Order) and state as follows:

1. Arlington ISD, et al. are political subdivisions of the State of Texas and, as such, are required by the constitution of the State of Texas to levy and assess ad valorem taxes on all business personal property located within their respective taxing jurisdictions as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to Debtors' business personal property located within Arlington ISD, et. al.'s taxing jurisdictions on January 1, 2009 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .

Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2. Arlington ISD, et al. hold claims for pre-petition ad valorem taxes against business

personal property of the Debtors. Their claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code.

3. Arlington ISD, et al. assert a limited objection to entry of a Final Order to the extent that any liens granted by the Final Order attempt to prime Arlington ISD, et al.'s pre-petition ad valorem tax liens. Arlington ISD, et al. assert their secured lien position would be compromised if their secured tax liens are not adequately protected. With certain limited exceptions which are not applicable in this case, Section 32.05(c) of the Texas Property Tax Code states that secured tax liens have prior liens in the property. As such, Arlington ISD, et al. assert their secured liens, as prime liens, must be adequately protected and the Final Order should be modified to reflect that Arlington ISD, et al.'s secured tax liens continue to attach to the collateral to secure the payment of said liens until all taxes, penalties, and interest that may ultimately accrue are paid in full pursuant to state law.

4. Arlington ISD, et al. further assert that any proceeds from any sale of business personal property that is encumbered by Arlington ISD, et al.'s ad valorem tax liens should be used to satisfy Arlington ISD, et al.'s secured tax liens prior to other junior secured lienholders. In order to adequately protect their secured tax liens, Arlington ISD, et al. request that either their liens be paid at the time of any sale (store closing) that pertains to any of the business personal property encumbered by their secured tax liens, or, in the alternative, a separate escrow or segregated account be created at closing from the proceeds of any such related sale in a sufficient amount to cover the pre-petition taxes owed to Arlington ISD, et al. with their secured tax liens attaching to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Arlington ISD, et al. request this Honorable Court to order that their pre-petition tax liens are not primed by junior secured lienholders, that their pre-petition taxes are to be paid at the time of store closing of any business personal property encumbered by their secured ad valorem tax liens or, in the alternative, that a separate escrow or segregated account be created from any sales proceeds related to such encumbered property for the pre-petition taxes as adequate protection for the tax liens, and for all further relief as is just and proper.

    Respectfully submitted,

    PERDUE, BRANDON, FIELDER,
    COLLINS & MOTT, L.L.P.
    Attorneys for Claimants

    /s/ Elizabeth Banda
    ELIZABETH BANDA
    SBN: 24012238
    EBONEY COBB
    SBN: 24048397
    P.O. Box 13430
    Arlington, Texas 76094-0430
    Phone: 817-461-3344
    Fax: 817-860-6509
    Email: ecobb@pbfcm.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above document was sent via regular U.S. first class mail and the Court's electronic case filing system to the following parties on this 30th day of June, 2009:

Robert A.J. Barry, Esq.
Julia Frost-Davies, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

David Heller, Esq.
Josef Athanas, Esq.
Latham & Watkins, LLP

233 S. Wacker Drive
Chicago, IL. 60606


Donald E. Rothman, Esq.
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108

Luc Despins, Esq.
Leslie A. Plaskon Esq.
Paul Hastings Janosky & Walker LLP
75 East 55th Street
New York, New York 10022

David S. Rosner, Esq.
Adam L. Shiff, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019

David Buchbinder, Esq.
Office of the United States Trustee
844 North King Street, Room 2207
Lockbox 35
Wilmington, DE 19801

Bradford J. Sandler
Benesch Friedlander Coplan & Aronoff
222 Delaware Avenue, Suite 801
Wilmington, DE 19801


                                  /s/ Eboney Cobb
                                  Eboney Cobb