## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., *et al.*,[1] | Case No. 09-12099 (MFW) |
|  | Jointly Administered |
| Debtors. | **Docket No. 24** |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363, 365, AND BANKRUPTCY RULES 2002, 6004, 6006 (A) ESTABLISHING BIDDING AND AUCTION PROCEDURES RELATED TO THE SALE OF ALL OF THE DEBTORS' ASSETS; (B) APPROVING BID PROTECTIONS FOR THE SALE OF ALL OF THE DEBTORS' ASSETS; (C) SCHEDULING AN AUCTION AND SALE HEARING FOR THE SALE OF ALL OF THE DEBTORS' ASSETS; (D) ESTABLISHING CERTAIN NOTICE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND LEASES TO BE ASSIGNED; AND (E) GRANTING CERTAIN RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order (the "**Bidding Procedures Order**") (A) establishing bidding and auction procedures (the "**Bidding Procedures**") in connection with the sale of substantially all of the Debtors assets (the "**Assets**") free and clear of all claims (as defined in section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever (collectively, the "**Interests**"), as more fully described and except to the extent identified in the Stalking Horse Asset Purchase Agreement or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

any other Successful Bidder's asset purchase agreement, as applicable; (B) approving the proposed bid protections, including, without limitation, the break-up fee (the "**Break-Up Fee**") to Rainier Holdings LLC (the "**Stalking Horse Bidder**") and expense reimbursement (the "**Expense Reimbursement**") in accordance with that certain Asset Purchase Agreement dated June 17, 2009, (the "**Stalking Horse Asset Purchase Agreement**") for the purchase of the Assets; (C) scheduling an auction (the "**Auction**") and sale hearing (the "**Sale Hearing**") for the Sale of the Assets; (D) establishing certain notice procedures for determining cure amounts for executory contracts and leases to be assigned (the "**Cure Amounts**") and for the Sale; and (E) granting certain related relief; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

### FOUND AND DETERMINED THAT:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, and 365[3] and Bankruptcy Rules 2002, 6004

---

[2]     Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion or in the Stalking Horse Asset Purchase Agreement, as applicable.

[3]     All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

and 6006. Venue for these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion, the proposed entry of the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, the Auction, and Bid Procedures Hearing has been provided as set forth in the Motion. The Debtors' notice of the Motion, the proposed entry of the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, the Auction, and Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Bidding Procedures Order is required.

C. The Debtors' proposed notices of (i) the proposed Sale of the Assets, (ii) the assumption and assignment of the Assumed Contracts, (iii) the Stalking Horse Asset Purchase Agreement, (iv) the proposed procedures for noticing and determining Cure Amounts for Executory Contracts and Leases to be Assigned, and (v) the Bidding Procedures, substantially in the form attached hereto as Exhibit 1, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

D. The Bidding Procedures and the Assumption and Assignment Procedures substantially in the form set forth in the Motion are fair, reasonable, and appropriate and are designed to maximize the value of the Debtors' estates.

E.     The Debtors have demonstrated a compelling and sound business justification for approving the payment of the Break-Up Fee and the Expense Reimbursement under the circumstances and timing set forth in the Motion and Stalking Horse Asset Purchase Agreement.

F.     The Debtors' granting of bid protections to the Stalking Horse Bidder is (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, (c) effectively compensates the Stalking Horse Bidder for granting of unsecured credit to the Debtors within the meaning of section 364(c)(1) in the form of uncompensated efforts and expenditure of human and monetary capital necessary to drive the entire auction process, capital which would not have been and will not be expended absent the granting of a super priority administrative expense claim, and (d) fair, reasonable and appropriate, in light of, among other things, (i) the size and nature of the proposed Sale of the Assets, (ii) the substantial efforts that have been expended by the Stalking Horse Bidder, and (iii) the benefits the Stalking Horse Bidder has provided to the Debtors' estates and creditors and all parties-in-interest herein.

G.     The Debtors have (i) articulated good and sufficient reasons to this Court to grant the relief requested in the Motion and the Stalking Horse Asset Purchase Agreement and (ii) demonstrated sound business justifications to support such relief.

H.     Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates and creditors, and all other parties-in-interest.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1.     The (i) Bidding Procedures, including references to the Stalking Horse Asset Purchase Agreement, and (ii) Assumption and Assignment Procedures are hereby APPROVED, and fully incorporated into this Bidding Procedures Order, and shall apply with respect to the proposed Sale of the Assets and assumption and assignment of contracts and unexpired leases contemplated by the Motion.  The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

2.     All objections to the relief requested in the Motion with respect to (i) the Bidding Procedures and (ii) the Assumption and Assignment Procedures that have not been withdrawn, waived or settled as announced at the Bid Procedures Hearing on the Motion, or resolved by stipulation signed by the Debtors and filed with this Court, are overruled on their merits.

**I.     AUCTION AND BIDDING PROCEDURES**

3.     The Debtors are authorized (i) to conduct an auction (the "**Auction**") with respect to all or some of the Assets.  The Auction, if any, shall be conducted at Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022-4834 (the "**Auction Site**") at 11:00 a.m. (prevailing Eastern time) on July 16, 2009 (the "**Auction Date**"), or at such other place and time or later date as the Debtors shall notify those bidders whose bids are deemed to be Qualified Bids and who expressed their intent to participate in the Auction as set forth in the Bidding Procedures.  The Debtors are authorized, subject to the terms of this Bidding Procedures Order, to take all actions necessary, in the discretion of the Debtors, to conduct and implement such Auction.

4.     Subject to the rights of parties in interest to challenge the Debtors' decisions with respect to the sale process, and to argue that such decisions are not governed by the "business

judgment" standard, the Debtors, in consultation with the DIP Lenders, the Pre-Petition Revolving Agent, and the Pre-Petition Term Agent, the Committee, and the Monitor, may, (i) select, in their business judgment, pursuant to the Bidding Procedures the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (ii) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Bidding Procedures, or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties-in-interest.

5.     The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

6.     The DIP Lenders, the Pre-Petition Revolving Lenders, and the Pre-Petition Term Lenders shall be permitted to credit bid at the Auction to the extent permitted by the Bidding Procedures. For the purposes of any credit bid submitted by the Pre-Petition Term Lenders, or their assignee or designee, pursuant to section 363(k) of the Bankruptcy Code, the Pre-Petition Term Lenders shall be deemed to hold an allowed secured claim in the amount of $200,607,947.43; provided, however, that the Committee shall retain all rights to challenge (i) the validity, extent, perfection, enforceability and priority of any mortgage, security interests and liens of the Pre-Petition Term Lenders or (ii) the validity, allowability, priority, status, enforceability or amount of the Pre-Petition Term Lenders' claim on terms and conditions as set forth in the Court's interim post-petition financing order entered on June 18, 2009 (the "**Interim Order**"), as such may be modified by any final postpetition financing order entered in these cases, authorizing inter alia the incurrence by the Debtors of post-petition secured indebtedness,

as such Interim Order may be modified in any final order. For the avoidance of doubt, the Pre-Petition Lenders shall not be permitted to credit bid their allowed secured claim against the assets of the Canadian Debtors or any other assets of the Debtors upon which the Pre-petition Term Lenders did not hold a valid and perfected first priority lien or security interest prior to the filing of these cases. Notwithstanding anything contained herein to the contrary, nothing in this Order or the relief granted herein shall constitute a waiver by the Committee, any form of estoppel or res judicata as to the rights of the Committee to challenge the extent, validity, priority or amount of the Prepetition Term Lenders' claims or to challenge their conduct.

7. The Stalking Horse Bidder, and each of the DIP Lenders, the Pre-Petition Revolving Lenders, and the Pre-Petition Term Lenders are deemed to be Qualified Bidders, and the Stalking Horse Bidder's bid for the Assets is deemed a Qualified Bid. In the event there are no other Qualifying Bids, the Debtors shall accept the Stalking Horse Bid .

## II. THE BIDDING PROTECTIONS

8. Pursuant to sections 105, 363, 364, 503, 506 and 507 of the Bankruptcy Code, the Debtors are hereby authorized to pay the Break-Up Fee and the Expense Reimbursement pursuant to the terms and conditions set forth in the Stalking Horse Asset Purchase Agreement and the Bidding Procedures.

9. The Break-Up Fee and the Expense Reimbursement are hereby approved and (i) shall be paid to the Stalking Horse Bidder as set forth in Sections 7.3 and 7.11 of the Stalking Horse Asset Purchase Agreement.

10.     The Break-Up Fee and the Expense Reimbursement shall be the sole remedy of the Stalking Horse Bidder if the Stalking Horse Asset Purchase Agreement is terminated under circumstances where the Break-Up Fee and the Expense Reimbursement are payable.

## III.     ADDITIONAL NOTICE PROVISIONS

11.     Within two (2) days after the entry of this Bidding Procedures Order (the "**Mailing Date**") or as soon thereafter as practicable, the Debtors (or their agents) shall serve the Motion, the Stalking Horse Asset Purchase Agreement, the Bidding Procedures and a copy of this Bidding Procedures Order by first-class mail, postage prepaid, on a compact disc, upon (i) all entities known to have expressed an interest in a transaction with respect to the Assets during the past two (2) months; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; (iii) counsel for the Committee; (iv) counsel for the postpetition lenders; (v) counsel for the Prepetition Secured Lenders; (vi) all federal, state, county and local and foreign regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (vii) the United States Attorney's office; (viii) the Internal Revenue Service; (ix) the Securities and Exchange Commission; (x) the Pension Benefit Guaranty Corporation; (xi) the Office of the United States Trustee; (xii) counsel for the indenture trustee for the $75 million 5.25% convertible senior notes due 2014; (xiii) each of the Debtors' landlords and each of the notice parties identified in the real property leases, to the extent possible; and (xiv) those parties who have filed the appropriate notice requesting notice of all pleadings filed in these cases.

12.     On the Mailing Date or as soon thereafter as practicable, the Debtors (or their agents) shall serve by first-class mail, postage prepaid, a sale notice (the "**Sale Notice**") upon all other known creditors of the Debtors.

13.     On the Mailing Date or as soon as practicable thereafter, the Debtors shall publish the Sale Notice once in *The Wall Street Journal*, and such publication notice shall be deemed proper notice to any other interested parties whose identities are unknown to the Debtors.

## IV.     ASSUMPTION AND ASSIGNMENT PROCEDURES

14.     The Assumption and Assignment Procedures are approved with respect to all parties other than non-debtor parties to unexpired real property leases.

15.     Within two (2) days after entry of this Bidding Procedures Order or as soon thereafter as practicable, the Debtors will file a notice of cure amount (the "**Cure Notice**"), substantially in the form attached to the Motion as Exhibit F, with this Court and serve the Cure Notice on all non-debtor parties to any executory contracts and leases (other than unexpired real property leases) (the "**Contract Notice Parties**") that may be assumed by the Debtors and assigned to the Successful Bidder; *provided, however*, that the presence of a contract, lease or agreement listed on Exhibit F does not constitute an admission that such contract or agreement is an executory contract. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts, leases and agreements listed on Exhibit 1 to the Cure Notice.

16.     The Cure Notice shall state the cure amounts that the Debtors believe are necessary to assume such executory contracts or leases pursuant to section 365 of the Bankruptcy Code (the "**Cure Amount**") and notify the non-debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Assets to be identified at the conclusion of the Auction. The Cure Notice shall set a deadline by which the non-debtor party shall file an objection to the Cure Amount and the possible assumption and assignment. The Cure Notice

shall also provide that any such objections will be heard at the Sale Hearing or at a later hearing, as determined by the Debtors.

17. All objections by non-debtor parties to the Cure Amount, or to the possible assumption and assignment, must be filed on or before 4:00 p.m. on July 16, 2009 (the "**Cure Objection Deadline**") and served on the Debtors' co-counsel by mail (a) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, (Attn: Michael R. Nestor, Esq.), and by facsimile, (302) 571-1253, (b) Latham & Watkins LLP, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606, (Attn: David Heller, Esq.), and by facsimile, (312) 993-9767, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025 (Attn: Tony Richmond, Esq.), and by facsimile, (650) 463-2600, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560, (Attn: Heather Fowler, Esq.), and by facsimile, (213) 891-8763, and the Debtors by mail, Eddie Bauer, Inc., 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004, (Attn: Freya Brier), and by facsimile, (425) 755-7671, (c) the Committee's counsel Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Eric Haber, Esq.) and by facsimile, (212) 479-6275, and (d) counsel to the Pre-Petition Term Agent, Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, NY 10022 (Attn: Mario J. Ippolito, Esq.), and by facsimile, (212) 230-7717.

18. Unless a non-debtor party to any executory contract or lease (other than unexpired real property leases) files an objection to the Cure Amount by the Cure Objection Deadline, then such counterparty shall be (i) forever barred from objecting to the Cure Amount; and (ii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on Exhibit 1 to the Cure Notice, against the Debtors, any Successful Bidder or any other

assignee of the relevant contract. For the avoidance of any doubt, Paragraphs 17 and 18 of this Order are not binding on and do not apply to non-debtor parties to unexpired real property leases.

19.     All timely filed objections to any Cure Amount must set forth (i) the basis for the objection, (ii) the exact amount the party asserts as the Cure Amount, and (iii) sufficient documentation to support the Cure Amount alleged.

20.     Hearings on objections to any Cure Amount may be held at the Sale Hearing or upon such other date as this Court may designate upon request by the Debtors and with the prior consent of the Successful Bidder.

21.     As soon as practicable after the conclusion of the Auction, the Debtors shall file with this Court a Post Auction Notice that identifies the Successful Bidder and provides notice that the Debtors will seek to assume and assign certain executory contracts and leases at the Sale Hearing.

22.     In addition, in the event this Court approves the Stalking Horse Bidder as the purchaser of the Assets, pursuant to section 2.5 of the Stalking Horse Asset Purchase Agreement, the Stalking Horse Bidder may, during the period after the Sale Hearing and before the applicable Designation Deadline, remove or add additional executory contracts and leases from the list of executory contracts and leases it seeks to have assumed and assigned (the "**Stalking Horse Assumed Contracts**").

23.     The Stalking Horse Bidder shall provide the Debtors, the Committee and all non-debtor parties to unexpired real property leases (collectively, the "**Lease Parties**") with materials demonstrating adequate assurance of future performance in accordance with Sections

365(b)(1)(A) and 365(f)(2)(B) of the Bankruptcy Code by facsimile or overnight mail on or before July 3, 2009, provided that the Lease Parties execute a reasonable confidentiality agreement, to be provided by the Debtors to the Lease Parties by facsimile or overnight mail on or before July 3, 2009. As set forth in the Bidding Procedures, all bidders must submit materials demonstrating adequate assurance of future performance in accordance with Sections 365(b)(1)(A) and 365(f)(2)(B) of the Bankruptcy Code in connection with their bids and if the Lease Parties execute a reasonable confidentiality agreement, the Debtors shall provide the Committee and the Lease Parties with such materials as soon as possible following the Bid Deadline.

24. Within two (2) days after entry of this Bidding Procedures Order or as soon thereafter as practicable, the Debtors will file with this Court a Notice of (i) Potential Assumption and Assignment of Real Property Leases, (ii) Requirement to Provide Information as to Cure Amounts, and (iii) Process for Determining Cure Amounts with Respect to Real Property Leases to be Assumed and Assigned (the "**Real Property Lease Cure Notice**"), substantially in the form attached hereto as Exhibit 2, and shall serve the Real Property Lease Cure Notice on all non-debtor parties to any unexpired domestic real property leases (the "**Lease Notice Parties**") that may be assumed by the Debtors and assigned to the Successful Bidder; *provided, however,* that the presence of a lease or agreement listed on Exhibit 2 does not constitute an admission that such lease or agreement is an unexpired real property lease. The Debtors reserve all of their rights, claims and causes of action with respect to the leases and agreements listed on Exhibit 2.

25. As set forth in the Real Property Lease Cure Notice, each non-Debtor party to a Lease shall be required to provide an estimate of the cure amount that would be owed under such

Lease if the Lease is assumed and assigned (the "**Landlord's Cure Amount**"). Specifically, on or before **July 15, 2009**, each non-Debtor party must file with the Court and serve on the parties listed below a good faith statement of all pre- and post-petition amounts claimed to be due under the Lease, as well as a statement of any other claimed monetary defaults that are included in the Landlord's Cure Amount. Service of the Landlord's Cure Amount must be made by mail or other delivery service or by facsimile to (i) Debtors' co-counsel (a) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, (Attn: Michael R. Nestor, Esq.), facsimile: (302) 571-1253, and (b) Latham & Watkins LLP, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606, (Attn: David Heller, Esq.), facsimile: (312) 993-9767, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025 (Attn: Tony Richmond, Esq.), facsimile: (650) 463-2600, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560, (Attn: Heather Fowler, Esq.), facsimile: (213) 891-8763, (ii) the Debtors, Eddie Bauer, Inc., 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004, (Attn: Freya Brier), facsimile: (425) 755-7671, (iii) the Committee's counsel, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Eric Haber, Esq.), facsimile: (212) 479-6275, and (iv) all other parties that have requested notice in these cases.

26.     No hearing shall be held or final determination made regarding cure amounts until a Lease is proposed to be assumed and assigned. At such time, the Debtors shall file and serve their Notice of Assumption and Assignment of Unexpired Real Property Leases (the "Notice"). The Debtors shall set forth in the Notice the "**Debtors' Final Cure Amount**." In addition, the Notice shall provide that the non-Debtor party to a Lease objects to the Debtors' Final Cure Amount, or to the assumption and assignment of the Lease, such party must file an objection with the Court and serve a copy on specified parties by the deadline set forth in the Notice. Any

such objection must set forth (i) the basis for the objection, (ii) the exact amount the party asserts as the correct cure amount, and (iii) sufficient documentation to support the cure amount asserted. In the absence of a timely filed objection to the Debtors' Final Cure Amount, then the non-Debtor party shall be (i) forever barred from objecting to the Debtors' Final Cure Amount; and (ii) forever barred and estopped from asserting or claiming any cure amount, other than the Debtors' Final Cure Amount, against the Debtors, any Successful Bidder or any other assignee of the relevant lease. Any timely filed objection will be considered at a hearing to be held before the Honorable Judge Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street Wilmington, DE 19801-3024, at such date and time as will be stated in the Notice.

## V.     ADDITIONAL PROVISIONS

27.     Pursuant to 11 U.S.C. § 332(a), the United States Trustee is directed to appoint one (1) disinterested person (other than the United States Trustee) to serve as the consumer privacy ombudsperson in these chapter 11 cases.

28.     Subject to further order of the Court, the consumer privacy ombudsperson shall perform the functions set forth in 11 U.S.C. § 332(b).

29.     The consumer privacy ombudsperson shall at all times comply with 11 U.S.C. § 332(c). The consumer privacy ombudsperson shall be compensated pursuant to 11 U.S.C. § 330 upon approval by the Court of a request for compensation.

30. The Debtors are authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

31. A Sale Hearing to approve the sale of substantially all of the Assets to any Successful Bidder and authorizing the assumption and assignment of certain executory contracts and unexpired leases shall be held on July 22, 2009 at 9:30 a.m. (prevailing Eastern time), unless otherwise continued upon request by the Debtors. All objections to the ultimate Sale, the extension of the 365(d)(4) period, the Store Closing Guidelines and the Rejection Procedures are hereby expressly preserved.

32. Objections, if any, to any Sale must be filed by July 20, 2009 at 12:00 p.m. (prevailing Eastern time) (the "**Sale Objection Deadline**") and served on (i) the Debtors' co-counsel by mail (a) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, (Attn: Michael R. Nestor, Esq.), and by facsimile, (302) 571-1253, and (b) Latham & Watkins LLP, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606, (Attn: David Heller, Esq.), and by facsimile, (312) 993-9767, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025 (Attn: Tony Richmond, Esq.), and by facsimile, (650) 463-2600, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560, (Attn: Heather Fowler, Esq.), and by facsimile, (213) 891-8763, (ii) the Debtors by mail, Eddie Bauer, Inc., 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004, (Attn: Freya Brier), and by facsimile, (425) 755-7671, (iii) the Committee's counsel by mail Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Eric Haber, Esq.) and by facsimile, (212) 479-6275, (iv) counsel to the Pre-Petition Term Agent, Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, NY 10022 (Attn: Mario J. Ippolito,

Esq.), and by facsimile, (212) 230-7717, and (v) all other parties that have requested notice in these cases.

33.     This Bidding Procedures Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors. Certain provisions of this Bidding Procedures Order that relate to bid protections shall inure to the benefit of the Stalking Horse Bidder and its affiliates, successors and assigns.

34.     This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

35.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

36.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Expense Reimbursement, the Break-Up Fee, the Stalking Horse Asset Purchase Agreement, the Bidding Procedures and the implementation of this Bidding Procedures Order.

37.     In any event of a conflict among this Bidding Procedures Order, the Bidding Procedures and the Stalking Horse Asset Purchase Agreement, this Bidding Procedures Order shall govern.

Dated: June 30, 2009
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge