IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | |
|---|---|
| | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., *et al.*,[1] | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | |

**OBJECTION OF WILMINGTON TRUST FSB, AS AGENT FOR DEBTORS' SECURED TERM LENDERS, TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105, FED. R. BANKR. P. 2002(A)(2) AND L.R. 9006-1(E) FOR AN ORDER APPROVING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER (I) THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING KEY EXECUTIVE INCENTIVE PLAN AND KEY MANAGER INCENTIVE PLAN; AND (II) A RELATED MOTION TO FILE EXHIBITS UNDER SEAL (D.I. 199)**

Wilmington Trust FSB, successor by assignment to JPMorgan Chase Bank, N.A., as Agent (the "Term Loan Agent") for the pre-petition term loan lenders (collectively, the "Term Lenders"), through its undersigned counsel, respectfully submits this objection (the "Objection") to the Debtors' Motion Pursuant To 11 U.S.C. § 105, Fed. R. Bankr. P. 2002(a)(2) And L.R. 9006-1(e) For An Order Approving The Time For Notice Of The Hearing To Consider (I) The Motion Of The Debtors For Entry Of An Order Approving Key Executive Incentive Plan And

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware Corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of Compromise or arrangement under the Companies' Creditors Arrangement Act.

Key Manager Incentive Plan; And (II) A Related Motion To File Exhibits Under Seal (D.I. 199)(the "Motion to Shorten"). In support of this Objection, the Term Loan Agent respectfully states as follows:

**OBJECTION**

1. On June 29, 2009, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed their Motion for an Order Authorizing Key Executive Incentive Plan and Key Manager Incentive Plan (D.I. 197) (the "KEIP Motion"). Through the Motion to Shorten, the Debtors have requested that the KEIP Motion be heard on an expedited basis. At a hearing in the Debtors' cases on June 29, 2009, the Court requested that parties in interest submit proposals as to the timing of any hearing on the KEIP Motion. This Objection is respectfully submitted in response to the Court's request and in opposition to the Motion to Shorten.

2. The Term Agent requests that the KEIP Motion be heard on notice as required pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules") and not on the expedited basis requested by the Debtors in the Motion to Shorten.

3. Pursuant to Local Rule 9006-1, parties are required to file and serve motions at least fifteen days (eighteen days if service is by mail; sixteen days if service is by overnight delivery) prior to the hearing date. Local Rule 9006-1(e) provides for shortened notice in limited circumstances, "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

2

4. The Debtors have not demonstrated any exigent circumstances or the emergency nature of the relief requested to justify the abbreviated schedule they have proposed.

5. The Term Agent would like sufficient time to effectively review and respond to the KEIP Motion, and if necessary, conduct appropriate discovery, as to the merits of the same. Additionally, the relevance and impact of the relief sought by the KEIP Motion on the Debtors' estates cannot be fully understood until after the auction which is currently scheduled for July 16, 2009.

6. As the United States Trustee and the official committee of unsecured creditors noted at the June 29, 2009 hearing, there must be a limit to the allowance of expedited procedures. The Term Agent respectfully submits that hearing the KEIP Motion prior to the auction or sale hearing is not reasonable or necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Term Agent respectfully requests that the Court deny the Motion to Shorten and grant such other and further relief as may be just and proper.

Dated: July 1, 2009
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
Erin R. Fay (No. 5268)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

and

Luc A. Despins, Esquire
Leslie A. Plaskon, Esquire
Christopher M. Desiderio, Esquire
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel for Wilmington Trust FSB*

2987945.1