## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER HOLDINGS, INC., et al.,[1] | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | Docket Ref. No. 28 |

### ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY PETER J. SOLOMON COMPANY AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application dated June 17, 2009 (the "**Application**"), of Eddie Bauer Holdings, Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for authorization to employ and retain Peter J. Solomon Company ("**PJS**") as investment banker and financial advisor to the Debtors *nunc pro*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., Canadian affiliates of the Debtors, commenced a proceeding before the Ontario Superior Court of Justice (Commercial List), for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

*tunc* to the Petition Date,[2] all as set forth in the Application; and upon the First Day Declaration and the Dietz Declaration in support of the Application; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances; and the Court having reviewed the Application and having considered the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth below.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are authorized to employ and retain PJS *nunc pro tunc* to the Petition Date as their investment banker and financial advisor on the terms set forth in the Application.

3. PJS shall be compensated in accordance with the procedures set forth in section 330 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and such procedures as may be fixed by order of this Court.

---

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Application.

4. Notwithstanding the prior paragraph, the fees payable to PJS pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code except that the U.S. Trustee shall retain the right to object to the Transaction Fees payable under the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court or any guidelines regarding submission and approval of fee applications, PJS and its professionals: (a) shall only be required to maintain time records for services rendered postpetition in one-half (.5) hour increments; and (b) shall not be required to provide or conform to any schedule of hourly rates.

6. The indemnification obligations of the Debtors set forth in the Engagement Letter are approved, subject to the following clarifications:

(a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify PJS, in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with PJS's performance of services pursuant to this Order and the Engagement Letter;

(b) PJS shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

(c) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen primarily from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of PJS's contractual obligations under the Engagement Letter unless the Court determines that the indemnification, contribution, or reimbursement would be permissible; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnification, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJS believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, including, without limitation, the advancement of defense costs, PJS must file an application before this Court, and the Debtors may not pay any such amount to PJS before the entry of an order by this Court approving payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by PJS for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligations to indemnify PJS.

7. During the pendency of the chapter 11 cases, the limitation of liability provision (i.e., "in no event shall the amount, if any, to be contributed by all Indemnified Parties exceed the amount of the fees actually received by PJSC hereunder") found in paragraph 4 of Exhibit A to the Engagement Letter is deleted.

8. PJS is a fiduciary of the Debtors solely to the extent required by the Bankruptcy Code.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. The Court has exclusive jurisdiction over the engagement during the pendency of the chapter 11 cases, or conclusion of the engagement, whichever comes first.

Date: _____, 2009
Wilmington, Delaware

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE