UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| EDDIE BAUER HOLDINGS, *et al.* | § | |
| | § | Case No. 09-12099-MFW |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Obj. Deadline: 8/10/09 4:00 p.m. |
| | § | Hearing Date: 8/18/09 11:30 a.m. |

### DELL MARKETING, L.P.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND NOTICE OF AND DEMAND FOR RETURN OF RECLAMATION PRODUCT

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Dell Marketing, L.P. ("Dell") files this its Motion for Allowance of Administrative Expense Claim and Notice of and Demand for Return of Reclamation Product (the "Motion"), pursuant to 11 U.S.C. §§ 503(a), 503(b)(9) and 507(a)(2), for goods delivered within twenty (20) days of the Petition Date and under 11 U.S.C. §§ 503(b)(1) and 546(c)(1) for goods subject to reclamation. In support hereof, Dell respectfully shows the Court as follows:

### I. JURISDICTION

1. Under 28 U.S.C. §§ 157 and 1334, the Court has jurisdiction over the Motion and relief requested herein. Pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), this Motion presents a core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§503(a), 503(b)(9), 507(a)(2), and 546(c)(1).

## II. BACKGROUND

2. On June 17, 2009, Eddie Bauer Holdings, *et al.* ("Debtors") filed their Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3. Prior to the Petition Date, Dell entered into purchase agreements regarding certain computer products, equipment and peripherals (the "Goods") ordered by Debtors.

4. The books and records of Dell indicate that Dell provided and shipped certain Goods to Debtors. The Goods were received by the Debtors, within twenty (20) days of the Petition Date. Attached hereto and incorporated herein for all purposes as Exhibit "A" are copies of the invoices for the Goods that Debtors received during the relevant pre-petition time period, as well as, the related shipping documentation with respect to such Goods.

5. As established by Exhibit "A," the total amount due and owing to Dell as of the Petition Date on account of the identified Goods shipped and received by the Debtors within twenty (20) days of the Petition Date is $6,788.87.

6. The Debtors have not paid Dell for the Goods delivered within twenty (20) days of the Petition date. All amounts remain due and owing for the Goods.

7. Through this Motion, Dell seeks allowance and payment of an administrative claim under section 503(b)(9) of the Bankruptcy Code in the amount of $6,788.87.

8. In addition, Dell shipped the Goods between 45 and 20 days of the Petition Date which are subject to a valid reclamation claim, a copy of the Notice of Reclamation is attached as Exhibit "B." 11 U.S.C. § 546(c)(1) The Debtors have not returned the Goods or otherwise responded to Dell's request for adequate protection for the value of the Goods delivered within 45 days of the filing. Dell seeks either the return of its reclamation Goods and/or would agree to an allowed priority claim under 11 U.S.C. § 503(b)(1) (the actual, necessary costs and expenses of preserving the estate) for its reclaimed Goods. Dell asserts that benefit was and is provided to

the estate for the post-petition use of these Goods delivered within the first forty-five (45) days of the Petition, and that it is entitled to an allowed claim for the value of the reclamation Goods of $57,352.16. On June 17, 2009 the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105(A), 363, 365, and Bankruptcy Rules 2002, 6004, 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for the Sale of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(D)(4) (the "Motion"). Pursuant to the Motion, the Debtors intend to sell substantially all of their "assets free and clear of all claims (as defined by Section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever. . . ." Based upon that requested relief the Debtors apparently intend to sell all assets without addressing creditors' reclamation rights.

9. Nothing herein shall be construed as a waiver or limitation on the rights of Dell to pursue any and all claims it holds against Debtors.

3

## III. RELIEF REQUESTED AND BASIS THEREFORE

10. Section 503(b)(9) of the Bankruptcy Code provides that after notice and a hearing there shall be allowed an administrative expense claim for "the value of any goods received by the debtor within 20 days before the date of the commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

11. As set forth above and as further identified in the attached Exhibit "A," Dell delivered a total of $6,788.87, in Goods to Debtors within twenty (20) days before the Petition Date for which it has not received payment.

12. Moreover, such Goods were sold to Debtors under the agreements in the ordinary course of Debtors' business.

13. Accordingly, the delivery of such Goods are properly characterized as administrative expenses, and Dell should be allowed an administrative claim in the amount of $6,788.87 under Section 503(b)(9) of the Bankruptcy Code, which administrative claim is entitled to priority distribution under 507(a)(2) of the Bankruptcy Code.

14. Dell also requests that the Court direct the Debtors to pay Dell, on account of its administrative claim, within ten (10) days of the entry of an Order approving such administrative claim. While the Bankruptcy Code is not specific about the timing for payment of 503(b)(9) claims the Bankruptcy Code does not distinguish between 503(b)(9) claims and any other administrative claims and, therefore, it appears that Congress intended 503(b)(9) claims to be treated as other administrative claims are treated under the Bankruptcy Code. Further, the Court has broad discretion to issue orders necessary to "carry out the provisions of this title" and the determination of when an administrative claim is to be paid is within the discretion of the Court. 11 U.S.C. § 105(2); *In re Verco Indus.*, 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982); *see also In re*

*Kaiser Steel Corp.*, 74 B.R. 885, 891 (Bankr. D. Colo. 1990) (allowing entry of an order authorizing interim payments to be made on allowed administrative claims).

15. Dell asserts that since the Debtors have not returned the Goods subject to a valid reclamation claim that it should also be allowed either to recover the reclamation Goods or alternatively, Dell would agree to waive its right to reclaim the Goods for an administrative expense claim for the benefit provided to the estate for the use of its computer products. *See, Phar-Mor, Inc. v. McKesson Corp.*, 2008 WL 275688 (6th cir. 2008). Such administrative claim should be equal to the invoices for the amount of $57,352.16.

## IV. NOTICE

16. Notice of this Motion has been given to counsel for the Debtors, the Office of the United States Trustee, counsel for the Committee, and all other parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Dell submits that no other or further notice need be given.

## V. NO PRIOR REQUEST

17. No previous motion or request for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons described above, Dell respectfully requests this Court to enter an Order (i) granting Dell an administrative priority claim in the amount of $6,788.87 under section 503(b)(9) of the Bankruptcy Code, which is entitled to priority distribution under section 507(a)(1) of the Bankruptcy Code; (ii) requiring the Debtors to pay $6,788.87 to Dell in satisfaction of such administrative claim; (iii) allowing Dell to recover its reclamation Goods or allow it an administrative claim for the value of the reclamation Goods in the amount of

$57,352.16; and (iv) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 14, 2009

                                           Respectfully submitted,

                                           SEITZ VAN OGTROP & GREEN PA

                                           _____
                                           Patricia P. McGonigle, Esq.
                                           (Bar ID No. 3126)
                                           222 Delaware Avenue, Suite 1500
                                           P.O. Box 68
                                           Wilmington, DE 19899
                                           (302) 888-0600
                                           (302) 888-0606 (fax)
                                           pmcgonigle@svglaw.com

                                                  and

                                           Sabrina Streusand
                                           Texas State Bar No. 11701700
                                           G. James Landon
                                           Texas State Bar No. 24002445
                                           **Streusand & Landon, LLP**
                                           816 Congress Avenue, Suite 1600
                                           Austin, Texas 78701
                                           Telephone: (512) 236-9900
                                           Facsimile: (512) 236-9904
                                           streusand@streusandlandon.com

                                           **ATTORNEYS FOR DELL MARKETING, L.P.**