IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDDIE BAUER HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12099 (MFW)<br><br>Jointly Administered<br><br>Ref. Doc. Nos. 9, 60, 160, 214, 218 and 254 |

## FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING UTILITY PROVIDERS FROM DISCONTINUING, ALTERING, OR REFUSING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the motion [Docket No. 9] (the "**Motion**")[2] of the Debtors for entry of a Final Order (i) prohibiting Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors, (ii) deeming the Utility Providers adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment; and the interim hearing on the Motion having been held before this Court on June 18, 2008 (the "**Interim Hearing**"); and this Court thereafter having entered the Interim Order [Docket No. 60]; and this Court having considered the Motion, all pleadings related thereto, and the record made by the Debtors at the Interim Hearing; and upon consideration of the objections [Docket Nos. 160, 214, 218 and 254] to the Motion filed by Alabama Power

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

Company, Consolidated Edison Company of New York, Inc., Virginia Electric and Power Company d/b/a Dominion Virginia Power, The East Ohio Gas Company d/b/a Dominion East Ohio, Carolina Power & Light Company d/b/a Progress Energy Carolinas, Commonwealth Edison Company, PECO Energy Company, Duke Energy Carolinas, LLC, Georgia Power Company, Southern California Edison Company, The Connecticut Light and Power Company, Western Massachusetts Electric Company, Yankee Gas Services Company, Public Service Company of New Hampshire, Ohio Edison Company, the Cleveland Electric Illuminating Company, Jersey Central Power & Light Company, Pennsylvania Electric Company, Duke Energy Indiana, Inc., Duke Energy Kentucky, Inc., Duke Energy Ohio, Inc., Central Maine Power Company, Delmarva Power & Light Company and Atlantic City Electric, Entergy Louisiana, Inc., Entergy Texas, Inc., Entergy Arkansas, Inc., Florida Power Corporation d/b/a Progress Energy Florida, Pennsylvania Power Company and Westar Energy, Inc. (collectively, the "**Objecting Providers**"); and after due deliberation and sufficient cause therefor:

## THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:[3]

A. On June 17, 2009 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors (the "**Creditors' Committee**") was appointed in these Chapter 11 Cases on or about June 26, 2009.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] Pursuant to Bankruptcy Rule 7052, any findings of fact contained herein that may be construed as matters of law shall be treated as conclusions of law as if set forth below, and vice versa.

B.  This Court has jurisdiction over the Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are Sections 105(a) and 366 of the Bankruptcy Code. Venue of the Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  The Debtors filed the Motion with this Court and pursuant to Bankruptcy Rule 2002 and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors provided notice of the Motion and the Interim Hearing by facsimile, overnight delivery or first-class mail to the following parties and/or to their counsel: (a) the United States Trustee for the District of Delaware; (b) counsel to administrative agent under the prepetition term loan facility; (c) counsel to the steering committee for the prepetition term lenders; (d) counsel to agent under the prepetition revolving credit facility; (e) counsel for the indenture trustee for the $75 million 5.25% convertible senior notes due 2014; (f) the Utility Providers; and (g) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the chapter 11 petitions (collectively, the "**Notice Parties**"). Given the nature of the relief sought in the Motion, this Court concludes that the foregoing notice was sufficient and adequate under the circumstances and complies with the Bankruptcy Code, the Bankruptcy Rules and any other applicable law, and no further notice relating to this proceeding is necessary or required.

D.  The Debtors have requested immediate entry of this Final Order. For the reasons stated above, this Court concludes that immediate entry of this Final Order is in the best interests of the Debtors' estates and creditors.

DB02:8398209.2　　　　068417.1001

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the hearings on the Motion, and good and sufficient cause appearing therefor:

**IT IS HEREBY:**

ORDERED, that the Motion is GRANTED as set forth below; and it is further

ORDERED, that, to the extent any provisions in this Final Order conflict with any provisions of the Interim Order or the Motion, the provisions of this Final Order shall control and govern to the extent of such conflict; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtors; and it is further

ORDERED, that, except in accordance with the procedures set forth in this Final Order, absent further order of the Court, the Utility Providers are (i) forbidden and prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or the Debtors' bankruptcy filings and (ii) deemed to have received adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code and, as such, are forbidden from requiring the Debtors to furnish any additional deposit or other security for the continued provision of Utility Services; and it is further

ORDERED, that the Debtors shall, to the extent not already deposited, deposit and maintain a sum equal to two (2) weeks of Utility Services for the Utility Providers, other than the Objecting Providers, calculated as a historical average (the "**Adequate Assurance Deposit**"), into an interest-bearing, newly created segregated account (the "**Adequate Assurance Deposit Account**") with such Adequate Assurance Deposit to be held in escrow, pending further order of this Court, for the purpose of providing each Utility Provider, other than the Objecting Providers, adequate assurance of payment for its postpetition Utility Services to the Debtors; and it is further

ORDERED, that the Debtors shall, no later than July 14, 2009, provide a cash deposit (the "**Cash Deposits**") to the Objecting Providers, for the purpose of providing each Objecting Provider adequate assurance of payment for its postpetition Utility Services to the Debtors, in an amount equal to one months' Utility Services as follows: (i) Ohio Edison Company shall receive a Cash Deposit of $2,929.00; (ii) The Cleveland Electric Illuminating Company shall receive a Cash Deposit of $3,721.00; (iii) Jersey Central Power & Light Company shall receive a Cash Deposit of $3,875.00; (iv) Pennsylvania Electric Company shall receive a Cash Deposit of $1,500.00; (v) Pennsylvania Power Company shall receive a Cash Deposit of $1,300.00; (vi) Commonwealth Edison Company shall receive a Cash Deposit of $5,693.00; (vii) PECO Energy Company shall receive a Cash Deposit of $2,300.00; (viii) Duke Energy Ohio, Inc. shall receive a Cash Deposit of $3,423.00; (ix) Duke Energy Indiana, Inc. shall receive a Cash Deposit of $1,573.00; (x) Duke Energy Kentucky, Inc. shall receive a Cash Deposit of $1,253.00; (xi) Duke Energy Carolinas, LLC shall receive a Cash Deposit of $2,760.00; (xii) The Connecticut Light and Power Company shall receive a Cash Deposit of $2,308.00; (xiii) Yankee Gas Services Company shall receive a Cash Deposit of $67.00; (xiv) Western Massachusetts Electric Company shall receive a Cash Deposit of $1,313.00; (xv) Public Service Company of New Hampshire shall receive a Cash Deposit of $1,858.00; (xvi) Georgia Power Company shall receive a Cash Deposit of $1,168.00; (xvii) Florida Power Corporation d/b/a Progress Energy Florida shall receive a Cash Deposit of $3,690.00; (xviii) Westar Energy shall receive a Cash Deposit of $4,240.00; (xix) Alabama Power Company shall receive a Cash Deposit of $1,700.00; (xx) Central Maine Power Company shall receive a Cash Deposit of $10,431.00; (xxi) Delmarva Power & Light Company and Atlantic City Electric (collectively, "**Pepco Holdings**") shall receive a Cash Deposit of $4,495.00; (xxii) Entergy Louisiana, Inc., Entergy Texas, Inc. and Entergy Arkansas, Inc. (collectively, "**Entergy**") shall receive a Cash Deposit of $4,997.00; provided, however, that with respect to (i) Virginia Electric and Power Company d/b/a Dominion Virginia Power ("**Virginia Power**"), the Debtors shall provide a Cash Deposit of $3,504.00 and Virginia Power shall hold its remaining prepetition deposit of $1,603.19 as adequate assurance of

payment; (ii) The East Ohio Gas Company d/b/a Dominion East Ohio ("**East Ohio**"), the Debtors shall not be required to provide a Cash Deposit and East Ohio shall hold its remaining prepetition deposit of $349.36 as adequate assurance of payment; (iii) Consolidated Edison Company of New York, Inc. ("**ConEd of New York**"), the Debtors shall not be required to provide a Cash Deposit and ConEd of New York shall hold its remaining prepetition deposit of $443.77 as adequate assurance of payment; (iv) Carolina Power & Light Company d/b/a Progress Energy Carolinas ("**Carolina Power**"), the Debtors shall not be required to provide a Cash Deposit and Carolina Power shall hold its remaining prepetition deposit of $3,866.65 as adequate assurance of payment; and (v) Southern California Edison Company ("**Southern California**"), the Debtors shall not be required to provide a Cash Deposit and the Debtors agree to keep the remainder prepetition surety bond of $30,313.70 in place as adequate assurance of payment; and it is further

ORDERED, that the Cash Deposits shall be used solely to satisfy obligations of the Debtors arising after the Petition Date that have not been timely satisfied by the Debtors, but in no event shall the Cash Deposits be used to satisfy any claims, obligations or amounts due that relate to Utility Services provided to the Debtors prior to the Petition Date; and it is further

ORDERED, that the Debtors shall contact the Objecting Providers if the Debtors determine that Utility Service is no longer required by the Objecting Providers and the applicable Objecting Provider for each terminated account shall promptly refund any remaining Cash Deposits on such accounts to the Debtors provided (i) the account is closed; and (ii) all post-petition bills for that account are paid in full; and it is further

ORDERED, that the balance of the Adequate Assurance Deposit Account may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors regardless of any Adequate Assurance Requests, as defined below, and/or agreements with Utility Providers; and it is further

ORDERED, that if a Utility Provider, other than an Objecting Provider, is not satisfied with the assurance of future payment provided by the Debtors through the Adequate Assurance Deposit Account, the Utility Provider must comply with the following Adequate Assurance Procedures, which are approved in full and in all respects:

    a. A Utility Provider desiring additional assurances of payment in the form of deposits, security or otherwise must serve a written request (an "**Additional Assurance Request**") upon the Debtors at the following addresses: (i) Eddie Bauer, Inc., 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004, Attn: Freya Brier; (ii) co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Kara Hammond Coyle and (iii) co-counsel to the Debtors, Latham & Watkins LLP, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606, Attn: David Heller, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560, Attn: Heather Fowler (together, the "**Service Parties**"). The Additional Assurance Request must be sent to <u>all Service Parties</u> to be deemed valid.

    b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the account number(s) for such location(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and the outstanding balance for each account and (iv) include a proposal for what would constitute adequate assurance from the Debtors, as well as set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    c. Upon the Debtors' and other Service Parties' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall promptly (the "**Resolution Period**") negotiate with the Utility Provider to endeavor to resolve that Utility Provider's Additional Assurance Request. During the Resolution Period, Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges or the commencement of these Chapter 11 Cases.

    d. The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Provider, the Debtors will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code.

f. Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or the commencement of these Chapter 11 Cases.

g. Unless and until a future order of the Court is entered requiring further assurance of payment, based on the establishment of the Proposed Adequate Assurance, a Utility Provider shall be deemed to have adequate assurance of payment.

and it is further

ORDERED, that, unless and until a Utility Provider makes an Adequate Assurance Request, any Utility Provider who was on the initial Utility Service List attached to the Interim Order as Exhibit 1 who did not make an Additional Assurance Request or any Utility Provider who was not on the initial Utility Service List attached to the Interim Order as Exhibit 1 and did not make an Additional Assurance Request after receipt of the Interim Order, is hereby deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to amend the Utility Service List attached to the Interim Order as Exhibit 1 in order to add or delete any Utility Provider, and this Final Order shall apply as of the Petition Date to any such Utility Provider that is subsequently added to the Utility Service List; provided that, with respect to any Additional Utility Provider, the Debtors shall have twenty (20) days from the date the Debtors serve the Final Order on such Additional Utility Provider to increase the Adequate Assurance Deposit by

an amount equal to half a month of Utility Services provided by the Additional Utility Provider calculated as an historical average; and it is further

ORDERED, that nothing herein or the Utility Service List constitutes a finding that any entity is or is not a Utility Provider hereunder or under Section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List; and it is further

ORDERED, that any payment or transfer made or service rendered by the Debtors pursuant to this Final Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to dispute such obligation or waiver of any other rights or remedies of the Debtors, or an approval or assumption of any agreement, contract or lease under Section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order; and it is further

ORDERED, that the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: July \_\_19\_\_, 2009
Wilmington, Delaware

                                                     */s/ Mary F. Walrath*
                                                     Mary F. Walrath
                                                     United States Bankruptcy Judge