UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDDIE BAUER HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12099 (MFW)<br><br>Jointly Administered<br><br>Ref. Docket No. 276 |

ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3)
AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND APPROVING THE
FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) for entry of an order (i) establishing deadlines for filing Proofs of Claim against the Debtors in the Chapter 11 Cases[2] and (ii) approving the form and manner of notice thereof, all as set forth in the Motion; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded), Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth below.

2. Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted.

3. Except as otherwise provided herein, any person and entity (excluding any governmental unit), asserting a claim against the Debtors in the Chapter 11 Cases shall file a Proof of Claim so that it is received, as provided in paragraphs 7 and 8 below, by Kurtzman Carson Consultants LLC ("**KCC**") on or before September 21, 2009 at 4:00 p.m. (prevailing Pacific Time).

4. All governmental units (as defined in section 101(27) of the Bankruptcy Code) asserting claims against one or more of the Debtors shall file Proofs of Claim so it is received, as provided in paragraphs 7 and 8 below, by KCC on or before December 14, 2009 at 4:00 p.m. (prevailing Pacific Time).

5. If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (a) to reduce the undisputed, noncontingent, and

liquidated amount of a claim, (b) to change the nature or characterization of a claim, or (c) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraphs 7 and 8 below, by KCC on or before the later of (x) the General Bar Date or (y) 20 days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

6. In the event a Debtor rejects executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraphs 7 and 8 below, by KCC on or before the later of (a) the General Bar Date and (b) 30 days after the effective date of such Court order.

7. Proofs of Claim sent to KCC shall be addressed to Eddie Bauer Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

8. Proofs of Claim mailed or delivered to KCC will be deemed timely filed only if *actually received* by KCC on or before the bar date associated with such claim at the address listed in paragraph 7 above.

9. KCC shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission.

10. The following persons or entities are not required to file Proofs of Claim:

   a) any person or entity that has already properly filed a proof of claim against the correct Debtor(s) with either KCC or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

   b) any person or entity (i) whose claim is listed in the Debtors' schedules of assets and liabilities, list of equity holders, and statements of financial affairs (collectively, the "**Schedules**") or any amendments thereto, *and*

(ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

c) professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d) any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; *provided, however*, that, any person or entity that has a claim under section 503(b)(9) of the Bankruptcy Code on account of prepetition goods received by the Debtors within twenty days of the Petition Date must file a Proof of Claim on or before the General Bar Date;

e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f) any Debtor asserting a claim against another Debtor;

g) any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

h) any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the Bar Dates;

i) any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

j) any person or entity holding the public debt securities of any Debtor, to the extent that the claims are based exclusively upon principal, interest and other applicable fees and charges arising under those public debt securities, provided that individual holders of public debt securities must file a proof of claim by the applicable Bar Date if they wish to assert a claim related to the public debt securities other than for principal, interest and other applicable fees and charges; provided, however, that this exclusion does not apply to the indenture trustee or designated agent under any of such debt instruments, who must file a proof of claim on or before the applicable Bar Date against any Debtor who is the primary obligor under such public debt securities, which will be deemed to apply with equal force against any Debtor who is a guarantor of such public debt securities without the need for the filing of a duplicate proof of claim against the guarantor.

11.  Any Interest Holder, whose interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a partnership, or warrants or rights to purchase, sell, or subscribe to such a security or interest (collectively, an "Interest"), need not file a proof of interest on or before the General Bar Date; *provided, however*, that Interest Holders who wish to assert *claims* against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date, , unless one of the exceptions contained in paragraph 10 above applies.

12.  Any entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any entity filing a Proof of Claim must identify on its Proof of Claim the particular Debtor against which its claim is asserted.

13.  Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the bar date associated with such claim shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distributions under, any chapter 11 plan or plans in these Chapter 11 Cases.

14.  The Proof of Claim form, substantially in the form attached to the Motion as **Exhibit C**, and the Bar Date Notice, substantially in the form attached to the Motion as **Exhibit B**, are hereby approved in all respects.

15.  The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than ten

(10) days following entry of this Order, upon all known persons and entities holding potential claims against the Debtors.

16. The Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as **Exhibit D**, in the national edition of *USA Today* at least once no later 30 days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication.

17. To provide due and proper notice of the Bar Dates to "street name" holders (the "Street Name Holders") of the Debtors' public debt securities and the Debtors' public equity securities, the Debtors shall provide nominee record holders, such as brokerage firms and clearing houses, that hold on behalf of Street Name Holders, with sufficient copies of the Bar Date Notice and Proof of Claim form (the "Bar Date Package") to enable these record holders to distribute a Bar Date Package to each and every Street Name Holder. July 22, 2009 shall serve as the record date for determining the holders of public securities entitled to notice according to these procedures (the "Record Date"). The Debtors shall not be required to provide actual notice to any holder of the Debtors' public debt securities or the Debtors' public equity securities if the holder obtained an interest in such public debt securities or public equity securities after the Record Date.

18. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. The Court shall retain jurisdiction with respect to all matters arising under or relating to the implementation and enforcement of this Order.

Dated: July 20, 2009
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge