# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
: 
In re: : Chapter 11
:
EDDIE BAUER HOLDINGS, INC., et al., : Case No. 09-12099 (MFW)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------------- x Docket Nos. 24, 414 and 508

## ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
## OF CERTAIN EXECUTORY CONTRACTS

Upon the motion, dated June 17, 2009 (the "**Motion**"),[1] of Eddie Bauer Holdings, Inc. and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 365, and 503 of chapter 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for Sale of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Motion.

[Docket No. 24]; and Otto Japan, Inc. having filed the Opposition of Japan Otto, Inc. to Assignment and Assumption of Executory Contracts and Certain Proposed Cure Amounts, Notice of Applicable Foreign Law Pursuant to FRCP 44.1 (the "**Otto Objection**") [Docket No. 414]; and a hearing on the Motion having been held on July 22, 2009 (the "**Sale Approval Hearing**"); and this Court having entered an order dated July 23, 2009 (the "**Sale Order**"), (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assigment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 508]; and the Bankruptcy Court having conducted a hearing on the Otto Objection on July 30, 2009 (the "**Supplemental Otto Hearing**"); and all parties in interest having been heard or having had the opportunity to be heard; and upon the arguments of counsel made, and the evidence adduced, at the Sale Approval Hearing and the Supplemental Otto Hearing; and upon the record of the Sale Approval Hearing, the Supplemental Otto Hearing and these chapter 11 cases and proceedings, and after due deliberation thereon, and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]

A. **Jurisdiction and Venue**. This Court has jurisdiction over the Motion and the Transactions under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

2

DB02:8531666.2     068417.1001

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014 and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

C. **Contract Assignments in Best Interests**. The Debtors have demonstrated that assuming and assigning the Agreements[3] in connection with the Transactions is an exercise of their sound business judgment, and that such assumption and assignment is in the best interests of the Debtors' estates, for the reasons set forth in the Motion and on the record at the Supplemental Otto Hearing, including, without limitation, because the assumption and assignment of the Agreements in connection with the Transactions will maintain the ongoing business of the Debtors, limit the losses of counterparties to the Agreements and maximize the distribution to creditors of the Debtors.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. **Sale Order in Full Force and Effect**. The Sale Order remains in full force and effect and the relief granted in this Order is not in replacement of the relief granted in the Sale Order.

2. **Otto Objection Overruled**. In accordance with the terms of the Consent Agreement (defined below), the Otto Objection is hereby deemed withdrawn and dismissed with prejudice, subject to and conditioned upon the Closing.

3. **Approval**. The Assignment, Assumption and Consent to Assignment and Assumption Agreement (the "**Consent Agreement**"), attached hereto as **Exhibit A**, between

---

[3] As such term is defined in the Consent Agreement (as defined below).

Otto Japan, Inc., a corporation organized and existing under the laws of Japan and formerly known as Otto-Summisho, Inc., Eddie Bauer Japan, Inc., a corporation organized and existing under the laws of Japan, Eddie Bauer GmbH & Co. KG, a company organized under the laws of Germany, Otto International (Hong Kong) Limited and its subsidiary Eddie Bauer International Limited, limited liability companies organized under the laws of Hong Kong, Eddie Bauer Holdings, Inc., a Delaware corporation, Eddie Bauer, Inc., a Delaware corporation and a wholly-owned subsidiary of Eddie Bauer Holdings, Inc., Eddie Bauer International Development, LLC, a Delaware limited liability company and a wholly-owned subsidiary of Eddie Bauer, Inc., Eddie Bauer Licensing Services LLC, a Delaware limited liability company and a wholly-owned subsidiary of Everest Holdings LLC, and Eddie Bauer of Delaware LLC, a Delaware limited liability company and a wholly-owned indirect subsidiary of Everest Holdings LLC, is hereby approved. The Debtors are hereby authorized to (i) execute the Consent Agreement; and (ii) perform all obligations under the Consent Agreement, without any further order of the Bankruptcy Court.

4. **Cure Amount**. The Cure Amount (as defined in the Sale Order) related to the assignment, assumption and transfer of the Agreements shall be $0 (zero) for each Agreement, subject to and conditioned upon the closing of the Sale (the "**Closing**"). Accordingly, notwithstanding anything in the Sale Order to the contrary, the Debtors shall not be required to set aside in a segregated account any Cure Amount which was alleged in the Otto Objection to be due and owing to Otto by the Debtors.

5. **Assumption and Assignment**.[4] In accordance with the Consent Agreement, the Eddie Bauer Entities shall assign and transfer the Agreements, and all rights and benefits of the respective Eddie Bauer Entities parties thereunder and all duties and obligations of the respective Eddie Bauer Entities parties thereunder arising out of facts, events and circumstances first arising from and after the Closing, to (i) IPCo, in the case of the German License Agreement, the Mail Order Agreement, the Distribution Agreement, the 2000 Supplemental Agreement, the 2005 Supplemental Agreements, and any rights and duties set forth in the Business Transfer and Novation Agreement related to any of the foregoing Agreements to be expressly assumed, assigned and transferred to IPCO, and (ii) Opco, in the case of the Hong Kong Agreements, the Joint Venture Agreement, the Buying Agency Agreement, the 1996 Cooperation Agreement, the First 1997 Cooperation Agreement, the Second 1997 Cooperation Agreement, the 2001 Design Agreement, the 2006 Design Agreement, the Image Use Agreement and all rights and duties set forth in the Business Transfer and Novation Agreement not otherwise assumed, assigned and transferred to IPCo pursuant to clause (i) above. Pursuant to Bankruptcy Code sections 105(a), 363 and 365, and subject to and conditioned upon the Closing, the Eddie Bauer Entities' assumption and assignment to Everest of the Agreements, and Everest's acceptance of such assignment on the terms set forth in the Purchase Agreement, the Motion, and the Procedures Order, are hereby approved subject to the terms set forth below. The Agreements shall remain in full force and effect for the benefit of Everest in accordance with their respective terms, notwithstanding any provision in any such Agreements of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code that prohibits, restricts, or conditions such assignment, transfer or sublease. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved

---

[4] All capitalized terms used within this paragraph shall have the meanings ascribed to such terms in the Consent Agreement.

from any further liability with respect to the Agreements after assignment to and assumption by Everest. Each counterparty to an Agreement hereby is forever barred, estopped, and permanently enjoined from raising or asserting against the Debtors, Everest or Buyer's Lenders, or the property of any of them, any assignment fee, default, breach, claim, pecuniary loss, liability or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinate) arising under or related to the Agreements existing as of the Closing or arising by reason of the Closing, subject to and conditioned upon the Closing.

6. **Ipso Facto Clauses Ineffective**. Upon the assignment of the Agreements to and assumption by Everest under the provisions of this Order and in accordance with the Consent Agreement, no default shall exist under any Agreement and no counterparty to any such Agreement shall be permitted to declare or enforce a default by the Debtor or Everest thereunder or otherwise take action against Everest as a result of any Debtor's financial condition, change in control, bankruptcy or failure to perform any of its obligations under the relevant Agreement. Any provision in an Agreement that prohibits or conditions the assignment or sublease of such Agreement (including, without limitation, the granting of a lien therein) or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon such assignment or sublease, constitutes an unenforceable anti-assignment provision that is void and of no force and effect only in connection with the assumption and assignment of such Agreement to Everest. ~~The failure of the Debtors or Everest to enforce at any time prior to the date of the Closing one or more terms or conditions of any Agreement shall not be a waiver of such terms or conditions or of the Debtors' and Everest's rights to enforce every term and condition of the Agreement.~~

7. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Order shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the ten (10) day stay provided in such rules is hereby expressly waived and shall not apply.

8. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

Dated: Wilmington, Delaware
July 30, 2009

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

DB02:8531666.2

068417.1001