IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                  Case No. 09-12099 (MFW)
                                        Chapter 11

EDDIE BAUER HOLDINGS, INC.,
*et al.*,

               Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CURE OBJECTION OF
RUSSELL REYNOLDS ASSOCIATES, INC.**

Russell Reynolds Associates, Inc. ("RRA"), by its attorneys, Charles E. Boulbol, P.C., as and for its objection to cure amount asserted by Debtor, Eddie Bauer Holdings, Inc. ("Debtor"), in its Second Supplementary Notice of Cure Amount dated July 17, 2009, respectfully avers as follows:

    1.    RRA is an executive search firm that has been retained by Debtor to recruit candidates for executive level employment by Debtor in accordance with the provisions of six executory contracts:

        A.    Letter Agreement dated December 18, 2008 between Tom Helton, Chief Human Resources Officer of Debtor, and Margot McShane of RRA (the "Divisional Vice President Direct Marketing Search");

        B.    Letter Agreement dated February 27, 2009 between Tom Helton, Chief Human Resources Officer of Debtor, and Margot McShane of RRA (the "Vice President-Direct Search");

C. Letter Agreement dated March 20, 2009 between Tom Helton, Chief Human Resources Officer of Debtor, and Margot McShane of RRA (the "Director Performance Outerwear Search")

D. Letter Agreement dated April 7, 2009 between Tom Helton, Chief Human Resources Officer of Debtor, and Seema Kathuria of RRA (the "Divisional Vice President, General Merchandising Manager Outerwear Search");

E. Letter Agreement dated April 14, 2009 between Tom Helton, Chief Human Resources Officer of Debtor, and Melanie Steinbach of RRA (the "Vice President GMM Search"); and,

F. Letter Agreement dated December 18, 2008 between Tom Helton, Chief Human Resources Officer of Debtor, and Bobbie Lenga of RRA (the "Senior Vice President Merchandising Search").

2. The Debtor has requested that RRA continue to perform post-petition under each of the above listed executory contracts and RRA has honored that request. The Debtor, through its Senior Vice President and General Counsel, Freya Brier, also assured RRA that these executory agreements would be properly scheduled and that the Cure Amounts would be properly filed with the Court. On July 24, 2009, RRA for the first time learned that these executory contracts had not been properly scheduled by Debtor.

3. Pursuant to Exhibit 1 to Debtor's Second Supplemental Notice of Cure Amount With respect to Executory Contracts and Unexpired Leases to be Assumed and Assigned (the "Notice") dated July 17, 2009, Debtor claims that the proposed Cure Amount due to RRA under the above-described executory contracts is $0.

4. Attached hereto as Exhibit A are copies of RRA's Receivables Reports with respect to each of the executory contracts and the amounts due under each such contract is as follows:

| | | |
|---|---|---:|
| A. | Divisional Vice President Direct Marketing Search | $1,718.55 |
| B. | Vice President-Direct Search | 50,010.84 |
| C. | Director Performance Outerwear Search | 31,938.82 |
| D. | Divisional Vice President, General Merchandising Manager Outerwear Search | 39,640.92 |
| E. | Vice President GMM Search | 89,298.61 |
| F. | Senior Vice President Merchandising Search | <u>47,500.00</u> |
| | | $260,107.74 |

5. The total amount of due to RRA under its executory agreements with Debtor therefore is $260,107.74 (the "Cure Amount").

6. The Cure Amount represents the amount currently due and owing to RRA under the above-described executory contracts as of July 14, 2009. In addition, RRA is continuing to incur out-of-pocket recruiting related expenses and may be entitled to additional payments based upon the total of the first year's compensation required to attract successful candidates under the Senior Vice President Merchandising Search.

7. Notwithstanding the foregoing, in order to assume any of the above-described executory contracts, the Debtor remains liable for, and must satisfy in connection therewith all subsequently accruing charges under the above-described executory contracts as well as adequate assurance of future performance, neither of which is waived and the right to assert any such claim is expressly reserved.

8. RRA objects to any assumption of the above-described executory contracts without Debtor's provision of adequate assurance of future performance in accordance with §365 of the Bankruptcy Code. The Debtors have failed to provide such adequate assurances as of the date hereof.

WHEREFORE, RRA respectfully requests that the Cure Amount be established at $260,107.74, in connection with any proposed assumption of the executory contracts between RRA and Debtor as set forth herein, subject to the further accrual additional amounts due thereunder, together with such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
July 30, 2009

                                        CHARLES E. BOULBOL, P.C.

                                        By:       / s /
                                                  Charles E. Boulbol (CB-1049)
                                                  26 Broadway, 17th Floor
                                                  New York, New York 10004
                                                  (212) 825-9457
                                                  Attorneys for
                                                  Russell Reynolds Associates, Inc.