# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EBHI Holdings, Inc., et al.,[1] | ) Case No. 09-12099 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | Docket Ref No. 508 |

## ORDER, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE APPROVING PAYMENT OF CERTAIN CURE AMOUNTS

Upon the motion, dated June 17, 2009 (the "**Motion**"),[2] of Eddie Bauer Holdings, Inc. and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 365, and 503 of chapter 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for Sale of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: EBHI Holdings, Inc. f/k/a Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Amargosa, Inc. f/k/a Eddie Bauer, Inc., a Delaware corporation (9737); Gobi Fulfillment Services, Inc. f/k/a Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Arabian Diversified Sales, LLC f/k/a Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Gibson Services, LLC f/k/a Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Karakum International Development, LLC f/k/a Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Simpson Information Technology, LLC f/k/a Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Sandy Financial Services Acceptance Corporation f/k/a Financial Services Acceptance Corporation, a Delaware corporation (7532); and Sonoran Acceptance Corporation f/k/a Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for EBHI Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004.

[2] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Motion.

Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 24]; and a hearing on the Motion having been held on July 22, 2009 (the "**Sale Approval Hearing**"); and this Court having entered an order dated July 23, 2009 (the "**Sale Order**"), (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assigment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 508]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having conducted a hearing on the disputed cure amounts on August 18, 2009 (the "**Supplemental Cure Objection Hearing**"); and all parties in interest having been heard or having had the opportunity to be heard; and upon the arguments of counsel made, and the evidence adduced, at the Sale Approval Hearing and the Supplemental Cure Objection Hearing; and upon the record of the Sale Approval Hearing, the Supplemental Cure Objection Hearing and these chapter 11 cases and proceedings, and after due deliberation thereon, and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[3]

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

A. **Jurisdiction and Venue**. This Court has jurisdiction over the Motion and the Transactions under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014 and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

NOW, IT IS HEREBY ORDERED THAT:

1. The Sale Order remains in full force and effect and the relief granted in this Order is not in replacement of the relief granted in the Sale Order.

2. All objections filed by the non-Debtor counterparties to the Resolved Contracts (defined below) are hereby deemed withdrawn and dismissed with prejudice.

3. The Debtors shall pay the Cure Amounts, if any, as set forth on Exhibit 1 for the corresponding executory contracts (collectively, the "***Resolved Contracts***" and individually each a "***Resolved Contract***") no later than 10 days after the entry of this Order or as soon as reasonably practicable thereafter.

4. All Cure Amounts paid pursuant to this Order shall be in full and final satisfaction of any amounts owing under the Resolved Contracts and the non-Debtor counterparties to the Resolved Contract are forever barred from asserting any claims for damages associated with the Resolved Contracts.

5. The Debtors are authorized to take any action necessary to implement the terms of this Order and the assumption and assignment of the Assumed Contracts without further order from this Court.

6. Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Order shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the ten (10) day stay provided in such rules is hereby expressly waived and shall not apply.

7. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

Dated: August 18, 2009
Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE