# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBHI HOLDINGS, INC., *et al.*,[1] | ) | Case No. 09-12099 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Hearing Date: 9/21/09 @ 11:30 a.m. |
| | | Objection Deadline: 9/14/09 @ 4:00 p.m. |

## MOTION OF R.R. DONNELLEY & SONS COMPANY FOR ENTRY OF AN ORDER VACATING SALE ORDER SOLELY WITH RESPECT TO DONNELLEY'S CURE AMOUNT AND RELATED RELIEF

R.R. Donnelley & Sons Company ("Donnelley"), by and through its undersigned attorneys, hereby requests the entry of an order, pursuant to Fed. R. Civ. P. 60(b), made applicable in this case by Fed. R. Bankr. P. 9024, vacating solely with respect to Donnelley's cure amount this Court's July 23, 2009 Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 508] (the "Sale Order") and amending Exhibit D of the Sale Order to reflect $979,529.51 as the proper cure amount for Donnelley. In support of its Motion, Donnelley states as follows:

## JURISDICTION

1. On June 17, 2009 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed its voluntary petition for relief under chapter 11 of title 11 of

---

[1] The Debtors include Eddie Bauer, Inc., a Delaware corporation.

{93013}

the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (N) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Donnelley is a full-service provider of printed goods and related services, including document-based business process outsourcing. Donnelley provides solutions in commercial printing, direct mail, financial printing, product customization, print fulfillment, forms and labels, logistics, call centers, transactional print-and-mail, print management, online services, digital photography, color services, and content and database management to customers in the publishing, healthcare, insurance, advertising, non-profit, consumer package goods, retail, technology, financial services and many other industries. Declaration of Dan Pevonka ("Pevonka Decl.") at ¶ 2, a copy of which is attached hereto as Exhibit A.

4. Prior to the Petition Date, Donnelley provided to Eddie Bauer, Inc. ("Eddie Bauer") goods and services pursuant to the Eddie Bauer Agreement for Printing & Electronic Publishing Services dated July 7, 2004, among R.R. Donnelley & Sons Company and Eddie Bauer, Inc., as amended by Amendment Number One dated as of November 18, 2005 and Amendment Number Two, dated November 12, 2007 (the "Agreement"). Pevonka Decl. at ¶ 3. The Agreement provides that any notices by Eddie Bauer to Donnelley should be sent as follows:

> R.R. Donnelley & Sons Company
> 111 South Wacker Drive
> Chicago, Illinois 60606-4301
> Attn: General Counsel

(the "Notice Address"). Pevonka Decl. at ¶ 5.

5. On the Petition Date, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105(a), 363, 365, and Bankruptcy Rules 2002, 6004, 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for the Sale of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 24] (the "Sale Motion"). In the Sale Motion, the Debtors requested the Court to establish procedures relating to the potential assumption and assignment of executory contracts. According to the Affidavit of Service of Amber M. Cerveny [Docket No. 100], the Sale Motion was not served upon Donnelley or at the Notice Address.

6. On June 30, 2009, the Court entered the Order Pursuant to 11 U.S.C. §§ 105(a), 363, 365, and Bankruptcy Rules 2002, 6004, 6006 (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for the Sale of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and leases to Be Assigned; and (E) Granting Certain Related Relief [Docket No. 222] (the "Procedures Order"). Paragraph 15 of the Procedures Order provided that

"[w]ithin two (2) days after entry of this Bidding Procedures Order or as soon thereafter as practicable, the Debtors will file a notice of cure amount (the "**Cure Notice**"), substantially in the form attached to the [Sale Motion] as Exhibit F, with this Court and serve the Cure Notice on all non-debtor parties to any executory contracts and leases (other than unexpired real property leases) (the "**Contract Notice Parties**") that may be assumed by the Debtors and assigned to the Successful Bidder...." Paragraph 16 of the Procedures Order further provided that "[t]he Cure Notice shall state the cure amounts that the Debtors believe are necessary to assume such executory contracts or leases pursuant to section 365 of the Bankruptcy Code (the "**Cure Amount**") and notify the non-debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Assets to be identified at the conclusion of the Auction."

7. According to the Affidavit of Service of David J. Steinhafel [Docket No. 314], on July 2, 2009, the Debtors sent the Notice of Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Interests dated June 30, 2009 [Docket No. 297] (the "**Sale Notice**") to Donnelley at the Notice Address but did not direct the Sale Notice to the attention of anyone, let alone the attention of "General Counsel" in accordance with the Agreement.

8. According to the Affidavit of Service of Patrick J. Ivie [Docket No. 301], on July 2, 2009, the Debtors also sent the Notice of (I) Cure Amount with Respect to Executory Contracts to Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts dated June 30, 2009 [Docket No. 299] (the "Cure Notice") to Donnelley at the Notice Address but again did not direct the Cure Notice to the attention of anyone. Exhibit 1 to the Cure Notice listed Donnelley's cure amount as $0.00 (the "Listed Cure Amount").

9. Donnelley's cure amount should have been listed as $979,529.51 (the "Actual Cure Amount"). Pevonka Decl. at ¶ 6; Declaration of Marv Toland ("Toland Decl.") at ¶ 3, a

copy of which is attached hereto as Exhibit B. Indeed, the Debtors conceded that the Cure Notice was incorrect when, on July 10, 2009, the Debtors filed their Schedules and Statements [Docket No. 329], in which the *Debtors scheduled the claim of Donnelley at $986,176.* (A copy of the relevant page is attached as Exhibit C). Despite this acknowledgement of the fact that the cure amount was over $970,000, the Debtors never corrected the cure amount listed for Donnelley in Exhibit D to the Sale Order.

10. On July 23, 2009, this Court entered the Sale Order. Paragraph 18 of the Sale Order, along with Exhibit D to the Sale Order, provided that Donnelley's cure amount was $0.00, consistent with the Listed Cure Amount but vastly different than the Actual Cure Amount.

11. Since the Petition Date, Dan Pevonka, Director of Credit Services for Donnelley, had been communicating with Marv Toland, Eddie Bauer's Chief Financial Officer at the time, regarding the Agreement, the prepetition balances due under the Agreement and postpetition credit terms. Pevonka Decl. at ¶¶ 3-4. After the Petition Date, Mr. Toland informed Mr. Pevonka that Donnelley would not be designated as a critical vendor, and Donnelley continued to provide goods to and perform services for Eddie Bauer on a cash-in-advance basis. Pevonka Decl. at ¶ 3.

12. After Everest Holdings LLC ("Everest") was named the successful bidder for the sale of the Debtors' assets, on July 19, 2009 Tom Kazunas, Eddie Bauer's VP of Marketing, contacted Mr. Pevonka to request open credit terms. Pevonka Decl. at ¶ 6. Mr. Pevonka then contacted Mr. Toland on July 21, 2009 to discuss the potential assumption of the Agreement. Pevonka Decl. at ¶ 4. Mr. Pevonka followed up with Mr. Toland on August 5, 2009 and received a response from Mr. Toland, stating that he was waiting on additional information from Golden Gate Capital concerning the assumption and questioning why Donnelley did not object to

the Listed Cure Amount. Pevonka Decl. at ¶ 4. Mr. Toland acknowledged to Mr. Pevonka that the Listed Cure Amount was an error. Toland Decl. at ¶ 3; Pevonka Decl. at ¶ 3. Debbie Steenfott of Eddie Bauer has also confirmed that according to Eddie Bauer's records the Actual Cure Amount is the correct prepetition balance under the Agreement. Pevonka Decl. at ¶ 6. Before Mr. Toland's query, neither Mr. Pevonka, Donnelley's General Counsel, nor any of Donnelley's other officers had knowledge of the Cure Notice. Pevonka Decl. at ¶ 4.

13. On August 4, 2009, the Debtors filed the Notice of Assumption and Assignment of Executory Contracts [Docket No. 557] (the "Assumption Notice"). Donnelley was not listed on the Assumption Notice, and the Agreement has not yet been designated for assumption or rejection. Pursuant to paragraph 11 of the Sale Order, Everest has until October 15, 2009 to designate the Agreement for assumption and assignment.

## RELIEF REQUESTED

14. For the reasons set forth below, Donnelley respectfully requests that this Court enter an order (i) finding that (a) service of the Sale Motion and Cure Notice was ineffective as to Donnelley; (b) Donnelley's cure amount is $979,529.51; (ii) vacating the Sale Order with respect to the Listed Cure Amount; and (iii) providing that Exhibit D to the Sale Order is amended to reflect $979,529.51 as Donnelley's cure amount.

## BASIS FOR RELIEF

### A. The Sale Order Is Void With Respect to Donnelley.

15. Pursuant to Fed. R. Civ. P. 60(b)(4), made applicable by Fed. R. Bankr. P. 9024, a court may relieve a party from a final order if it is void. Fed. R. Civ. P. 60(b)(4). The Sale Order is void as to Donnelley with respect to the Listed Cure Amount and the potential

assumption of the Agreement, because Eddie Bauer failed to properly serve Donnelley pursuant to Fed. R. Bankr. P. 7004(b)(3).

16. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Strict compliance with the Federal Rules of Civil Procedure, or in this case, the Bankruptcy Rules, is necessary to provide parties with "just such notice which satisfies constitutional due process requirements." *Schwab v. Assocs. Commercial Corp. (In re C. V.H. Transp., Inc.)*, 254 B.R. 331, 333 (Bankr. D. Pa. 2000).

17. The United States Court of Appeals for the Third Circuit has stated that "[t]he applicable Federal Rule provides that valid corporate service can be effected only if certain designated personnel are served, *viz*, an officer or qualified agent thereof." *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 (3d Cir.1971). The Third Circuit has also held that "notice cannot by itself validate an otherwise defective service." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir.1993). Accordingly, "a default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *See also In re Sun Healthcare Group, Inc.*, 2004 WL 941190, at *2 (Bankr. D. Del. Apr. 30, 2004) (Walrath, J.) (vacating under Fed. R. Civ. P. 60(b)(4) judgments obtained after invalid service of process because of debtors' failure to comply with the literal requirements of Fed. R. Bankr. P. 7004(b)(3) by failing to address service to the attention of a requisite officer or agent).

18. Fed. R. Bankr. P. 6006 governs the assumption, rejection, or assignment of executory contracts. Rule 6006(a) provides that a proceeding to assume, reject, or assign an executory contract, other than as part of a plan, is a contested matter, governed by Fed. R. Bankr. P. 9014. Rule 9014 provides that motions in contested matters must be served in the same manner provided for service of a summons and complaint in Fed. R. Bankr. P. 7004, which provides for service by mail:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint *to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law* to receive service of process....

Fed. R. Bankr. P. 7004(b)(3) (emphasis added). Courts have observed that nationwide service of process by mail is a rare privilege that should not be taken lightly or abused. *See, e.g., In re M&L Business Machine Co.*, 190 B.R. 111, 115 (D. Colo. 1995). The Debtors have admitted in their affidavits of service that, even though the Agreement provides that all notices should be delivered to the attention of Donnelley's General Counsel, the Sale Motion, the Sale Notice and the Cure Notice were not addressed to the attention of any officer, managing or general agent of Donnelley. The Debtors' failure to address the service of process to the attention of Donnelley's General Counsel (or any other officer or agent of Donnelley) violates Rule 7004(b)(3). *See In re Golden Books Family Ent'mt, Inc.*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (concluding that notice documents relating to the assumption, rejection or assignment of executory contracts that fail to address any of the copies of the notice to a person of authority or to a person authorized to accept service are deficient).

19. Due to the failure of the service of process, the Court never acquired personal jurisdiction over Donnelley. Thus, the Sale Order is void with respect to Donnelley and the Listed Cure Amount, and the Sale Order should be set aside pursuant to Fed. R. Civ. P. 60(b)(4).

B. **Exhibit D to the Sale Order Mistakenly Listed Donnelley's Cure Amount as $0.00.**

20. Pursuant to Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024, a court may also relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Where an order contains exhibits that mistakenly or inadvertently represent the Debtors' intent with respect to the treatment of executory contracts, the order may be vacated to correct the mistake. *See Sleepmaster Finance Corp.*, 284 B.R. 411, 413 (Bankr. D. Del. 2002).

21. In this case, Mr. Toland has admitted that Eddie Bauer mistakenly listed Donnelley's cure amount as $0.00 on the Cure Notice and Exhibit D to the Sale Order. Moreover, Ms. Steenfott has verified that Exhibit D to the Sale Order should have listed the cure amount as the Actual Cure Amount (i.e., $979,529.51).

WHEREFORE, Donnelley respectfully requests that the Court enter an order: (i) vacating the Sale Order with respect to the Listed Cure Amount; (ii) providing that Exhibit D to the Sale Order is amended to reflect $979,529.51 as Donnelley's cure amount; and (iii) granting such other and further relief as may be just and proper under the circumstances.

Dated: September 2, 2009

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (DE No. 2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Courier 19801
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

– and –

Jeffrey L. Widman (IL 6226367)
Mark L. Radtke (IL 6275738)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, Illinois 60654
Tel: (312) 276-1325
Fax: (312) 275-0566
mradtke@shawgussis.com

*Attorneys for R. R. Donnelley & Sons Company*