IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
In re                            :    Chapter 11
                                 :
EDDIE BAUER HOLDINGS, INC.,      :
et al.,[1]                       :    Case No. 09-12099 (MFW)
                                 :
              Debtors.           :    (Jointly Administered)
                                 :
---------------------------------x

# FIRST SUPPLEMENTAL DECLARATION OF BRADLEY I. DIETZ IN SUPPORT OF FIRST AND FINAL APPLICATION OF PETER J. SOLOMON COMPANY AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS FOR INTERIM AND FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 17, 2009 THROUGH JULY 31, 2009

I, Bradley I. Dietz, hereby declare as follows:

1.  I am a Managing Director of Peter J. Solomon Company ("PJSC"). PJSC was retained as financial advisor and investment banker by the above-captioned debtors and debtors in possession (the "Debtors") nunc pro tunc to June 17, 2009, pursuant to this Court's order dated July 7, 2009 [Docket No. 310] (the "Retention Order"). I submit this first supplemental declaration in support of the First and Final Application of Peter J. Solomon Company as Investment Banker and Financial Advisor to the Debtors for Interim and Final Allowance of Compensation and Reimbursement of Expenses for the Period From June 17, 2009

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Eddie Bauer, Inc., a Delaware corporation (9737); Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Financial Services Acceptance Corporation, a Delaware corporation (7532); and Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for Eddie Bauer Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., Canadian affiliates of the Debtors, commenced a proceeding before the Ontario Superior Court of Justice (Commercial List), for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

through July 31, 2009, dated August 28, 2009 [Docket No. 677] (the "Application"), and, at the request of the United States Trustee for the District of Delaware, to further describe the basis for PJSC's compensation request therein. By the Application, PJSC is seeking, among other relief, the allowance of fees of $2,950,000.00 (the "Fee Request") and reimbursement of expenses in the amount of $66,133.13, plus authority for the Debtors to reimburse PJSC for expenses relating to the processing and defense, if any, of the Application.

2. Pursuant to section 3 of the engagement letter between Eddie Bauer Holdings, Inc. and PJSC, dated June 9, 2009 (as approved and modified by the Retention Order, the "Engagement Letter"), PJSC was authorized to receive a financial advisory fee of $200,000 per month (the "Monthly Fee") for the term of the engagement, plus the following Transaction Fees:[2]

    (a)    a Restructuring/Amendment Transaction Fee of $2,250,000 less 50% of any Financing Transaction Fee paid by the Debtors and not previously credited;

    (b)    a Financing Transaction[3] Fee equal to: (i) 1% of the gross proceeds for senior debt, plus (ii) 3% of the gross proceeds for subordinated debt;

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Engagement Letter.

[3] Pursuant to section 3 of the Engagement Letter, PJSC was entitled to a Financing Transaction Fee in the event of a Financing Transaction. The Engagement Letter defines a Financing Transaction as a transaction in which:

> [T]he Company or any of its subsidiaries raises new debt from any bank, financial institution, or other financing source, including, without limitation . . . through any debtor-in-possession ("DIP") or exit financing in connection with a case under the Bankruptcy Code by the Company or any of its subsidiaries, in each case from any source including, without limitation, any of the Company's existing creditors . . . but excluding (a) the exercise of compensatory options or the issuance of warrants to (or the exercise thereof by) the lenders under the terms of the Company's existing senior term loan, (b) an underwritten public offering or other broadly marketed offering under Rule 144A or a similar structure which is underwritten or lead managed by a bulge bracket investment bank, (c) an extension of the Company's existing credit facility at market rates, (d) a revolving credit facility related to the Company's exit financing from a Chapter 11 Proceeding that

(c) a Sale Transaction Fee[4] of $2,250,000, less 50% of any Financing Transaction Fee paid by the Debtors and not previously credited, and less any amount paid in connection with the rendering of an Opinion by PJSC in connection with the Sale Transaction (an "Opinion Fee"); and/or

(d) an Opinion Fee of $500,000, payable on the date on which PJSC renders an Opinion.

3. As described in paragraphs 16 through 20 of the Application, PJSC advised and assisted the Debtors in connection with the sale of substantially all of their assets to Golden Gate Capital (the "363 Sale"). On July 22, 2009, the Court entered an order approving the 363 Sale [Docket No. 508], and the 363 Sale was consummated on August 3, 2009. The 363 Sale constitutes a Sale Transaction. Accordingly, PJSC is entitled to a Sale Transaction Fee of $2,250,000.00.

4. As described in paragraphs 13 through 15 of the Application, PJSC advised and assisted the Debtors in procuring DIP financing from a group of lenders for which Bank of America, N.A. served as agent (the "DIP Lenders"). The DIP financing facility (the

---

is structured as a rollover or extension of any DIP financing, or (e) any financing obtained for any purchaser or any new company formed by any purchaser of the Company's assets or business for which the purchaser did not receive the assistance of PJSC . . . .

[4] Pursuant to section 3 of the Engagement Letter, PJSC was entitled to a Sale Transaction Fee in the event of a Sale Transaction, which is a transaction:

[I]nvolving . . . an acquisition of all or substantially all of the assets or business of the Company and its subsidiaries, measured on a consolidated basis . . . whether or not such transaction is effectuated in-court, out-of-court, through a credit bid in a bankruptcy proceeding, or through the confirmation of a plan of reorganization or liquidation of the Company (excluding a Chapter 7 liquidation prior to or after the occurrence of a transaction that qualifies as a Sale Transaction hereunder (in which case PJSC shall only be entitled to a Transaction Fee with respect to such Sale Transaction)) or otherwise under the Bankruptcy Code, and whether through a sale or exchange of capital stock or assets, . . . , a Chapter 11 Proceeding (including a Section 363 sale), or any other business combination or similar transaction.

"DIP Facility") was a senior revolving credit facility with a maximum borrowing amount of $100,000,000.00, secured by a first priority lien on substantially all of the Debtors' assets. The Court entered a final order authorizing the Debtors to incur indebtedness under the DIP Facility on July 7, 2009 [Docket No. 313]. The Debtors' entry into the DIP Facility constitutes a Financing Transaction. Accordingly, PJSC is entitled to a Financing Transaction Fee of one percent (1%) of $100,000,000.00, or $1,000,000.00.

5. PJSC also is entitled to a Monthly Fee of $200,000.00 for services rendered during the period July 1, 2009 through and including July 31, 2009.

6. Based on the foregoing, the Fee Request of $2,950,000.00 by PJSC under the Engagement Letter is comprised of:

(a) a Sale Transaction Fee of $2,250,000.00; plus

(b) $500,000 (50% of the Financing Transaction Fee of $1,000,000.00); plus

(c) a Monthly Fee of $200,000.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
September 10, 2009

PETER J. SOLOMON COMPANY

BY: _____
Bradley I. Dietz
Managing Director
520 Madison Avenue, 29th Floor
New York, NY 10022