IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EBHI HOLDINGS, INC., et al.,[1] | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | **Docket Ref. No. 700** |

## DEBTORS' RESPONSE TO MOTION OF R.R. DONNELLEY & SONS COMPANY FOR ENTRY OF AN ORDER VACATING SALE ORDER SOLELY WITH RESPECT TO DONNELLEY'S CURE AMOUNT AND RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby file this response (the "**Response**") to the motion (the "**Motion**")[2] of R.R. Donnelley & Sons ("**Donnelley**") for entry of an order vacating the Sale Order solely with respect to Donnelley's cure amount and amending Exhibit D of the Sale Order to reflect $979,519.51 as the proper cure amount for Donnelley (the "**Claimed Cure Amount**"). In support of this Response, the Debtors respectfully state as follows:

## Background

1. The Debtors commenced these above-captioned cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on June 17, 2009 (the "**Petition Date**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: EBHI Holdings, Inc. f/k/a Eddie Bauer Holdings, Inc., a Delaware corporation (2352); Amargosa, Inc. f/k/a Eddie Bauer, Inc., a Delaware corporation (9737); Gobi Fulfillment Services, Inc. f/k/a Eddie Bauer Fulfillment Services, Inc., a Delaware corporation (0882); Arabian Diversified Sales, LLC f/k/a Eddie Bauer Diversified Sales, LLC, a Delaware limited liability company (1567); Gibson Services, LLC f/k/a Eddie Bauer Services, LLC, an Ohio limited liability company (disregarded); Karakum International Development, LLC f/k/a Eddie Bauer International Development, LLC, a Delaware limited liability company (1571); Simpson Information Technology, LLC f/k/a Eddie Bauer Information Technology, LLC, a Delaware limited liability company (disregarded); Sandy Financial Services Acceptance Corporation f/k/a Financial Services Acceptance Corporation, a Delaware corporation (7532); and Sonoran Acceptance Corporation f/k/a Spiegel Acceptance Corporation, a Delaware corporation (7253). The mailing address for EBHI Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004.

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

2. On June 30, 2009, the Debtors filed the Notice of (I) Cure Amount with Respect to Executory Contracts to be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts (the "**Cure Notice**") [Docket No. 299] as required by the Order Pursuant to 11 U.S.C. §§ 105(A), 363, 365, and Bankruptcy Rules 2002, 6004, 6006 (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for the Sale of All of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of All of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief (the "**Bidding Procedures Order**") [Docket No. 222] entered by this Court on June 30, 2009.

3. Paragraph 1 of the Cure Notice provides notice that the Debtors are party to various executory contracts and unexpired leases (the "**Contracts**"), as set forth on Exhibit 1 of the Cure Notice, and that the Debtors intend to seek to assume and assign some or all of the Contracts in connection with the proposed sale of the Debtors' assets. Paragraph 2 of the Cure Notice states that the recipient of the Cure Notice has been identified as a party to a contract set forth on Exhibit 1 to the Cure Notice. Paragraph 3 of the Cure Notice provides that Exhibit 1 to the Cure Notice sets forth the amount the Debtors' records reflect as owing for all arrearages due prior to the closing of the Sale (the "**Cure Amount**"). Paragraph 4 of the Cure Notice provides that objections, if any, to the proposed Cure Amount must be served and filed before 4:00 p.m. on July 16, 2009.

4. Page 9 of Exhibit 1 to the Cure Notice lists Donnelley's cure amount as $0.00 (the "**Listed Cure Amount**").

5.  As set forth in the Affidavit of Service of Patrick J. Ivie [Docket No. 301], the Cure Notice was served on Donnelley on July 2, 2009.

6.  On June 30, 2009, the Debtors filed a Notice of Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Interests (the "**Sale Notice**") [Docket No. 297] providing notice that the Debtors were selling substantially all of their assets. Paragraph 4 of the Sale Notice provides that "Objections, if any, to the proposed cure amount, or to the possible assumption of an executory contract" must be made before 4:00 p.m. on July 16, 2009.

7.  As set forth in the Affidavit of Service of David J. Steinahfel [Docket No. 314], the Sale Notice was served on Donnelley on July 2, 2009.

8.  On July 23, 2009, the Court entered its Order (A) Approving the Sale of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. §365(D)(4) (the "**Sale Order**") [Docket Number 508].

9.  Paragraph 18 of the Sale Order required the Debtors to set aside in a segregated account the aggregate Cure Amounts (the "**Cure Escrow Account**") as set forth on Exhibit D of the Sale Order. Exhibit D listed the amounts due to the parties who did not object to the Cure Notice and the amounts for those objections to the Cure Notice that the Debtors resolved prior to the entry of the Sale Order. Donnelley was listed on page 16 of Exhibit D with an "Unobjected to or Resolved Cure Amount" in the amount of $0.00. As a result, $0.00 was placed in the Cure Escrow Account on account of the Listed Cure Amount. The liens of the Debtors' secured lenders did not attach to the money set aside in the Cure Escrow Account and

the other escrow accounts established by the Debtors in accordance with the Sale Order to ensure that the Debtors have sufficient unencumbered funds to pay the Cure Amounts if the Debtors elect to assume and assign the corresponding Contracts.

10. Paragraph 11 of the Sale Order provides that the assignment deadline for certain Specified Contracts as defined in the Purchase agreement is October 15, 2009. As set forth in <u>Exhibit A</u> to the Notice of Non-Material Amendment to Purchase Agreement and Transitional Services Agreement [Docket No. 533] filed by the Debtors on July 29, 2009, the agreement between Donnelley and the Debtors is a Specified Contract. To date, the Debtors have not determined whether the contract with Donnelley will be assumed and assigned.

11. The sale of substantially all of the Debtors' assets which was approved by the Sale Order was consummated on August 3, 2009 (the "**Consummation Date**").

12. Upon the Consummation Date (a) the Debtors' authority to use cash collateral expired, (b) the Debtors' obligations arising under the debtor in possession financing were paid in cash and satisfied in full, (c) the agent, for the benefit of the secured term lenders, received a payment of $135 million in partial satisfaction of the pre-petition obligations, (d) $11 million was deposited with the Canadian Monitor to be held pending resolution of the Canadian CCAA Cases, and (e) various segregated deposit accounts including, without limitation, the Cure Account Escrow were established and funded. After making the payments described above, the Debtors' estates held approximately $39.6 million in sale proceeds. As set forth in the Sale Order, liens, claims, interests and encumbrances attach to the sale proceeds in the same order and priority as they existed prior to the Consummation Date.

13. On September 2, 2009, Donnelley filed the Motion claiming that service of the Sale Motion and Cure Notice was ineffective because the service was not directed to the

attention of the appropriate Donnelley personnel, and that, as a result, this Court should vacate the Sale Order with respect to the Listed Cure Amount and order that <u>Exhibit D</u> of the Sale Order be amended to reflect Donnelley's Claimed Cure Amount (e.g., $979,529.51).

## Response

14. The Debtors believe that the service of process on Donnelley with respect to the Sale Notice and the Cure Notice was proper.

15. The Debtors and various other constituents in these cases relied on the fact that Donnelley did not object to the Cure Notice in calculating the appropriate amount of funds to deposit in the Cure Escrow Account. As noted above, the Cure Escrow Account was created to ensure that the Debtors' estates have sufficient unencumbered funds to pay those parties listed on the Cure Notice whose Contracts are subsequently assumed and assigned by the Debtors.

16. As a result of Donnelley's failure to timely object to the Listed Cure Amount in the Cure Notice, the Debtors did not deposit funds to pay Donnelley's Claimed Cure Amount in the Cure Escrow Account. Other creditors of the Debtor now allege that they have a lien on all remaining sale proceeds and they object to the transfer of any additional funds to the Cure Escrow Account, an account which is free and clear of all liens.

17. After reviewing their books and records, the Debtors do not dispute Donnelley's claim that $979,529.51 represents the correct amount owed to Donnelley by the Debtors.

18. To the extent that the Court finds that the Cure Notice which was served on Donnelley was insufficient, the Debtors request instruction from this Court regarding whether the Debtors should transfer $979,529.51 free and clear of all liens into the Cure Escrow Account

for the purpose of satisfying the Claimed Cure Amount if the Debtors assume and assign Donnelley's Contract.

WHEREFORE, the Debtors respectfully request that the Court enter an order determining whether service on Donnelley was proper and if it was not instructing them as to whether they should transfer $979,5219.51 into the Cure Escrow Account free and clear of all liens, claims, interests and encumbrances.

Dated: September 14, 2009
      Wilmington, Delaware

Respectfully Submitted,

/s/ Kara Hammond Coyle
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

David S. Heller
Josef S. Athanas
Caroline A. Reckler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

-and-

Heather L. Fowler
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION