## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBHI Holdings, Inc., et al.,[1] | ) | Case No. 09-12099 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

Docket Ref. Nos. 700 and 733

## ORDER ESTABLISHING THE CURE AMOUNT OF R.R. DONNELLEY AND ORDERING THE DEBTOR TO TRANSFER FUNDS

Upon the consideration of R.R. Donnelly & Sons Company's ("**Donnelley**") Motion for Entry of an Order Vacating Sale Order Solely with Respect to Donnelley's Cure Amount and Related Relief (the "**Motion**") and the Debtors' Response to Motion of R.R. Donnelley & Sons Company for Entry of an Order Vacating Sale Order Solely with Respect to Donnelley's Cure Amount and Related Relief (the "**Response**"); and the Court having reviewed the Motion and; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Motion was sufficient and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: EBHI Holdings, Inc., a Delaware corporation (2352); Amargosa, Inc., a Delaware corporation (9737); Gobi Fulfillment Services, Inc., a Delaware corporation (0882); Arabian Diversified Sales, LLC, a Delaware limited liability company (1567); Gibson Services, LLC, an Ohio limited liability company (disregarded); Karalcum International Development, LLC, a Delaware limited liability company (1571); Simpson Information Technology, LLC, a Delaware limited liability company (disregarded); Sandy Financial Services Acceptance Corporation, a Delaware corporation (7532); and Sonoran Acceptance Corporation, a Delaware corporation (7253). The mailing address for EBHI Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Tenere of Canada, Inc. and Yuma Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

IT IS HEREBY ORDERED THAT:

1. Notwithstanding anything in the July 23, 2009 Order (A) Approving the Sale of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. §365(D)(4) (the "**Sale Order**") to the contrary, the cure amount with respect to the executory contract between the Debtors and Donnelley shall be, and hereby is, $979,529.51.

2. The Debtors shall transfer, within five business days of entry of this Order, an additional $979,529.51 (the "**Cure Amount**") of sale proceeds free and clear of all liens, claims, interests and encumbrances to the segregated account established pursuant to Paragraph 19 of the Sale Order (the "**Segregated Escrow Account**").

3. In the event that the executory contract between the Debtors and Donnelley is assumed and assigned by the Debtors, then the Debtors shall pay Donnelley the Cure Amount from funds in the Segregated Escrow Account in accordance with the terms and conditions of the Sale Order.

4. Except as expressly provided for herein, nothing herein shall amend, modify, supersede, or otherwise alter the terms, protections, or other rights arising under the Sale Order and the Sale Order remains in full force and effect.

5.  This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

Dated: September 21, 2009
       Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE