# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EBHI Holdings, Inc., et al.,[1] | ) Case No. 09-12099 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | Docket Ref. Nos. 508, 603, 842, 861, 867 and 868 |

## ORDER, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 APPROVING THE REJECTION OF UNEXPIRED REAL PROPERTY LEASE AND OVERRULING THE OBJECTIONS OF DISTRIBUTION MANAGEMENT GROUP, INC.

Upon the motion, dated June 17, 2009 (the "**Motion**"),[2] of Eddie Bauer Holdings, Inc. and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 365, and 503 of chapter 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of All of the Debtors' Assets; (B) Approving Bid Protections for Sale of the Debtors' Assets; (C) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: EBHI Holdings, Inc., a Delaware corporation (2352); Amargosa, Inc., a Delaware corporation (9737); Gobi Fulfillment Services, Inc., a Delaware corporation (0882); Arabian Diversified Sales, LLC, a Delaware limited liability company (1567); Gibson Services, LLC, an Ohio limited liability company (disregarded); Karalcum International Development, LLC, a Delaware limited liability company (1571); Simpson Information Technology, LLC, a Delaware limited liability company (disregarded); Sandy Financial Services Acceptance Corporation, a Delaware corporation (7532); and Sonoran Acceptance Corporation, a Delaware corporation (7253). The mailing address for EBHI Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Tenere of Canada, Inc. and Yuma Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Sale Order.

(II) Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 24]; and a hearing on the Motion having been held on July 22, 2009 (the "**Sale Approval Hearing**"); and this Court having entered an order dated July 23, 2009 (the "**Sale Order**"), (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 508]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having conducted a hearing on October 22, 2009 (the "**Objection Hearing**"); and all parties in interest having been heard or having had the opportunity to be heard; and upon the arguments of counsel made, and the evidence adduced, at the Sale Approval Hearing and the Objection Hearing; and upon the record of the Sale Approval Hearing, the Objection Hearing and these chapter 11 cases and proceedings, and after due deliberation thereon, and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[3]

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

A. **Jurisdiction and Venue**. This Court has jurisdiction over the Motion and the Transactions under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014 and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

NOW, IT IS HEREBY ORDERED THAT:

1. The Sale Order remains in full force and effect and the relief granted in this Order is not in replacement of the relief granted in the Sale Order.

2. The Objection of Distribution Management Group, Inc. to Partial Assumption and Assignment of DMG-FedEx Contracts and DMG Confidentiality Agreement to Everest Holdings LLC [Docket No. 603], Supplement to Objection of Distribution Management Group, Inc. to Partial Assumption and Assignment of DMG-FedEx Contracts and DMG Confidentiality Agreement to Everest Holdings LLC [Docket No. 867], and Objection of Distribution Management Group, Inc. to Rejection of Consulting and Confidentiality Agreement [Docket No. 868] are hereby overruled on the merits with prejudice.

3. The rejection of the contract on <u>Exhibit 1</u> to the Notice of Rejection of Unexpired Executory Contract filed on October 8, 2009 [Docket No. 842], referred to as the Consulting and Confidentiality Agreement between Eddie Bauer, Inc. and Distribution Management Group, Inc. (the "**Contract**"), is hereby approved.

4. Any claims against the Debtors arising from the rejection of the Contract must be filed in accordance with the procedures for filing of proofs of claim as set forth in the Sale Order on or before the date that is 30 days after the effective date of rejection of the Contract. If a Contract counterparty does not properly and timely file such proof of claim, the Contract counterparty shall be forever barred from asserting any claims for such rejection damages.

5. The Debtors are authorized to take any action necessary to implement the terms of this Order and the rejection of the Contract without further order from this Court.

6. The rejection of the Contract shall be effective as of October 22, 2009.

7. Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Order shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the ten (10) day stay provided in such rules is hereby expressly waived and shall not apply.

8. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

Dated: October 22, 2009
       Wilmington, Delaware

                                      MARY F. WALRATH
                                      UNITED STATES BANKRUPTCY JUDGE