# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EBHI HOLDINGS, INC., et al.,[1] | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | Ref. Docket No. 812 |

## ORDER, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 APPROVING THE REJECTION OF UNEXPIRED REAL PROPERTY LEASE

Pursuant to the Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Rejection Procedures and Guidelines for Conducting Store Closing Sales; and (D) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. §§ 365(d)(4) [Docket No. 508] (the "**Sale Order**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors[2] having properly filed and served a Rejection Notice in accordance with the terms of the Sale Order in respect of the Real Property Lease; and no timely

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: EBHI Holdings, Inc., a Delaware corporation (2352); Amargosa, Inc., a Delaware corporation (9737); Gobi Fulfillment Services, Inc., a Delaware corporation (0882); Arabian Diversified Sales, LLC, a Delaware limited liability company (1567); Gibson Services, LLC, an Ohio limited liability company (disregarded); Karalcum International Development, LLC, a Delaware limited liability company (1571); Simpson Information Technology, LLC, a Delaware limited liability company (disregarded); Sandy Financial Services Acceptance Corporation, a Delaware corporation (7532); and Sonoran Acceptance Corporation, a Delaware corporation (7253). The mailing address for EBHI Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Tenere of Canada, Inc. and Yuma Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order.

objections having been filed to the rejection of such Real Property Lease; and due and proper notice of the Sale Order and Rejection Notice having been provided, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor,

NOW, IT IS HEREBY ORDERED THAT:

1. The rejection of the Real Property Lease attached ~~to the Rejection Notice~~ hereto as Exhibit I is hereby approved.

2. Any claims against the Debtors arising from the rejection of Real Property Lease herein must be filed in accordance with the procedures for filing of proofs of claim as set forth in the Sale Order on or before the date that is 30 days after the effective date of rejection of the Real Property Lease. If a Real Property Lease counterparty does not properly and timely file such proof of claim, the Real Property Lease counterparty shall be forever barred from asserting any claims for such rejection damages.

3. The Debtors are authorized to take any action necessary to implement the terms of this Order and the rejection without further order from this Court.

4. The rejection of such Real Property Lease shall become effective on the later of (i) ten (10) days from the date the Rejection Notice was served on the affected landlord, or (ii) the date that the Debtor vacated the premises, as evidenced by actions such as turning over the keys or "key codes" to the affected landlord.

5. If the Debtors have deposited monies with a lessor as a security deposit or other arrangement, such lessor may not set off or recoup or otherwise use such deposit without the prior approval of the Court.

6.  This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: Oct. 22, 2009
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE