# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EBHI Holdings, Inc., *et al.*,[1] | Case No. 09-12099 (MFW) |
| Debtors. | Jointly Administered |
| | **Related Document No. 1123** |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN AND (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1125, and 1126 and Rules 2002, 3003, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure, (a) approving the Disclosure Statement, (b) establishing the applicable voting record dates, the Voting Deadline and other dates (a summary chart of which is attached hereto as Chart A), (c) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan, (d) approving the manner and forms of notice and other related documents and (e) granting other relief relating thereto as set forth herein; and it appearing that

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: EBHI Holdings, Inc., a Delaware corporation (2352); Amargosa, Inc., a Delaware corporation (9737); Gobi Fulfillment Services, Inc., a Delaware corporation (0882); Arabian Diversified Sales, LLC, a Delaware limited liability company (1567); Gibson Services, LLC, an Ohio limited liability company (disregarded); Karalcum International Development, LLC, a Delaware limited liability company (1571); Simpson Information Technology, LLC, a Delaware limited liability company (disregarded); Sandy Financial Services Acceptance Corporation, a Delaware Corporation (7532); and Sonoran Acceptance Corporation, a Delaware corporation (7253). The mailing address for EBHI Holdings, Inc. is 10401 N.E. 8th Street, Suite 500, Bellevue, WA 98004. On or about the Petition Date, Eddie Bauer of Canada, Inc. and Eddie Bauer Customer Services, Inc., affiliates of the Debtors, commenced a proceeding before the Superior Court of Justice, Commercial List, for the Judicial District of Ontario, for a plan of compromise or arrangement under the Companies' Creditors Arrangement Act.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

B. The notices attached hereto as <u>Exhibits 1, 2, 4, 5, 6, 7 and 8</u> (collectively, the "**Notices**") contain sufficient information and are appropriate under the circumstances.

C. The form of the ballots attached hereto as <u>Exhibits 3-A through 3-D</u> (collectively, the "**Ballots**") (i) are sufficiently consistent with Official Form No. 14, (ii) adequately address the particular needs of these Chapter 11 Cases and (iii) are appropriate for each class of Claims entitled under the Plan to vote to accept or reject the Plan.

D. The time period set forth below during which the Debtors may solicit votes on the Plan is a reasonable period of time for creditors to make an informed decision as to whether to accept or reject the Plan.

E. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

F.  The procedures set forth below regarding the Confirmation Hearing Notice and the contents of the Solicitation Package comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted in its entirety.

## I. Approval of the Disclosure Statement

2. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement is approved as containing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code, and the Debtors are authorized to distribute the Disclosure Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

3. The Disclosure Statement Notice attached hereto as Exhibit 1 is approved pursuant to Bankruptcy Rules 2002 and 3017.

4. The notice and objection procedures provided in connection with the Disclosure Statement Hearing were reasonable and appropriate under the circumstances, and such notice and objection procedures were adequate pursuant to Bankruptcy Rule 3017.

## II. Confirmation Hearing and Objections

5. Pursuant to Bankruptcy Rule 3020(b)(2), the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") shall be on March 18, 2010 at 3:00 p.m. prevailing Eastern Time.

6. Pursuant to Bankruptcy Rule 3020(b)(1), the deadline (the "**Confirmation Objection Deadline**") for filing and serving objections to confirmation of the Plan ("**Confirmation Objections**") shall be March 4, 2010 at 4:00 p.m. prevailing Eastern Time.

7. The Confirmation Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and

amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be **actually received** by each of the following parties (the "**Notice Parties**") on or before the Confirmation Objection Deadline:

(a) Counsel to the Debtors, Latham & Watkins LLP, Suite 5800, 233 South Wacker Drive, Chicago, Illinois 60606 (Attn: Josef S. Athanas) and Young Conaway, Stargat & Taylor LLP, 1000 West Street, 17th Floor, Wilmingon, Delaware 19801 (Attn: Michael R. Nestor and Kara Hammond Coyle);

(b) Counsel to the Creditors' Committee, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Cathy Hershcopf, Seth Van Aalten and Jay Indyke) and Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801 (Attn: Bradford J. Sandler);

(c) Counsel to the Prepetition Term Loan Agent, Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, NY 10022 (Attn: Mario J. Ippolito, Esq.);

(d) Counsel to the Prepetition Term Loan Steering Committee, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019 (Attn: Barry Rutcofsky, David S. Rosner and Ronald R. Rossi);

(e) Counsel to the Prepetition Revolving Facility Agent, Bank of America, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark Collins and Lee Kaufman) and Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108 (Attn: Donald E. Rothman);

(f) Counsel to the Indenture Trustee for the $75 million 5.25% Convertible Senior Notes due 2014, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Kurt F. Gwynne); and

(g) The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David Buchbinder).

## III. Establishment of Voting Record Date and Approving Procedures for Temporary Allowance of Claims that are Subject to an Objection Filed by the Debtors

8. Pursuant to Bankruptcy Rule 3017(d), January 21, 2010 shall be the voting record date (the "**Securities Voting Record Date**") with respect to the Senior Notes and Interests (collectively, the "**Securities**") and January 28, 2010 shall be the voting record date (the "**Non-Securities Voting Record Date**" and together with the Securities Voting Record Date, the "**Voting Record Date**") with respect to all other Claims (*i.e.*, those in Classes 1, 2, 3, 6, 7B and the Allowed Other Unsecured Claim in Class 4). The Debtors shall use the applicable Voting Record Date for determining which (a) creditors are entitled to receive Solicitation Packages (b) creditors are entitled to vote to accept or reject the Plan, and (c) non-voting creditors and interest holders are entitled to receive notice of the Confirmation Hearing.

9. With respect to any transferred claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred claim only if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the appropriate Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. Each transferee shall be treated as a single creditor for purposes of the numerosity requirements in Section 1126(e) of the Bankruptcy Code and other procedures set forth in the Motion.

10. Any holder of a claim against the Debtors for which the Debtors have filed an objection, whether such objection related to the entire claim or a portion thereof, shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of

Section 1126(c) of the Bankruptcy Code have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) unless (a) the claim has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and in accordance with this Order or (b) on or before the Voting Deadline, the objection to such claim has been withdrawn or resolved in favor of the creditor asserting the claim.

11. A recipient of an objection to expunge or disallow its claim will receive a notice of non-voting status, substantially in the form of Exhibit 2 attached hereto.

12. February 22, 2010 at 4:00 p.m. prevailing Eastern Time (the "**Rule 3018(a) Motion Deadline**") shall be the deadline for the filing and serving of any motion requesting temporary allowance of a movant's claim for purposes of voting pursuant to Bankruptcy Rule 3018(a) (the "**Rule 3018(a) Motion(s)**").

13. Rule 3018(a) Motions must be filed with the Bankruptcy Court and served on undersigned counsel and the other Notice Parties so as to be actually received not later than the Rule 3018(a) Motion Deadline; provided however, that if the Debtors object to a claim on or after the date that is seven (7) days before the original Rule 3018(a) Motion Deadline, then the Rule 3018(a) Motion Deadline shall be extended as to such claim such that the holder thereof shall have at least seven (7) days to file a Rule 3018(a) Motion.

14. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then at the Confirmation Hearing this Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

15. Nothing in this Order shall affect or limit the Debtors' right to object to any proof of claim or Rule 3018(a) Motion.

## IV. Approval of Solicitation Procedures

### A. Duties of Voting and Claims Agent

16. The Voting and Claims Agent shall assist the Debtors in, among other things, (a) mailing Confirmation Hearing Notices to holders of claims in Non-Voting Classes and other non-voting parties entitled to notice, (b) mailing Solicitation Packages, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on ballots cast for or against the Plan by holders of claims against the Debtors, (e) responding to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, the ballots and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plan, and (f) if necessary, contacting creditors regarding the Plan and their ballots.

### B. Notices and Ballots

17. The Notices and Ballots to be used in connection with the solicitation of votes on, and confirmation of, the Plan (as applicable) are hereby approved in full.

18. All creditor ballots, other than those being delivered to holders of the Senior Notes Claims, shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Voting and Claims Agent. Ballots sent to the holders of the Senior Notes Claims shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to either (a) the Intermediary Record Owner (as defined below) or (b) if the ballot is pre-validated or the Senior Notes Claims are held by the Registered Record Owner (as defined below), the Voting and Claims Agent.

19. Administrative Claims, Statutory Fees, Professional Claims, Priority Tax Claims and Claims in Class 1 (Other Priority Claims) and Class 2 (General Secured Claims) are deemed

Unimpaired Claims and, thus, the Holders of such Unimpaired Claims are conclusively presumed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Unimpaired Claims.

20. The Debtors shall not be obligated to deliver Solicitation Packages or ballots to Holders of Unimpaired Claims. Rather, in lieu thereof and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Unimpaired Claims a notice, substantially in the form of Exhibit 4 attached hereto (the "**Unimpaired Claims Notice**").

21. Class 5 Claims (Noteholder Securities Claims), Class 6 (Intercompany Claims), Class 7A Interests and Class 7B (Interests Securities Claims) do not retain or receive any property under the Plan, and are, therefore, deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Therefore, the Debtors are not required to send ballots or Solicitation Packages to holders of such Claims or Interests. Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Claims and Interests a notice, substantially in the form of Exhibit 5 attached hereto (the "**Non-Voting Status Notice**").

22. The Debtors shall not be required to deliver ballots or Solicitation Packages to counterparties to the Debtors' executory contracts and unexpired leases who do not have scheduled Claims or Claims based upon filed proofs of claim. Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the counterparties to the Debtors' executory contracts and unexpired leases a notice, substantially in the form of Exhibit 6 attached hereto (the "**Contract/Lease Notice**").

C. Content and General Transmittal of Solicitation Packages; Notice of Confirmation Hearing

23. The Debtors are authorized to transmit, or cause to be transmitted, on or before February 2, 2010 (the "**Solicitation Mailing Date**"), to the persons listed below, subject to the

limitations contained therein and elsewhere in this Order, by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "**Solicitation Package**") on a compact disk or containing a copy or conformed printed version of the following:

    a. the Confirmation Hearing Notice, substantially in the form attached hereto as <u>Exhibit 7</u>;

    b. the Disclosure Statement;

    c. the Plan (which may be furnished in the Solicitation Package as <u>Exhibit A</u> to the Disclosure Statement);

    d. the Disclosure Statement Order (without exhibits attached);

    e. to the extent applicable, a ballot and/or notice, appropriate for the specific creditor, in substantially the forms attached to this Order (as may be modified for particular classes and with instruction attached thereto); and

    f. a cover letter attached hereto as <u>Exhibit 9</u> from the Debtors describing the contents of the Solicitation Package and instructions on how paper copies of any materials that may be provided in CD-ROM format can be obtained at no charge.

24. The Debtors shall provide copies of the Solicitation Package (other than a ballot) to (a) the Office of the United States Trustee; (b) counsel for the Creditors' Committee; (c) counsel to the administrative agent under the prepetition term loan facility; (d) counsel to the steering committee for the prepetition term lenders; (e) counsel to the agent under the prepetition revolving credit facility; (f) counsel for the indenture trustee for the $75 million 5.25% convertible senior notes due 2014; (g) Bank of America; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; and (j) all parties that have filed requests for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of mailing the Solicitation Package.

25. The Debtors shall provide Solicitation Packages to the following creditors (with exclusions as noted herein): creditors who are holding Claims designated as Impaired Claims (Classes 3 and 4) and are entitled to vote on the Plan because such creditors (i) have timely filed proofs of claim (or filed untimely proofs of claim which have been allowed as timely by the Court under applicable law on or before the applicable Voting Record Date) that have not been disallowed by an order of the Court entered on or before the applicable Voting Record Date, (ii) hold claims which are scheduled in the Schedules, other than those scheduled, in whole or part, as (x) unliquidated, contingent, or disputed or (y) zero or unknown in amount or (iii) hold Senior Notes.

26. Creditors who have filed duplicate claims in any given class shall be entitled to receive only one Solicitation Package and shall be allowed one ballot for voting their claims with respect to that class.

27. The Debtors shall provide the Confirmation Hearing Notice to all parties that received the Disclosure Statement Notice, and to parties to executory contracts and unexpired leases, which parties are not currently "creditors" as defined in Section 101(10) of the Bankruptcy Code.

28. The Debtors shall publish the Confirmation Hearing Notice on or prior to February 9, 2010 in the national edition of USA Today or The Wall Street Journal.

29. Publication of the Confirmation Hearing Notice as described herein shall constitute sufficient notice of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in this Order.

D. Transmittal of Solicitation Packages to Holders of Contingent, Unliquidated, and Disputed Claims that are Not Subject to an Objection Filed by the Debtors

30. The Debtors shall not be required to mail any documents or notices to any creditor (i) whose claim is not scheduled or is scheduled as disputed, contingent or unliquidated and (ii) who fails to timely file a proof of claim.

31. The Debtors shall distribute to claimants who have filed timely proofs of claim (or untimely proofs of claim which have been allowed as timely by the Court under applicable law on or before the applicable Voting Record Date), which, in whole or in part, reflect a disputed, unliquidated, or contingent claim, and which are not subject to an objection filed by the Debtors, (a) a Solicitation Package which contains a ballot, (b) the Confirmation Hearing Notice, which notice informs such person or entity that its entire claim has been allowed temporarily for voting purposes only and not for purposes of allowance or distribution, at $1.00 and (c) a notice of disputed, unliquidated, or contingent status, substantially in the form of Exhibit 8 attached hereto.

E. Holders of Securities and Approval of Certain Transmittal Procedures

32. Pursuant to Bankruptcy Rule 3017(e), the Debtors shall transmit (a) the Solicitation Packages to holders of the Senior Notes and (b) the Non-Voting Status Notice and Confirmation Hearing Notice to holders of Interests by mailing or causing to be mailed such materials by the Solicitation Mailing Date to (x) the Registered Record Owner and (y) the Intermediary Record Owners. In addition, the Debtors shall distribute Master Ballots to the Intermediary Record Owner in accordance with customary procedures in the securities industry.

33. Each of the trustees and transfer agents for the Debtors' Securities, including, without limitation, The Bank of New York Mellon (Indenture Trustee for the Senior Notes) (the "**Indenture Trustee**") and American Stock Transfer & Trust Co. (the "**Stock**

**Transfer Agent**"), within seven (7) days after the Securities Voting Record Date, shall provide the Voting and Claims Agent with an electronic file containing the names, addresses, and holdings of the respective owners that hold the Securities in their own name (the "**Registered Record Owners**") or the banks, brokerage firms, or the agents thereof as the entity through which the beneficial holders (the "**Beneficial Holders**") hold the Securities (collectively, the "**Intermediary Record Owners**"), in each case as of the Securities Voting Record Date in electronic form or other form acceptable to the Debtors.

34. The Intermediary Record Owners shall distribute Solicitation Packages and notices to the respective Beneficial Holders of the Senior Notes and Interests, as applicable, within seven (7) days of receiving the Solicitation Packages and notices.

35. The Intermediary Record Owners of Senior Notes shall follow either of the two following options, as such entities determine, to obtain the votes of the Beneficial Holders:

   a. The Intermediary Record Owners may forward the Solicitation Package to the Beneficial Holders of the Senior Notes for voting, which Solicitation Package shall include a Beneficial Holders Ballot substantially in the form of Exhibit 3-C attached hereto, and a return envelope provided by, and addressed to, the Intermediary Record Owner. Under this option, the Intermediary Record Owners shall summarize the individual votes of their Beneficial Holders from the Beneficial Holders Ballots on a Master Ballot in substantially the form attached as Exhibit 3-D to this Order. The Intermediary Record Owners shall then date and return the Master Ballot to the Voting and Claims Agent prior to the Voting Deadline; or

   b. The Intermediary Record Owner may "pre-validate" a Beneficial Holders Ballot (a "**Prevalidated Ballot**") by signing that ballot and by indicating the following on that Ballot: (a) the Intermediary Record Owner, (b) the principal amount of Senior Notes owned by the applicable Beneficial Holder, (c) and the appropriate account numbers through which the Beneficial Holder's holdings are derived. The Intermediary Record Owner shall then forward the Solicitation Package, including the Prevalidated Ballot and a return envelope addressed to the Voting and Claims Agent, to the Beneficial Holder for voting by such Beneficial Holder.

36. The Debtors are authorized (but not directed) to reimburse the Intermediary Record Owners of Senior Notes for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described in the subparagraphs (a) and (b) of the preceding paragraph upon written request by such entities without further order or notice (subject to the Court's retaining jurisdiction to resolve any disputes over any request for reimbursement).

37. The Debtors shall serve a copy of this Order on the Indenture Trustee, Stock Transfer Agent and each Intermediary Record Owner identified by the Debtors and the Voting and Claims Agent as an entity through which Beneficial Holders hold any of the Securities.

38. Notwithstanding anything in this Order to the contrary, the Debtors shall not be required to send Solicitation Packages, individual solicitation materials or other notices to any of the following creditors or other parties-in-interest in these Chapter 11 Cases:

> a. any creditor whose claim is based solely on amounts scheduled by the Debtors but whose claim already has been paid or satisfied in the full scheduled amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein;
>
> b. any creditor who filed a proof of claim if the amount asserted in such proof of claim is less than or equal to the amount that has already been paid;
>
> c. any Holder of a Claim that was disallowed in full by order of this Court; or
>
> d. any person or entity to whom the Debtors mailed the Disclosure Statement Hearing Notice and received any such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding

order expired," or any similar reason, unless the Debtors has been informed in writing by such person of that person's new address.

## V. Voting Deadline and Procedures for Vote Tabulation

39. 4:00 p.m. Prevailing Eastern Time on March 4, 2010 (the "**Voting Deadline**") is the last date and time by which ballots for accepting or rejecting the Plan must be received by the Voting and Claims Agent in order to be counted.

40. If a party that is entitled to vote has more than one claim against one or more of the Debtors based upon different transactions, said party shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all said claims. If a party that is entitled to vote has claims (either scheduled or filed or both) against more than one of the Debtors based on the same transaction (e.g.; a claim against one Debtor that was guaranteed by another Debtor), said party shall be entitled to one vote for numerosity purposes in a dollar amount based upon its claim or equity interest against one of the Debtors.

41. Any timely received ballot that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The foregoing general procedures shall be subject to the following exceptions:

   a. If a Claim is deemed Allowed in accordance with the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

   b. If a Claim for which a proof of claim has been timely filed is marked, in whole or in part, as contingent, unliquidated, or disputed, and that is not subject to an objection filed by the Debtors, then such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

   c. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, then such Claim shall be temporarily allowed in the amount so estimated or allowed by the

Court for voting purposes only, and not for purposes of allowance or distribution;

d. If a Claim is not listed on the Schedules, or is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and a proof of claim was not (a) timely filed by the Claims Bar Date or (b) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

e. If the Debtors have served and filed an objection to a Claim or any portion thereof, then such Claim shall be temporarily disallowed for voting purposes only and not for the purposes of the allowance or distribution, except to the extent and in the manner as may be set forth in the objection; and

f. Ballots cast in amounts in excess of their allowed amount will only be counted to the extent of the creditors' allowed Claim.

42. None of the Debtors, the Voting and Claims Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification. The Voting and Claims Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

43. The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

a. Any ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such ballot;

b. Any ballot that is illegible or contains insufficient information to permit the identification of the claimant;

c. Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

d. Any ballot cast for a claim not listed on the Schedules, or scheduled at zero, in an unknown amount, or, in whole or in part,

as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

e. Any ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

f. Any ballot submitted by facsimile, telecopy or electronic mail;

g. Any unsigned ballot;

h. Any ballot sent to this Court, the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; or

i. Any ballot not cast in accordance with the procedures approved in the Disclosure Statement Order;

44. Any duplicate ballot will only be counted once.

45. Notwithstanding anything in this Order to the contrary, the ballot of any creditor who filed a Rule 3018(a) Motion in accordance with the procedures set forth in this Order shall not be counted for voting purposes, unless such creditor's claim is temporarily allowed by the Court after notice and a hearing or agreed to in writing by the Debtors.

46. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast which attempt to vote the same claim prior to the Voting Deadline, the last ballot received by the Voting and Claims Agent prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, provided, however, that where an ambiguity exists as to which ballot was the latest mailed, the Voting and Claims Agent reserves the right to contact the creditor and calculate the vote according to such voter's stated intent. This procedure is without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

47. Claims splitting is not permitted and creditors who vote must vote all of their Claims within a particular class to either accept or reject the Plan.

48. The following procedures for tabulating votes cast by Beneficial Holders of the Senior Notes are hereby approved:

   a. first, Intermediary Record Owners electing to use the Master Ballot voting process shall be required to retain for one year following the Effective Date, for inspection by the Court, the Beneficial Holders Ballots cast by Beneficial Holders, and that Intermediary Record Owners electing to send Prevalidated Ballots to Beneficial Holders for direct return to the Voting and Claims Agent shall be required to retain for one year following the Effective Date, for inspection by the Court, a list of those Beneficial Holders to whom such Prevalidated Ballots were sent. The Voting and Claims Agent shall be required to retain for one year following the Effective Date, for inspection by the Court, the Prevalidated Ballots returned by the Beneficial Holders, as well as the Master Ballots returned by the Intermediary Record Owners (in addition to all other Ballots submitted by Impaired Creditors in the Voting Classes);

   b. second, (a) votes cast by Beneficial Holders holding Senior Notes through Intermediary Record Owners and transmitted by means of a Master Ballot or Prevalidated Ballot shall be applied against the positions held by such Intermediary Record Owners with respect to such Senior Notes and (b) votes submitted by Prevalidated Ballot or by an Intermediary Record Owner on a Master Ballot shall not be counted to the extent that they are in excess of the position maintained by the respective Intermediary Record Owner in the Senior Notes on the Securities Voting Record Date;

   c. third, the following assumptions apply to Prevalidated Ballots: (a) each Prevalidated Ballot is for a single account, and (b) each vote is a separate vote and not duplicative of any other vote cast by other customers of such Intermediary Record Owner (unless specific evidence indicates that one vote is for the identical account number and amount of another vote);

   d. fourth, to the extent that conflicting votes or overvotes are submitted on a timely received Master Ballot or Prevalidated Ballot, the Voting and Claims Agent shall attempt to resolve the conflict or overvote prior to the preparation of the vote certification;

e. fifth, to the extent that overvotes on a timely received Master Ballot or Prevalidated Ballot are not reconcilable prior to the preparation of the vote certification, the Voting and Claims Agent shall count votes in respect of such Master Ballot or Prevalidated Ballot in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or Prevalidated Ballot that contained the overvote, but only to the extent of the applicable Intermediary Record Owner's position on the Securities Voting Record Date in the Senior Notes;

f. sixth, Intermediary Record Owners shall complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the latest Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' right to object to the validity of the second Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if such objection is sustained, the first Master Ballot will then be counted; and

g. finally, each Beneficial Holder of the Senior Notes shall be deemed to have voted the full principal amount of its Senior Notes Claims, notwithstanding anything to the contrary on any ballot.

## V. Miscellaneous

49. The service of Solicitation Packages and other notices and documents described herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of the Confirmation Hearing and no further notice is necessary.

50. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

51. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

52. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

53. Copies of the Plan and Disclosure Statement and all pleadings and orders of the Bankruptcy Court are publicly available, for a fee via PACER at: http://wwwdeb.uscourts.gov, or free of charge from the Voting and Claims Agent at http://www.kccllc.net/eddiebauer. Such documents and pleadings may also be obtained by: (i) calling the Debtors' restructuring hotline at (866) 967-1781; (ii) visiting the Debtors' restructuring website at: http://www.kccllc.net/eddiebauer; and/or (iii) writing to Eddie Bauer Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

54. The Debtors are hereby authorized to enter into that certain *Stipulation for Resolution and Settlement of (1) Claims 205 and 210 Filed by the Treasurer of Douglas County, Colorado Against the Debtors, and (2) Treasurer of Douglas County, Colorado's Objection to the Adequacy of the Disclosure Statement for the December 22, 2009 Joint Plan of Liquidation of EBHI Holdings, Inc., et al.* attached hereto as Exhibit 10 (the "**Stipulation**") and upon execution of the Stipulation, the Douglas County Objection (as defined in the Stipulation) shall be deemed withdrawn with prejudice in its entirety.

Dated: \_\_Jan. 28\_\_, 2010
Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE