BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
AZ State Bar No. 023544
Attorney for Creditor Pima County

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>EBHI Holdings, Inc., *et al.*,<br><br>Debtors. | Case No.: 09-12099 (MFW)<br><br>Jointly Administered<br><br>CHAPTER 11 |

PIMA COUNTY'S OBJECTION TO DEBTORS'
JOINT PLAN OF LIQUIDATION

COMES NOW secured creditor Pima County, by and through undersigned counsel, and objects to Debtors' Joint Plan of Liquidation for the following reasons:

1. Pima County is a secured creditor with pre-petition claims for personal property taxes against Debtor Eddie Bauer, Inc. The claims, in the total amount of $4,656.10, are secured by a first priority statutory lien on the property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17153.

2. The lien includes post-petition interest at the statutory rate of sixteen percent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; s*ee also* 11 U.S.C. § 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose);

*United States v. Ron Pair Enters.*, 489 U.S. 235, 237 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes); 11 U.S.C. § 511(a) (interest rate on tax claims determined under applicable non-bankruptcy law).

3. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2); *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

4. Pursuant to section 1129, a proposed plan cannot be confirmed by the Court unless the Court determines that all requirements of that section have been meet. *In re Ambanc La Mesa Limited Partnership*, 115 F.3d 650, 653 (9th Cir. 1997); In re Williams, 850 F.2d 250, (5th Cir. 1988) ("the [bankruptcy] court has a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation").

5. Under the Plan, Pima County's claims are classified as Class 2—Other Secured Claims.

6. It is unclear from the Plan whether interest will be paid on Pima County's claims. To the extent the Plan does not provide for payment of interest, violates section 506(b) and the Supreme Court's holding in *Ron Pair*, and is therefore unconfirmable on its face. 11 U.S.C. §§ 1129(a)(1).

7.  Moreover, section 9.6 of the Plan specifically provides that no interest shall be paid on any disputed claim from the petition date until the distribution date. Since a disputed claim is defined in the Plan as any claim to which an objection may be timely filed, the provision on non-payment of interest applies to all claims, including Pima County's claims. This, again, violates sections 506(b) and 1129(a)(1) of the Code.

WHEREFORE, Pima County respectfully requests that the Court deny confirmation of the Plan of Liquidation unless it is amended to remedy the above defects.

Dated this 24th day of February, 2010.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

German Yusufov
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Attorney for Creditor Pima County

**CERTIFICATE OF SERVICE**

I, Annette Atkins, certify that on the 24th day of February, 2010, I caused to be served a true and correct copy of Pima County's Objection to Debtors' Joint Plan of Liquidation, on the following:

Hon. Mary F. Walrath
United States Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

Josef S. Athanas
Latham & Watkins LLP
233 South Wacker Dr., Ste. 5800
Chicago, Illinois 60606
*Attorney for Debtors*

Michael R. Nestor
Kara Hammon Coyle
Young Conaway, Stargat & Taylor, LLP
1000 West St., 17th Flr.
Wilmington, Delaware 19801
*Attorney for Debtors*

Cathy Hershcopf
Seth Van Aalten
Jay Indyke
Cooley Godward Kronish, LLP
114 Avenue of the Americas
New York, New York 10036
*Counsel to the Creditors' Committee*

Bradford J. Sandler
Benesch, Friedlander, Coplan & Aronoff, LLP
222 DelawareAvenue, Ste. 801
Wilmington, Delaware 19801
*Counsel to the Creditors' Committee*

Mario J. Ippolito, Esq.
Paul, Hastings, Janofsky & Walker, LLP
75 E. 55th Street

New York, NY   10022
*Counsel to the Prepetition Term Loan Agent*

Barry Rutcofsky
David S. Rosner
Ronald R. Rossi
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, New York   10019
*Counsel to the Prepetition Term Loan Steering Committee*

Mark Collins
Lee Kaufman
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
*Counsel to the Prepetition Revolving Facility Agent, Bank of America*

Donald E. Rothman
Riemer & Braunstein, LLP
Three Center Plaza, 6th Flr.
Boston, MA   02108.
*Counsel to the Prepetition Revolving Facility Agent, Bank of America*

Robin Keller
Chris Donoho
Lovells LLP
590 Madison Avenue
New York, New York 10022
*Counsel to the Indenture Trustee for the $75 million 5.25%*
  *Convertible Senior Notes due 2014*

The Office of the United States
  Trustee for the District of Delaware
Attn:  David Buchbinder
844 King Street, Ste. 2207
Wilmington, Delaware   19801

*Annette Atkins* (signature)
Annette Atkins