## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EBHI HOLDINGS, INC., et al., (f/k/a EDDIE BAUER HOLDINGS, INC.) | Case No. 09-12099 (MFW) |
| | Jointly Administered |
| Debtors. | **Hearing Date: March 18, 2010, at 3:00 PM** <br> **Objections Due: March 4, 2010, at 4:00 PM** |

## OBJECTION BY CUSTOMS AND BORDER PROTECTION TO THE DEBTORS' JOINT PLAN OF LIQUIDATION

The United States, on behalf of its Customs and Border Protection ("Customs"), by and through the undersigned attorneys, in support of its objection to the Joint Plan of Liquidation of EBHI Holdings, Inc., et al., [Docket No. 1121] ("Plan"), avers as follows:

1. On June 17, 2009, the debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2. Customs is a creditor and party in interest. Customs has filed a proof of claim against Eddie Bauer, Inc. Customs records reflect that Eddie Bauer, Inc., owes Customs a priority pre-petition contingent claim in the amount of $32,662.90 in addition to numerous unliquidated amounts that cannot presently be determined.

3. If the debtors do not elect to pay the Customs priority tax claim on the Effective Date, Customs objects to the treatment in the Plan of its priority tax claim in Article II, Paragraph 2.4. Customs objects to the Plan to the extent the Plan fails to provide for: (1) the commencement of

payments to Customs on the Effective Date in equal quarterly installments for a period not to exceed five years from the petition date; and (2) an adequate rate of interest on the Customs priority tax claim.

4. Customs objects to the third party non-debtor exculpation, limitation of liability, injunction and release provisions set forth in the Plan and specifically in Article XI, Paragraphs 11.3, 11.6, and 11.7 of the Plan. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). See American Bicycle Association v. United States, 895 F.2d 1277 (9th Cir. 1990). Moreover, section 524(e) of the Bankruptcy Code addresses the scope of a bankruptcy discharge and states, in relevant part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt." The Bankruptcy Code contemplates that a discharge only affects the debts of those submitting to its burdens. The weight of case authority is consistent with the view that provisions that effect a discharge of non-debtor liability run afoul of the limitations on discharge set forth in Section 524(e) of the Bankruptcy Code. See e.g., In re Continental Airlines, 203 F.3d 203, 217 (3rd Cir. 2000); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995), cert. denied, 517 U.S. 1243 (1996) ("Section 524 does not...provide for the release of third parties from liability"); In re Zale Corp., 62 F.3d 746, 760-761 (5th Cir. 1995) ("Section 524 prohibits the discharge of debts of non-debtors); First Fidelity Bank v. McAteer, 985 F.2d 114, 117-18 (3d Cir. 1993) (Section 524(e) specifically limits the effect of a discharge...This section assures creditors that the discharge of a debtor will not preclude them from collecting the full amount of a debt from co-debtors or other liable parties."); Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992) ("the language of [Section 524(e)] reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit"); In re Western Real Estate Fund, Inc., 922 F.2d 592, 602

(10th Cir. 1990), modified sub nom., Abel v. West, 932 F.2d 898 (10th Cir. 1991) (permanent injunction purporting to release non-debtors from liability improperly insulates non-debtors in violation of Section 524(e)); In re American Hardwoods, Inc., 885 F.2d 621, 626 (9th Cir. 1989) (In affirming the denial of a permanent injunction against a claim against third party non-debtor, court noted: "Section 524(e), therefore, limits the court's equitable power under section 105 to order the discharge of liabilities of non-debtors."). Customs does not consent to the non-debtor injunctions, releases and exculpations set forth in the Plan. Thus, these provisions render the Plan unconfirmable.

5. Customs may have a right of setoff in this case. Customs objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of Customs. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). IRS has asserted its right to setoff in its claim and it has notified the debtors of its intention to affect setoff against any available monies held by other federal agencies. Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition

debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

6. Customs objects to Article IX, paragraph 9.6 of the Plan to the extent the Plan fails to provide for the payment of interest on any secured claim of Customs.

7. Customs objects to Article II, paragraph 2.5.2 of the Plan as violating 11 U.S.C. Section 503(b)(1)(D).

**WHEREFORE,** Customs respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

                                              DAVID WEISS
                                              United States Attorney

                                      By: */s/ Ellen W. Slights*
                                              Ellen W. Slights
                                              Assistant United States Attorney
                                              Delaware State Bar No. 2782
                                              1007 Orange Street, Suite 700
                                              P.O. Box 2046
                                              Wilmington, DE 19899-2046

March 4, 2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| EBHI HOLDINGS, INC.,et al., | : | Case No. 09-12099 (MFW) |
| (f/k/a EDDIE BAUER HOLDINGS, Inc.) | : | |
| | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: March 18, 2010, at 3:00 PM** |
| Debtors. | : | **Objections Due: March 4, 2010, at 4:00 PM** |

## CERTIFICATE OF SERVICE

I, Karen Ellison, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on March 4, 2010, a copy of the **OBJECTION BY CUSTOMS AND BORDER PROTECTION TO THE DEBTORS' JOINT PLAN OF LIQUIDATION** was served, as indicated, upon:

Josef S. Athanas, Esq.
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
via facsimile (312) 993-9767

Michael R. Nestor, Esq.
Kara Hammond Coyle, Esq.
Young, Conway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
via facsimile (302) 571-1253

David Buchbinder, Esq.
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
via facsimile (302) 573-6497

Cathy Hershcopf, Esq.
Seth Van Aalten, Esq.
Jay Indyke, Esq.
Cooley Godward Kronish LLP
111 Avenue of the Americas
New York, NY 10036
via facsimile (212) 479-6275

Bradford J. Sandler, Esq.
Benesch Friedlander Coplan & Aronoff
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
via facsimile (302) 442-7007

Barry Rutcofsky, Esq.
David S. Rosner, Esq.
Ronald R. Rossi, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
via facsimile (212) 506-1800

Donald E. Rothman, Esq.
Riemer & Braunstein LLP
Three Center Plaza
6th Floor
Boston, MA 02108
via facsimile (617) 692-3556

Mario J. Ippolito, Esq.
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
via facsimile (212) 230-7848

Mark Collins, Esq.
Lee Kaufman, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
via facsimile (302) 651-7701

Kurt F. Gwynne, Esq.
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
via facsimile (302) 778-7575

/s/ Karen Ellison
_____
Karen Ellison