provided, however, that any payment made on account of an Allowed Priority Tax Claim shall be made solely from Other Assets Proceeds.

### 2.5  Deadline for Filing Administrative Expense Claims.

#### 2.5.1  Administrative Expense Claims Other Than Tax Claims.

Other than with respect to (i) Administrative Expense Claims for which the Bankruptcy Court previously has established a bar date, and (ii) Tax Claims addressed in Section 2.5.2 below, any and all requests for payment or proofs of Administrative Expense Claims, including Claims of all Professionals or other Entities requesting compensation or reimbursement of expenses pursuant to Bankruptcy Code sections 327, 328, 330, 331, 503(b) or 1103 for services rendered on or before the Effective Date (including any compensation requested by any Professional or any other Entity for making a substantial contribution in the Chapter 11 Cases), must be Filed and served on the Liquidating Trustee and its counsel no later than the Administrative Expense Claims Bar Date.  Objections to any such Administrative Expense Claims must be Filed and served on the claimant no later than ninety (90) days after the Administrative Expense Claims Bar Date, which date may be extended by application to the Bankruptcy Court.  The Liquidating Trustee shall use reasonable efforts to promptly and diligently pursue resolution of any and all disputed Administrative Expense Claims.

Holders of Administrative Expense Claims, including all Professionals or other Entities requesting compensation or reimbursement of expenses pursuant to Bankruptcy Code sections 327, 328, 330, 331, 503(b) or 1103 for services rendered on or before the Effective Date (including any compensation requested by any Professional or any other Entity for making a substantial contribution in the Chapter 11 Cases), that are required to File a request for payment or proof of such Claims and that do not File such requests or proofs of Claim on or

before the Administrative Expense Claims Bar Date shall be forever barred from asserting such Claims against the any of the Debtors, their Estates, the Liquidating Trust, the Liquidating Trustee, any other Person or Entity, or any of their respective property.

   **2.5.2   Tax Claims.**  All requests for payment of Claims by a Governmental Unit (as defined in Bankruptcy Code section 101(27)) for Taxes (and for interest and/or penalties or other amounts related to such Taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date, and for which no bar date has otherwise been previously established, must be Filed on or before the later of: (a) sixty (60) days following the Effective Date; or (b) to the extent applicable, ninety (90) days following the filing of a tax return for such Taxes (if such Taxes are assessed based on a tax return) for such tax year or period with the applicable Governmental Unit.  Any holder of a Claim for Taxes that is required to File a request for payment of such Taxes and other amounts due related to such Taxes and which does not File such a Claim by the applicable bar date shall be forever barred from asserting any such Claim against any of the Debtors or any non-Debtor member of the Debtors' consolidated tax group, the Estates, the Liquidating Trust, the Liquidating Trustee or any other Entity, or their respective property, whether any such Claim is deemed to arise prior to, on, or subsequent to the Effective Date, and shall receive no distribution under the Plan or otherwise on account of such Claim.


## ARTICLE 3
## CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**A.  General.**  Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of the Classes of Claims and Interests in the Debtors.  A Claim or Interest is placed in a particular Class only to the extent that such Claim or Interest falls within the description of that

Class. A Claim or Interest is also placed in a particular Class for purposes of receiving a distribution under the Plan, but only to the extent such Claim or Interest is an Allowed Claim or Interest and has not been paid, released, or otherwise settled prior to the Effective Date. Except as otherwise expressly set forth in this Plan, a Claim or Interest which is not an Allowed Claim or Allowed Interest shall not receive any payments, rights or distributions under this Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, DIP Facility Claims, Administrative Expense Claims of the kinds specified in section 507(a)(1) and Priority Tax Claims of the kinds specified in section 507(a)(8) of the Bankruptcy Code have not been classified and are treated as set forth in Article 2 above.

**B. Classification.** As stated above, the Plan is premised on the substantive consolidation of the Debtors with respect to the voting and treatment of all Claims and Interests other than Class 2 Claims, as provided below. The Plan does not contemplate substantive consolidation of the Debtors with respect to the treatment of Class 2 Claims. The following summary is for the convenience of all interested parties and is superseded for all purposes by the classification, description and treatment of Claims and Interests in Articles 4 and 5 of the Plan.

  **3.1 Class 1: Other Priority Claims.** Class 1 consists of all Other Priority Claims.

  **3.2 Class 2: General Secured Claims.** Class 2 consists of all General Secured Claims, including Possessory Lienholder Claims.

  **3.3 Class 3: Term Lender Secured Claim.** Class 3 consists of the Term Lender Secured Claim, the Allowed Term Lender Deficiency Claim and any Term Lender Adequate Protection Claim.

**3.4** **Class 4:  General Unsecured Claims.**  Class 4 consists of all General Unsecured Claims.

**3.5** **Class 5:  Noteholder Securities Claims.**  Class 5 consists of all Noteholder Securities Claims.

**3.6** **Class 6:  Intercompany Claims.**  Class 6 consists of all Intercompany Claims.

**3.7** **Class 7A:  Interests.**  Class 7A consists of all Interests.

**3.8** **Class 7B:  Interests Securities Claims.**  Class 7B consists of all Interests Securities Claims.


## ARTICLE 4
## IDENTIFICATION OF CLASSES OF CLAIMS AND INTERESTS IMPAIRED AND NOT IMPAIRED BY THE PLAN

**4.1** **Unimpaired Classes of Claims and Interests.**  Class 1 Other Priority Claims and Class 2 General Secured Claims are not Impaired by the Plan.

**4.2** **Impaired Classes of Claims and Interests.**  Class 3 Term Lender Secured Claim, Class 4 General Unsecured Claims, Class 5 Noteholder Securities Claims, Class 6 Intercompany Claims, Class 7A Interests and Class 7B Interests Securities Claims are Impaired by the Plan.


## ARTICLE 5
## PROVISIONS FOR THE TREATMENT OF CLAIMS AND INTERESTS

**5.1** **Class 1 (Other Priority Claims).**  On the Effective Date or as soon thereafter as is reasonably practicable in recognition of the applicable claims reconciliation process set forth herein, each Allowed Other Priority Claim shall receive from the Other Assets

Proceeds, in full satisfaction, settlement and release of and in exchange for such Allowed Other Priority Claim, (a) Cash equal to the amount of such Allowed Other Priority Claim, or (b) such other treatment as to which the Debtors and the holder of such Allowed Other Priority Claim have agreed upon in writing.

5.2     **Class 2 (General Secured Claims).**  On the Effective Date or as soon thereafter as is practicable in recognition of the applicable claims reconciliation process set forth herein, each Allowed General Secured Claim that was not assumed by the Purchaser in connection with the 363 Sale shall receive from the Other Assets Proceeds, in full satisfaction, settlement and release of and in exchange for such Allowed General Secured Claim, (a) Cash equal to the amount of such Allowed General Secured Claim, or (b) such other treatment as to which the Debtors and the holder of such Allowed General Secured Claim have agreed upon in writing, and the Liens and security interests on the Debtors' Assets securing such Allowed General Secured Claim shall be released and the Debtors and their Estates shall have no further liability therefor; provided, however, that any Deficiency Claims of holders of Class 2 General Secured Claims shall not constitute Class 2 General Secured Claims and shall be treated as Class 4 General Unsecured Claims hereunder.

5.3     **Class 3 (Term Lender Secured Claim).**  The Pre-Petition Term Agent shall receive, for the benefit of the Pre-Petition Term Lenders, in full satisfaction, settlement and release of and in exchange for the Allowed Term Lender Secured Claim, periodic distributions from the Liquidating Trust of the Term Lender Assets Proceeds pursuant to the terms of the Committee Settlement Stipulation.

The Allowed Term Lender Deficiency Claim and any Term Lender Adequate Protection Claim were released by the Pre-Petition Term Agent on behalf of the Pre-

Petition Term Parties as part of the Committee Settlement Stipulation. Therefore, no distributions shall be made on account of the Allowed Term Lender Deficiency Claim or any Term Lender Adequate Protection Claim and, on the Effective Date, the Allowed Term Lender Deficiency Claim and any Term Lender Adequate Protection Claim shall be cancelled.

**5.4     Class 4 (General Unsecured Claims).**  After (a) satisfaction in full or satisfaction in accordance with this Plan of all Allowed Administrative Expense Claims, Professional Claims and Allowed Priority Tax Claims as provided in Article 2 of the Plan, and (b) the treatment provided in the Plan for Allowed Claims in Classes 1 and 2, all remaining Available Cash (if any) shall be allocated Pro Rata among holders of Senior Notes Claims and Allowed Other Unsecured Claims.  Each holder of an Allowed General Unsecured Claim shall receive, on account of its Allowed General Unsecured Claim, periodic distributions from the Liquidating Trust of its share of Available Cash allocable on account of its Allowed General Unsecured Claim, shared Pro Rata with the holders of other Allowed General Unsecured Claims.

**5.5     Class 5 (Noteholder Securities Claims).**  Holders of Noteholder Securities Claims will not receive any distribution under the Plan on account of their Claims and, on the Effective Date, the Noteholder Securities Claims will be cancelled.

**5.6     Class 6 (Intercompany Claims).**  As a result of substantive consolidation of the Debtors for distribution purposes under the Plan as provided in Section 7.1 hereof, holders of Intercompany Claims will not receive any distribution of property under the Plan on account of their Intercompany Claims and, on the Effective Date, the Intercompany Claims will be cancelled; provided, however, Class 6 shall exclude any claims of a Debtor against a non-Debtor Affiliate or a non-Debtor subsidiary.

**5.7     Class 7A (Interests).**  Holders of Interests will not receive any distribution of property under the Plan on account of their Interests and, on the Effective Date, the Interests will be cancelled.

**5.8     Class 7B (Interests Securities Claims).**  Holders of Interests Securities Claims will not receive any distribution of property under the Plan on account of their Claims and, on the Effective Date, the Interest Securities Claims will be cancelled.

## ARTICLE 6
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1     Assumption, Assignment and Rejection Pursuant to the Sale Order.**
Pursuant to the Sale Order, the Bankruptcy Court established deadlines and procedures for the assumption and rejection of executory contracts and unexpired leases by the Debtors at the direction of the Purchaser and allocated responsibility for payment of cure amounts between the Debtors and the Purchaser.  Any executory contracts and unexpired leases of the Debtors not assumed and assigned to the Purchaser or rejected prior to the Effective Date or with respect to which the Debtors have not Filed a Notice of Assumption and Assignment prior to the Effective Date (the "Remaining Contracts") shall be rejected pursuant to Section 6.5 of this Plan unless assumed or assumed and assigned pursuant to Section 6.2 of this Plan.  Notwithstanding anything in this Article 6 to the contrary, to the extent the Debtors have Filed a Notice of Assumption and Assignment prior to the Effective Date with respect to an executory contract or unexpired lease to be assumed and assigned to the Purchaser, but the Bankruptcy Court has not yet entered an order approving such assumption and assignment and fixing the cure amount therefor, any cure amount not assumed by the Purchaser in connection with the 363 Sale shall be paid solely from the Cure Escrow Deposit Account in accordance with the Sale Order.

**6.2     Assumption and Assignment of Remaining Contracts**.  As of the
Effective Date, the Debtors shall assume or assume and assign, as applicable, pursuant to
Bankruptcy Code section 365, each of the Remaining Contracts of the Debtors that are identified
in Exhibit 3 hereto that have not expired under their own terms prior to the Effective Date.  The
Debtors reserve the right to amend such Exhibit not later than twenty (20) days prior to the
Confirmation Hearing either to:  (a) delete any executory contract or lease listed therein and
provide for its rejection pursuant to Section 6.5 hereof; or (b) add any executory contract or lease
to such Exhibit, thus providing for its assumption or assumption and assignment, as applicable,
pursuant to this Section.  The Debtors shall provide notice of any such amendment of such
Exhibit to the parties to the executory contract or lease affected thereby and counsel for the
Creditors' Committee not later than twenty (20) days prior to the Confirmation Hearing.  The
Confirmation Order shall constitute an order of the Bankruptcy Court pursuant to Bankruptcy
Code section 365 approving all such assumptions or assumptions and assignments, as applicable,
described in this Section 6.2, as of the Effective Date.

**6.3     Cure Payments; Assurance of Performance**.  Any monetary defaults
under each Remaining Contract to be assumed under the Plan shall be satisfied, pursuant to
Bankruptcy Code section 365(b)(1), in either of the following ways:  (a) by payment of the
default amount in Cash, in full on the Effective Date solely from the Cure Escrow Deposit
Account or from Other Asset Proceeds; or (b) by payment of the default amount on such other
terms as may be agreed to by the Debtors and the non-Debtor parties to such Remaining Contract
solely from the Cure Escrow Deposit Account or from Other Asset Proceeds.  In the event of a
dispute regarding (i) the amount or timing of any cure payments, (ii) the ability of the Debtors,
the Liquidating Trustee, or an assignee thereof to provide adequate assurance of future

performance under the Remaining Contract to be assumed or assumed and assigned, as applicable, or (iii) any other matter pertaining to assumption or assumption and assignment of the Remaining Contract to be assumed, the Debtors or the Liquidating Trust shall pay all required cure amounts, first from the Cure Escrow Deposit Account, until exhausted, and then from Other Asset Proceeds, promptly following the entry of a Final Order resolving the dispute.

6.4     **Objections To Assumption of Remaining Contracts**.  To the extent that any party to a Remaining Contract identified for assumption asserts arrearages or damages pursuant to Bankruptcy Code section 365(b)(1), or has any other objection with respect to any proposed assumption, revestment, cure or assignment on the terms and conditions provided herein, all such arrearages, damages and objections must be Filed and served:  (a) as to any Remaining Contract identified in Exhibit 3 hereto that is mailed to any party to any such Remaining Contract along with all other solicitation materials accompanying the Plan, within the same deadline and in the same manner established for the Filing and service of objections to Confirmation of the Plan; and (b) as to any Remaining Contract identified in any subsequent amendments to Exhibit 3 hereto that is mailed to any party to any such Remaining Contract not later than ten (10) days prior to the Confirmation Hearing, in such a manner as to be received by the Bankruptcy Court and the Debtors, the proposed Liquidating Trustee and counsel thereto, as the case may be, if applicable, no later than the earlier of (i) twenty (20) days after such subsequent amendment is served and (ii) one (1) day prior to the Confirmation Hearing.

Failure to assert such arrearages, damages or objections in the manner described above shall constitute consent to the proposed assumption, revestment, cure or assignment on the terms and conditions provided herein, including an acknowledgement that the proposed assumption and/or assignment provides adequate assurance of future performance and that the amount identified for "cure" in Exhibit 3 hereto is the amount necessary to cover any and all outstanding defaults under the Remaining Contract to be assumed, as well as an acknowledgement and agreement that no other defaults exist under such Remaining Contract.

If any assumption of a Remaining Contract proposed herein for any reason is not approved by the Bankruptcy Court, then the Debtors shall be entitled, in their sole discretion, upon written notice to the applicable non-Debtor party to such Remaining Contract, to deem such Remaining Contract to have been rejected pursuant to the provisions of Section 6.5 below.

**6.5    Rejection.**  Except for those executory contracts and unexpired leases that (a) are assumed pursuant to this Plan, (b) have been previously assumed, assumed and assigned or rejected pursuant to previous orders of the Bankruptcy Court, or (c) are the subject of a pending motion before the Bankruptcy Court with respect to the assumption or assumption and assignment of such executory contracts and unexpired leases, as of the Effective Date, all executory contracts and unexpired leases of the Debtors shall be rejected pursuant to section 365 of the Bankruptcy Code; provided, however, that neither the inclusion by the Debtors of a contract or lease on Exhibit 3 nor anything contained in this Article 6 shall constitute an admission by any Debtor that such contract or lease is an executory contract or unexpired lease or that any Debtor or its successors and assigns, including, but not limited to, the Liquidating Trust, has any liability thereunder.

**6.6     Approval of Rejection; Rejection Damages Claims Bar Date**.  The
Confirmation Order shall constitute an Order of the Bankruptcy Court approving the rejection of
executory contracts and unexpired leases under Section 6.5 above pursuant to Bankruptcy Code
section 365 as of the Effective Date.  Any Claim for damages arising from any such rejection
must be Filed within thirty (30) days after the mailing of notice of the entry of the Confirmation
Order, or such Claim shall receive no distribution under the Plan or otherwise on account of such
Claim.


## ARTICLE 7
## MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

**7.1     Substantive Consolidation of Claims against Debtors for Plan
Purposes Only**.  The Plan is premised on the substantive consolidation of all of the Debtors with
respect to the treatment of all Claims and Interests except for the General Secured Claims in
Class 2, as provided below.  The Plan does not contemplate substantive consolidation of the
Debtors with respect to the Class 2 Claims, which shall be deemed to apply separately with
respect to the Plan proposed by each Debtor.  This Plan shall serve as a request by the Debtors,
in lieu of a separate motion, to the Bankruptcy Court that it grant substantive consolidation with
respect to the treatment of all Claims and Interests other than Class 2 Claims as follows:  on the
Effective Date, (a) all Class 6 Intercompany Claims will be eliminated (except to the extent such
claims are by a Debtor against a non-Debtor Affiliate or a non-Debtor subsidiary); (b) all Assets
and liabilities of the Debtors will be merged or treated as though they were merged (except to the
extent they secure any Allowed General Secured Claim); (c) all guarantees of the Debtors of the
obligations of any other Debtor and any joint or several liability of any of the Debtors shall be
eliminated; and (d) each and every Claim or Interest (except for General Secured Claims) against

any Debtor shall be deemed Filed against the consolidated Debtors and all Claims (except for General Secured Claims) Filed against more than one Debtor for the same liability shall be deemed one Claim against any obligation of the consolidated Debtors.

### 7.2 The Liquidating Trust.

**7.2.1 Establishment of the Liquidating Trust.** On the Effective Date, the Debtors, on their own behalf and on behalf of the Beneficiaries, shall execute the Liquidating Trust Agreement and take all steps necessary to establish the Liquidating Trust. The Liquidating Trustee shall be Larry Waslow.

**7.2.2 Purpose of Liquidating Trust.** The Liquidating Trust is being established for the sole purpose of liquidating the Debtors' Assets and distributing the proceeds thereof to certain holders of Allowed Claims, as identified in and prescribed by this Plan. The Liquidating Trust shall not continue or engage in any trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. Unless otherwise required by law, all parties shall treat the Liquidating Trust as a liquidating trust for all federal income tax purposes.

**7.2.3 Contribution of Assets to the Liquidating Trust.** On the Effective Date of the Plan, each of the Debtors shall transfer and assign all of its respective Assets to the Liquidating Trust free and clear of all Liens, Claims, interests and encumbrances. All of the Term Lender Assets transferred to the Liquidating Trust shall be transferred subject to the Liens of the Pre-Petition Term Agent in favor of the Pre-Petition Term Lenders, and the Carve-Out Escrow shall be transferred subject to the Carve Out. Title to all Assets contributed to the Liquidating Trust shall vest in the Liquidating Trust on the Effective Date following the transfer.

**7.2.4   Valuation of Trust Assets.**  As soon as possible after the Effective Date, but in no event later than ninety (90) days thereafter, the Liquidating Trustee, based upon his good faith determination after consultation with his counsel, shall inform the Beneficiaries in writing solely as to his estimate of the value of the assets transferred to the Liquidating Trust and the value of such assets allocable to the Holders of Allowed Claims in Classes 3 and 4.  The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Liquidating Trustee, and the Beneficiaries) for all federal income tax purposes, and the parties shall file tax returns consistent with such valuation; provided, however, that such valuation shall not be binding on the Liquidating Trustee or any other party for any other purposes, including without limitation in regard to the liquidation of the Trust Assets, whether by disposition, liquidation, litigation, settlement, or otherwise

**7.2.5   Certain Federal Income Tax Matters.**  For U.S. federal income tax purposes, the Debtors, the Liquidating Trustee and the Beneficiaries will treat the transfer of assets to the Liquidating Trust as a transfer by the Debtors of the assets (net of any applicable liabilities) to the Beneficiaries (to the extent of the value of their respective interests in the applicable Liquidating Trust Assets), followed by a transfer of such assets (net of any applicable liabilities) by the Beneficiaries to the Liquidating Trust (to the extent of the value of their respective interests in the applicable Liquidating Trust Assets).  For U.S. federal income tax purposes, the Liquidating Trust (except with respect to the Disputed Claims Reserve) will be treated as one or more grantor trusts, and the Beneficiaries will be treated as the grantors and deemed owners of the Liquidating Trust.

**7.3   Continuation of Automatic Stay.**  In furtherance of the implementation of the Plan, except as otherwise provided herein, all injunctions or stays provided for in the

Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect and apply to all Beneficiaries and creditors holding claims against the Debtors, the Estates, the Assets, the Liquidating Trustee, the Liquidating Trust and the Trust Assets until the Final Distribution Date.

      **7.4**     **Transfer of Equity Interests in Canadian Subsidiaries.** On the Effective Date, (i) the Debtors' equity interests in Tenere of Canada, Inc. and Yuma Customer Services and (ii) the Debtors' claims against such entities arising from any intercompany claims, loans, notes, transfers or other obligations shall be transferred by the Debtors to the Liquidating Trustee, and continue to be subject to the Liens of the Pre-Petition Term Agent in favor of the Pre-Petition Term Lenders. The Liquidating Trustee (or his duly appointed successor) shall exercise his powers as the sole shareholder to appoint himself as the sole officer and director of Tenere of Canada, Inc. and Yuma Customer Services, Inc.

      **7.5**     **Cancellation of Senior Notes.** On the Effective Date, the Indenture and the Senior Notes shall be cancelled; provided, however, that the Indenture shall continue in effect solely for the purposes of (A) permitting the Indenture Trustee to make the distributions to be made on account of Senior Notes Claims as provided for in the Plan and (B) maintaining and enforcing the Indenture Trustee's indemnity, priority of payment, and Lien rights, if any, against the distributions on account of the Senior Notes under the Indenture. Upon the cancellation, the Indenture Trustee, its agents, attorneys and employees will be released from all obligations, claims or liabilities that are based in whole or in part on any act or omission, transaction, event or other occurrence in connection with the Indenture taking place on or prior to the Effective Date (but the Indenture Trustee shall retain the right to enforce the Debtors' and the Liquidating

Trustee's obligations under this Plan, and the contracts, instruments, releases, agreements and documents delivered under this Plan).

**7.6   Post-confirmation Operations.**   Following Confirmation and prior to the occurrence of the Effective Date, the then-current officers and directors of each of the Debtors shall continue in their respective capacities and the Debtors shall execute such documents and take such other action as is necessary to effectuate the transactions provided for in this Plan.  On and after the Effective Date, all such officers and directors shall be deemed to have resigned.

**7.7   Post-confirmation Funding of Plan.**   Payment of Allowed Administrative Expense Claims, Statutory Fees, Priority Tax Claims, Class 1 Claims and Class 2 Claims shall be funded solely from the Available Cash.  Payment of Class 3 Claims shall be funded from the Term Lender Assets.

**7.8   Post-Effective Date Funding of Operations.**   The Liquidating Trust may set aside such portion of the Other Asset Proceeds as the Liquidating Trustee deems reasonably appropriate in the Trust Administrative Fund to fund objections to Claims and the administration of the Liquidating Trust.

**7.9   Dissolution of the Company.**   As soon as practicable after the Effective Date, each of the Debtors will be dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith; provided, however, that pursuant to section 1124(b) of the Bankruptcy Code, the Liquidating Trustee shall be authorized to file each Debtor's final tax returns, and shall be authorized to file and shall file with the official public office for keeping corporate records in each Debtor's state of incorporation a certificate of dissolution or equivalent document.  Such a certificate of dissolution may be executed by the Liquidating Trustee without need for any action

or approval by the shareholders or Board of Directors of any Debtor. From and after the

Effective Date, the Debtors (i) for all purposes shall be deemed to have withdrawn their business

operations from any state in which they were previously conducting, or are registered or licensed

to conduct, their business operations, and shall not be required to file any document, pay any

sum or take any other action in order to effectuate such withdrawal, (ii) shall be deemed to have

cancelled pursuant to this Plan all Interests and all Intercompany Claims, and (iii) shall not be

liable in any manner to any taxing authority for franchise, business, license or similar taxes

accruing on or after the Effective Date.

      **7.10**     **Closing of the Chapter 11 Cases.** Notwithstanding anything to the

contrary in the Bankruptcy Rules providing for earlier closure of the Chapter 11 Cases, when all

Assets contributed to the Liquidating Trust have been liquidated and converted into Cash (other

than those Assets abandoned by the Liquidating Trust), and such Cash has been distributed in

accordance with the Liquidating Trust Agreement and this Plan, the Liquidating Trustee shall

seek authority from the Bankruptcy Court to close the Chapter 11 Cases in accordance with the

Bankruptcy Code and the Bankruptcy Rules.

      **7.11**     **Post-Effective Date Litigation Claim Settlements and Asset Sales.**

Except as otherwise set forth in this Plan, the Confirmation Order or the Liquidating Trust

Agreement, on and after the Effective Date, (a) the Liquidating Trustee shall not be required to

obtain approval of the Bankruptcy Court to settle Litigation Claims or sell Assets owned by the

Liquidating Trust and (b) none of the non-Debtor subsidiaries shall be required to obtain

approval of the Bankruptcy Court to sell their assets.

      **7.12**     **Post-Effective Date Reporting.** As promptly as practicable after the

making of any distributions that are required under this Plan to be made on the Effective Date or

as soon as practicable thereafter in recognition of the applicable claims reconciliation process,

but in any event no later than ten (10) Business Days after the making of such distributions, the

Liquidating Trustee shall File with the Bankruptcy Court and serve on the United States Trustee

a report setting forth the amounts and timing of all such distributions and the recipients thereof.

Thereafter, the Liquidating Trustee shall File with the Bankruptcy Court and serve on the United

States Trustee quarterly reports summarizing the cash receipts and disbursements of the

Liquidating Trust for the immediately preceding three-month period. Each quarterly report shall

also state the Liquidating Trust's cash balances as of the beginning and ending of each such

period. Quarterly reports shall be provided no later than the fifteenth (15th) day of each January,

April, July and October until all Final Distributions under this Plan have been made.


## ARTICLE 8
## POSTCONFIRMATION LITIGATION

**8.1     Transfer and Enforcement of Causes in Action.** Pursuant to

section 1123(b)(3) of the Bankruptcy Code, except as otherwise provided in this Plan or the

Confirmation Order, after transfer of the Assets to the Liquidating Trust pursuant to Section

7.2.3 hereof, the Liquidating Trustee (and to the extent retained by the Liquidating Trust to

perform such work, any other Person) will have the exclusive right to enforce any and all causes

of action against any Entity and rights of the Debtors that arose before or after the Petition Date,

including but not limited to the rights and powers of a trustee and debtor-in-possession, against

any Entity whatsoever, including but not limited to all avoidance powers granted to the Debtors

under the Bankruptcy Code and all causes of action and remedies granted pursuant to

sections 502, 506, 510, 541, 542, 543, 544, 545, 547 through 551 and 553 of the Bankruptcy

Code, but excluding Released Claims.

**8.2** **Objections to Claims.** Subject to applicable law, from and after the Effective Date, the Liquidating Trustee shall have the authority to File, settle, compromise, withdraw, arbitrate or litigate to judgment objections to Claims pursuant to applicable procedures established by the Bankruptcy Code, the Bankruptcy Rules, the Liquidating Trust Agreement and this Plan. Objections to any Claim other than an Administrative Expense Claim (for which the objection deadline is set forth in Section 2.5.1) must be Filed and served on the claimant no later than the later of (x) ninety (90) days after the date the Claim is Filed or (y) ninety (90) days after the Effective Date or such other date as may be ordered from time to time by the Court. The Debtors or the Liquidating Trustee, as the case may be, shall use reasonable efforts to promptly and diligently pursue resolution of any and all disputed Claims.

## ARTICLE 9
## DISTRIBUTIONS

**9.1** **No Duplicate Distributions.** In accordance with Section 7.1 hereof and unless otherwise expressly provided herein, to the extent more than one Debtor is liable for any Claim, such Claim shall be considered a single Claim and entitled only to the payment provided therefor under the applicable provisions of the Plan and the Liquidating Trust Agreement.

**9.2** **Distributions by the Indenture Trustee.** The Indenture Trustee's Expenses up to $100,000 shall be an Allowed Administrative Expense Claim. The Indenture Trustee and its professionals shall not be required to file a motion or application for compensation so long as the aggregate post-petition fees and expenses of the Indenture Trustee and its professionals are less than $100,000. Distributions under this Plan on account of Allowed Claims arising from or out of the Senior Notes shall be made by the Liquidating Trust to the Indenture Trustee, as disbursing agent for such Allowed Claims, for further distribution to

holders of such Allowed Claims. Any such distributions shall be made by the Indenture Trustee pursuant to the Indenture and the Plan (i) first, to the Indenture Trustee for the Indenture Trustee's Expenses, to the extent allowed under the Indenture; and (ii) thereafter, on account of the Allowed Claims arising from or out of the Indenture, as the case may be.

**9.3    Record Date for Distributions to the Indenture Trustee.**  At the close of business on the Distribution Record Date, the transfer records for the Indenture shall be closed, and there shall be no further changes in the record holders of the Senior Notes. The Debtors, the Liquidating Trust, the Liquidating Trustee and the Indenture Trustee shall have no obligation to, and shall not, recognize any transfer of Claims arising from or out of the Indenture occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders as of the close of business on the Distribution Record Date.

**9.4    Delivery of Distributions in General.**  Distributions to holders of Allowed Claims shall be made:  (a) at the addresses set forth in the proofs of Claim Filed by such holders; (b) at the addresses set forth in any written notices of address change filed with the Bankruptcy Court or delivered to the Liquidating Trustee after the date on which any related proof of Claim was Filed; or (c) at the addresses reflected in the Schedules relating to the applicable Allowed Claim if no proof of Claim has been Filed and the Liquidating Trustee has not received a written notice of a change of address.

**9.5    Cash Payments.**  Except as otherwise provided in the Liquidating Trust Agreement or the Confirmation Order, cash payments to be made pursuant to the Plan shall be made by checks drawn on a domestic bank or by wire transfer from a domestic bank, at the option of the Liquidating Trustee.

**9.6     Interest on Claims**.  Except as required by applicable bankruptcy law, postpetition interest shall not accrue or be paid on Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a Final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.  To the extent that any Allowed Claim entitled to a distribution under the Plan is composed of indebtedness and accrued but unpaid interest thereon, such distribution shall, to the extent permitted by applicable law, be allocated for federal income tax purposes to the principal amount of the Allowed Claim first and then, to the extent the consideration exceeds the principal amount of the Allowed Claim, to the portion of such Allowed Claim representing accrued but unpaid interest.

**9.7     No De Minimis Distributions**.  No payment of Cash in an amount of less than $100.00 shall be required to be made on account of any Allowed Claim.  Such undistributed amount may instead be made part of the Available Cash for use in accordance with this Plan and the Liquidating Trust Agreement.  If the Available Cash for the Final Distribution is less than $25,000, and the Liquidating Trustee, in his sole discretion, determines that it would cost more than $10,000 to distribute such funds, the Liquidating Trustee may donate such funds to the charity of his choice.

**9.8     Face Amount**.  Unless otherwise expressly set forth herein with respect to a specific Claim or Class of Claims, for the purpose of the provisions of this Article, the "Face Amount" of a Disputed Claim means the amount set forth on the proof of Claim unless the Disputed Claim has been estimated for distribution purposes or, in the alternative, if no proof of Claim has been timely Filed or deemed Filed, zero.

**9.9    Undeliverable Distributions.**  If the distribution check to any holder of an Allowed Claim is not cashed within 90 days after issuance by the Debtors or Liquidating Trustee, after consultation with the Liquidating Trust Committee, the Liquidating Trustee may give a stop payment order with respect to the check and no further distributions shall be made to such holder on account of such Allowed Claim.  Such Allowed Claim shall be discharged and the holder of such Allowed Claim shall be forever barred from asserting such Claim against the Liquidating Trust, the Liquidating Trustee, the Debtors, their Estates or their respective property.  In such cases, any Cash held for distribution on account of such Claim shall (i) become the property of the Liquidating Trust, (ii) if applicable, be returned by the Indenture Trustee to the Liquidating Trustee, and (iii) be distributed to other Creditors in accordance with the terms of this Plan and the Liquidating Trust Agreement.

**9.10    Timing of Distributions.**  The Liquidating Trust shall make distributions to the holders of various Allowed Claims as follows:

**9.10.1  Distributions to Holder of Class 3 Claim.**  The Liquidating Trust shall make distributions from the Term Lender Assets Proceeds to the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders from time to time as and when required by the Committee Settlement Stipulation.

**9.10.2  Distributions to Holders of Class 4 Claims.**  Unless otherwise provided in this Plan, to the extent there is Available Cash subsequent to the Administrative Expense Claims Bar Date, the Liquidating Trustee shall distribute from the Other Assets Proceeds such Available Cash to the Beneficiaries entitled thereto from time to time in accordance with Section 5.2(c) of the Liquidating Trust Agreement.

**9.10.3 Distributions to Holders of Other Claims**. On the Effective Date, or as soon thereafter as practicable, the Liquidating Trust shall distribute to the holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Class 1 Claims and Allowed Class 2 Claims the distributions for each respective Class as set forth in the Plan.

**9.11    Final Distribution.** The Liquidating Trustee shall make a final distribution in accordance with Section 5.6 of the Liquidating Trust Agreement.

**9.12    Disputed Claims Reserves.** The Liquidating Trustee shall establish reserves for Disputed Claims in accordance with the terms of the Liquidating Trust Agreement.

**9.13    Compliance with Tax Requirements.** In connection with the Plan and the distributions made in accordance therewith, to the extent applicable, the Debtors and the Liquidating Trust shall comply with all tax withholding and reporting requirements imposed by any Governmental Unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. The Liquidating Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

### ARTICLE 10
### CONDITIONS PRECEDENT

**10.1    Conditions to Confirmation.** The following are each conditions to entry of the Confirmation Order:

**10.1.1** The Confirmation Order shall be in form and substance reasonably satisfactory to the Debtors, the Pre-Petition Term Agent, at the direction of the requisite Pre-Petition Term Lenders, and the Creditors' Committee.

**10.2** **Conditions to the Effective Date.** The Plan shall not become effective and the Effective Date shall not occur unless and until:

**10.2.1** The Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably satisfactory to the Debtors, the Pre-Petition Term Agent, at the direction of the requisite Pre-Petition Term Lenders, and the Creditors' Committee;

**10.2.2** No stay of the Confirmation Order shall be in effect at the time the other conditions set forth in this Section 10.2 are satisfied, or, if permitted, waived;

**10.2.3** All documents, instruments and agreements, in form and substance reasonably satisfactory to the Debtors, the Pre-Petition Term Agent, at the direction of the requisite Pre-Petition Term Lenders, and the Creditors' Committee, provided for under this Plan or necessary to implement this Plan, including, without limitation, the Liquidating Trust Agreement, shall have been executed and delivered by the parties thereto, unless such execution or delivery has been waived by the parties benefited thereby;

**10.2.4** Subject to the terms of the Global Stipulations, there shall exist sufficient Available Cash to pay all estimated Allowed Administrative Expense Claims, Allowed Other Priority Claims, Allowed Priority Tax Claims and Allowed General Secured Claims; and

**10.2.5** The Confirmation Order shall have become a Final Order.

**10.3** **Termination of Plan for Failure To Become Effective.** If the Effective Date shall not have occurred on or prior to the date that is forty-five (45) days after the Confirmation Date, then this Plan shall terminate and be of no further force or effect unless the provisions of this Section 10.3 are waived in writing by the Debtors.

**10.4    Waiver of Conditions.**  The Debtors may waive any or all of the conditions set forth in Sections 10.1 and/or 10.2 (other than the conditions set forth in Sections 10.2.1, 10.2.4 and 10.2.5) of this Plan subject to the consent of the Pre-Petition Term Agent, at the direction of the requisite Pre-Petition Term Lenders, and the Creditors' Committee.

**10.5    Notice of Effective Date.**  On the Effective Date, or as soon thereafter as is reasonably practicable, the Debtors shall file with the Bankruptcy Court the "Notice of Effective Date" in a form reasonably acceptable to the Debtors in their sole discretion, which notice shall constitute appropriate and adequate notice that this Plan has become effective; provided, however, that the Debtors shall have no obligation to notify any Person other than counsel to the Creditors' Committee of such fact.  The Plan shall be deemed to be effective as of 12:01 a.m., prevailing Eastern time, on the Effective Date specified in such filing.  A courtesy copy of the Notice of Effective Date may be sent by United States mail, postage prepaid (or at the Company's option, by courier or facsimile) to those Persons who have filed with the Bankruptcy Court requests for notices pursuant to Federal Bankruptcy Rule 2002.

**ARTICLE 11**
**EFFECT OF CONFIRMATION**

**11.1    Jurisdiction of Court.**  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the subject matters set forth in Article 12 of this Plan.

**11.2** **Binding Effect.** Except as otherwise provided in section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of this Plan shall bind any holder of a Claim against or Interest in the Debtors and its respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under this Plan and whether or not such holder has accepted the Plan.

**11.3** **Exculpation.** *Except as otherwise specifically provided in this Plan, none of the Debtors or the Creditors' Committee (solely with respect to its conduct as a committee and not with respect to the actions of its members as individual creditors), the Pre-Petition Term Agent, the Pre-Petition Term Lenders, the Indenture Trustee, nor any of such parties' respective present members (with respect to members of the Creditors' Committee, solely with respect to each member's conduct in furtherance of its, his, or her duties as a member of the Creditors' Committee, and not with respect to the actions of such members as individual creditors), officers, directors, shareholders, employees, representatives, advisors, attorneys, financial advisors, investment bankers or agents or any of such parties' successors and assigns, shall have or incur, and are hereby released from, any Claim, obligation, cause of action or liability to one another or to any holder of a Claim or an Interest, or any other party in interest, or any of their respective officers, directors, shareholders, members and/or enrollees, employees, representatives, advisors, attorneys, financial advisors, investment bankers, agents, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the negotiation and pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their gross negligence or willful misconduct, and in all respects shall*

*be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities (if any) under this Plan.*

*Notwithstanding any other provision of this Plan, neither any holder of a Claim or Interest, or other party in interest, nor any of their respective officers, directors, shareholders, members and/or enrollees, employees, representatives, advisors, attorneys, financial advisors, investment bankers, agents or Affiliates, and no successors or assigns of the foregoing, shall have any right of action against any Debtor or the Creditors' Committee (solely in its capacity as a committee, and not in each particular member's capacity as an individual creditor), the Pre-Petition Term Agent, the Pre-Petition Term Lenders, or any of such parties' respective present members (with respect to members of the Creditors' Committee, solely with respect to the capacity of each member in furtherance of its, his, or her duties as a member of the Creditors' Committee, and not in each particular member's capacity as an individual creditor), officers, directors, shareholders, employees, representatives, advisors, attorneys, financial advisors, investment bankers or agents or such parties' successors and assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the negotiation and pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for such Persons' gross negligence or willful misconduct.*

**11.4    Injunction.** *Except as otherwise specifically provided in the Plan or the Confirmation Order, all Entities who have held, hold or may hold claims, rights, causes of action, liabilities or any equity interests based upon any act or omission, transaction or other activity of any kind or nature related to the Debtors or the Chapter 11 Cases that occurred prior to the Effective Date, other than as expressly provided in this Plan or the Confirmation Order,*

*regardless of the filing, lack of filing, allowance or disallowance of such a Claim or Interest and regardless of whether such Entity has voted to accept the Plan, and any successors, assigns or representatives of such Entities shall be precluded and permanently enjoined on and after the Effective Date from (a) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any Claim, Interest or any other right or claim against the Debtors, or any assets of the Debtors which such Entities possessed or may possess prior to the Effective Date, (b) the creation, perfection or enforcement of any encumbrance of any kind with respect to any Claim, Interest or any other right or claim against the Debtors or any assets of the Debtors which they possessed or may possess prior to the Effective Date, and (c) the assertion of any Claims that are released hereby.*

11.5 **Releases by Debtors.** *Except as expressly provided in this Plan, upon the Effective Date, each of the Debtors hereby (i) remises, acquits, waives, releases and forever discharges each of the Debtor Releasees, and (ii) covenants and agrees never to institute or cause to be instituted any suit or other form of action or proceeding of any kind or nature whatsoever against any of the Debtor Releasees based upon any claims, demands, indebtedness, agreements, promises, causes of action, obligations, damages or liabilities of any nature whatsoever (other than rights to enforce obligations of the Debtor Releasees under the Section 506(c) Stipulation, the Committee Settlement Stipulation, the orders of the Bankruptcy Court, the Plan and all contracts, instruments, releases and other agreements delivered in connection therewith), in law or in equity, whether or not known, suspected or claimed, that the Debtors or the Estates ever had, claimed to have, has, or may have or claim to have against the Debtor Releasees, or any of them, by reason of any matter, cause, thing, act or omission of the Debtor Releasees, or any of them, in each case related to the Debtors.*

**11.6    Releases by Holders of Claims and Interests.**  *As of the Effective Date, to the fullest extent permitted under applicable law, in consideration for the obligations under the Plan and the Cash, securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, and the benefits provided by the Creditor Releasees in the Plan and in the Chapter 11 Cases, each present and former holder of a Claim or Interest who votes in favor of the Plan will be deemed to release forever, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtors' obligations under the Section 506(c) Stipulation, the Committee Settlement Stipulation, the orders of the Bankruptcy Court, the Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan against Creditor Releasees.*

**11.7    Limitation of Liability.**  *Except as expressly set forth in the Plan, following the Effective Date, none of the Debtors, the Liquidating Trustee, the Pre-Petition Term Agent, the Pre-Petition Term Lenders, the Creditors' Committee, the Indenture Trustee, or any of their respective members, officers, directors, employees, advisors, attorneys, professionals or agents shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Chapter 11 Cases, the negotiation and pursuit of confirmation of the Plan, the consummation of the Plan or any contract, instrument, release or other agreement or document created in connection with this Plan, or the*

*administration of the Plan or the property to be distributed under the Plan, except for gross negligence or willful misconduct.*

**11.8    Limitation on Future Funding.**  Except as expressly set forth in the Global Stipulations, under no circumstances shall the Pre-Petition Term Agent and the Pre-Petition Term Lenders be liable for any future funding or payments to the Debtors' Estates, including, without limitation, for the payment of any claims arising from any deficit of the Working Capital Adjustment Escrow, the Carve-Out Escrow, the Additional Deposit Account, or the Cure Escrow Deposit Account, to satisfy any obligations arising to the beneficiaries of such accounts.  The Debtors' Estates shall be responsible for any anticipated or unanticipated deficits arising with respect to the foregoing, including any costs or claims associated with this liquidation of the Debtors, and none of the foregoing such claims shall be chargeable to, or the responsibility of, the Pre-Petition Term Agent or the Pre-Petition Term Lenders.

## ARTICLE 12
## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order, the occurrence of the Effective Date and the transfer of the Assets to the Liquidating Trust, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases after the Effective Date to the fullest extent legally permissible, including jurisdiction to, among other things:

(a)    Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of all Claims and Interests;

(b)    Hear and determine any and all causes of action against any Person and rights of the Debtors that arose before or after the Petition Date, including, but not limited to, the

rights and powers of a trustee and debtor-in-possession, against any Person whatsoever, including, but not limited to, all avoidance powers granted to the Debtors under the Bankruptcy Code and all causes of action and remedies granted pursuant to sections 502, 506, 510, 541, 542, 543, 544, 545, 547 through 551 and 553 of the Bankruptcy Code;

(c)     Grant or deny any applications for allowance of compensation for professionals authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

(d)     Resolve any matters relating to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which any Debtor is a party or with respect to which any of the Debtors may be liable, including, without limitation, the determination of whether such contract is executory for the purposes of section 365 of the Bankruptcy Code, and hear, determine and, if necessary, liquidate any Claims arising therefrom;

(e)     Enter orders approving the Debtors' or the Liquidating Trust's post-Confirmation sale or other disposition of Assets;

(f)     Ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plan and the Liquidating Trust Agreement;

(g)     Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving any Debtor that may be pending in the Chapter 11 Cases on the Effective Date;

(h)     Hear and determine matters concerning state, local or federal taxes in accordance with sections 346, 505 or 1146 of the Bankruptcy Code;

(i)     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Liquidating Trust Agreement, the Plan and the Confirmation Order;

(j)     Hear and determine any matters concerning the enforcement of the provisions of Article 11 of this Plan and any other exculpations, limitations of liability or injunctions contemplated by this Plan;

(k)     Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Liquidating Trust Agreement, the Plan or the Confirmation Order;

(l)     Permit the Debtors, to the extent authorized pursuant to section 1127 of the Bankruptcy Code, to modify the Plan or any agreement or document created in connection with the Plan, or remedy any defect or omission or reconcile any inconsistency in the Plan or any agreement or document created in connection with the Plan;

(m)     Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation or enforcement of the Liquidating Trust Agreement, the Plan or the Confirmation Order;

(n)     Enforce any injunctions entered in connection with or relating to the Plan or the Confirmation Order;

(o)     Enter and enforce such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated, or distributions pursuant to the Liquidating Trust Agreement or the Plan are enjoined or stayed;

(p)     Determine any other matters that may arise in connection with or relating to the Plan or any agreement or the Confirmation Order;

(q)     Enter any orders in aid of prior orders of the Bankruptcy Court; and

(r)     Enter a final decree closing the Chapter 11 Cases.

## ARTICLE 13
## ACCEPTANCE OR REJECTION OF THE PLAN

**13.1     Persons Entitled to Vote.** Classes 1 and 2 are not Impaired, and holders of Class 1 Claims and Class 2 Claims are deemed pursuant to section 1126(f) of the Bankruptcy Code to have accepted the Plan. Votes from holders of Class 1 Claims and Class 2 Claims will not be solicited. Class 3 and Class 4 are Impaired but are expected to receive a distribution

under the Plan. Votes from holders of Class 3 Claims and Class 4 Claims will be solicited. Class 5 Claims, Class 6 Claims, Class 7B Claims and Class 7A Interests are Impaired and are not entitled to distributions pursuant to the Plan. Class 5 Claims, Class 6 Claims, Class 7B Claims and Class 7A Interests will be cancelled pursuant to the Plan, and holders of such Claims and Interests are deemed pursuant to section 1126(g) of the Bankruptcy Code to have rejected the Plan. Votes from holders of Class 5 Claims, Class 6 Claims, Class 7B Claims and Class 7A Interests will not be solicited.

13.2 **Acceptance by Impaired Classes.** An Impaired Class of Claims shall have accepted the Plan if (i) the holders (other than any holder designated under section 1126(e) of the Bankruptcy Code) of at least two-thirds in amount of the Allowed Claims actually voting in such Class have voted to accept the Plan and (ii) the holders (other than any holder designated under section 1126(e) of the Bankruptcy Code) of more than one-half in number of the Allowed Claims actually voting in such Class have voted to accept the Plan.

13.3 **Request for Non-Consensual Confirmation.** Class 5, Class 6, Class 7A and Class 7B will receive no distribution on account of their Claims and Interests and are therefore deemed to have rejected the Plan. The Debtors therefore request that the Court confirm the Plan under the cramdown provisions of section 1129(b) of the Bankruptcy Code with respect to Class 5, Class 6, Class 7A and Class 7B and, in the event Class 3 or Class 4 rejects the Plan, with respect to Class 3 or Class 4, as applicable.


## ARTICLE 14
## MISCELLANEOUS PROVISIONS

**14.1    Modification of the Plan.**  Subject to the restrictions on Plan modifications set forth in section 1127 of the Bankruptcy Code, the Debtors reserve the right to alter, amend or modify the Plan before its substantial consummation.

**14.2    Revocation of the Plan.**  The Debtors reserve the right to revoke or withdraw the Plan prior to the Confirmation Date.  If the Debtors revoke or withdraw the Plan, or if Confirmation does not occur or if the Plan does not become effective, then the Plan shall be null and void, and nothing contained in the Plan or Disclosure Statement shall:  (a) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtors; (b) constitute an admission of any fact or legal conclusion by the Debtors or any other Entity; or (c) prejudice in any manner the rights of the Debtors in any further proceedings involving the Debtors.

**14.3    Governing Law.**  Unless a rule of law or procedure is supplied by (i) federal law (including the Bankruptcy Code and Bankruptcy Rules), or (ii) an express choice of law provision in any agreement, contract, instrument or document provided for, or executed in connection with, the Plan, the rights and obligations arising under the Plan and any agreements, contracts, documents and instruments executed in connection with the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware without giving effect to the principles of conflict of laws thereof.

**14.4    No Admissions.**  If Confirmation or the Effective Date does not occur, nothing contained in the Plan or Disclosure Statement shall be deemed as an admission by the Debtors with respect to any matter set forth herein or therein including, without limitation, liability on any Claim or the propriety of any Claims classification.

**14.5    Severability of Plan Provisions.**  If prior to Confirmation any term or provision of the Plan that does not govern the treatment of Claims or Interests is held by the

Bankruptcy Court to be invalid, void or unenforceable, at the request of the Debtors the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, Impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**14.6    Successors and Assigns.**  The rights, benefits and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

**14.7    Exemption from Certain Transfer Taxes.**  Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of any Security or the making or delivery of any instrument of transfer under this Plan may not be taxed under any law imposing a stamp tax, use tax, sales tax or similar tax.  Any sale of any Asset occurring after or upon the Effective Date shall be deemed to be in furtherance of this Plan.

**14.8    Preservation of Rights of Setoffs.**  The Debtors may, but shall not be required to, set off against any Claim, and the payments or other distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the Debtors may have against the holder of such Claims; but neither the failure to do so nor the allowance of

any Claim hereunder shall constitute a waiver or release by the Debtors of any such claim that the Debtors may have against such holder.

14.9 **Defenses with Respect to Unimpaired Claims.** Except as otherwise provided in this Plan, nothing shall affect the rights and legal and equitable defenses of the Debtors with respect to any Unimpaired Claim, including all rights in respect of legal and equitable defenses to setoffs or recoupments against Unimpaired Claims.

14.10 **No Injunctive Relief.** Except as otherwise provided in the Plan or Confirmation Order, no Claim or Interest shall under any circumstances be entitled to specific performance or other injunctive, equitable, or other prospective relief.

14.11 **Saturday, Sunday or Legal Holiday.** If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

14.12 **Entire Agreement**. This Plan (together with the Liquidating Trust Agreement) sets forth the entire agreement and undertaking relating to the subject matter hereof and supersedes all prior discussions and documents. The Debtors' Estates shall not be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein.

14.13 **Dissolution of Creditors' Committee.** The Creditors' Committee shall be dissolved on the Effective Date without need for a further order of the Bankruptcy Court. On the Effective Date, a Liquidating Trust Committee comprised of three members appointed by the members of the Creditors' Committee, on behalf of the Beneficiaries, shall be established to perform the duties set forth in Section 4.14 of the Liquidating Trust Agreement.

**14.14 Notices.** Any notice required or permitted to be provided under this Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) reputable overnight delivery service, freight prepaid, to be addressed as follows:

Counsel for the Debtors

> Latham & Watkins LLP
> Suite 5800 Sears Tower
> 233 South Wacker Drive
> Chicago, Illinois 60606
> (312) 993-9767 (facsimile)
> Attn:   Josef S. Athanas, Esq.
>            Caroline A. Reckler, Esq.
>
>    - and –
>
> Latham & Watkins LLP
> 355 South Grand Avenue
> Los Angeles, California 90071
> (213) 891-8763
> (312) 993-9767 (facsimile)
> Attn:   Heather L. Fowler, Esq.
>
>    - and –
>
> Young, Conway, Stargat & Taylor LLP
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-1253 (facsimile)
> Attn:   Michael R. Nester, Esq.
>            Kara Hammond Coyle, Esq.

Counsel for the Official Committee of Unsecured Creditors and the Liquidating Trustee

> Cooley Godward Kronish LLP
> 1114 Avenue of the Americas
> New York, NY 10036
> (212) 479-6275 (facsimile)
> Attn:   Cathy Hershcopf, Esq.
>            Seth Van Aalten, Esq.
>            Jay Indyke, Esq.

- and –

Benesch, Friedlander, Coplan & Aronoff
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
(302) 442-7007 (facsimile)
Attn:   Bradford J. Sandler, Esq.

Dated:  January 26, 2010

EBHI Holdings, Inc.

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Amargosa, Inc.

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Gobi Fulfillment Services, Inc.

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Arabian Diversified Sales, LLC

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Gibson Services, LLC

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Karakum International Development, LLC

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Simpson Information Technology, LLC

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Sandy Financial Services Acceptance
Corporation

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer

Sonoran Acceptance Corporation

By:     /s/ Brent Kugman
      Name:  Brent Kugman
      Title:  Chief Restructuring Officer