# Exhibit 2

Liquidating Trust Agreement

CH\1129592.6

# LIQUIDATING TRUST AGREEMENT

### for the

### EBHI Liquidating Trust

# TABLE OF CONTENTS

Section I Definitions ........................................................................................................ 5

    1.1.    Terms Defined Above. ................................................................................ 5

    1.2.    Terms Defined in the Plan. ......................................................................... 5

Section II Authority of and Certain Directions to Liquidating Trustee: Declaration of
        Trust ................................................................................................................ 5

    2.1.    Creation of Liquidating Trust. .................................................................... 5

    2.2.    Purpose of Liquidating Trust. ..................................................................... 6

    2.3.    Title to Assets of the Debtors. .................................................................... 6

    2.4.    Segregated Funds. ...................................................................................... 6

    2.5.    Tax Treatment of Transfer of Trust Assets to the Liquidating Trust. ..................... 7

    2.6.    Transfer Free and Clear of Claims. ............................................................. 7

    2.7.    Transfer of Trust Assets. ............................................................................ 7

    2.8.    Property in the Liquidating Trust. ............................................................... 8

    2.9.    Valuation of Trust Assets. .......................................................................... 8

    2.10.    Continuation of the Automatic Stay. ........................................................ 8

Section III Beneficial Interests. ...................................................................................... 8

    3.1.    No Transfer or Exchange. .......................................................................... 8

    3.2.    No Certification. ........................................................................................ 9

    3.3.    Absolute Owners. ...................................................................................... 9

    3.4.    Means of Payment. .................................................................................... 9

    3.5.    Amount of Payment. .................................................................................. 9

    3.6.    Acceptance of Conveyance. ....................................................................... 9

    3.7.    Title. ........................................................................................................ 10

Section IV Administration of Trust Estate. ..................................................................... 10

    4.1.    Trust Administrative Fund. ........................................................................ 10

    4.2.    Disputed Claims Reserve. .......................................................................... 10

    4.3.    Administrative Powers of the Liquidating Trustee. ...................................... 11

    4.4.    Objections to Claims. ................................................................................ 13

    4.5.    Limitations on Liquidating Trustee; Investments. ....................................... 13

    4.6.    Limitations on Liquidating Trustee – Litigation Claims. .............................. 14

    4.7.    Transferee Liabilities ................................................................................. 14

| | 4.8. | Administration of Trust | 14 |
|---|---|---|---|
| | 4.9. | Payment of Expenses and Other Liabilities | 15 |
| | 4.10. | Payment of U.S. Trustee's Fees | 15 |
| | 4.11. | Liquidating Trustee Fees | 15 |
| | 4.12. | Fiscal Year. | 15 |
| | 4.13. | Reports | 15 |
| | 4.14. | Liquidating Trust Committee | 16 |
| | 4.15. | Removal of the Liquidating Trustee | 17 |
| Section V | Payments and Distributions. | | 17 |
| | 5.1. | Distributions to Beneficiaries | 17 |
| | 5.2. | Frequency and Amounts of Cash Payments | 17 |
| | 5.3. | Establishment of the Claim Accounts | 18 |
| | 5.4. | Distributions from Trust Estate | 18 |
| | 5.5. | Fractional Distributions | 18 |
| | 5.6. | Final Distribution | 18 |
| | 5.7. | Termination Date | 19 |
| Section VI | Other Duties of the Trustee | | 19 |
| | 6.1. | Management of Trust Estate | 19 |
| | 6.2. | Tax and Related Matters | 19 |
| | 6.3. | No Implied Duties | 20 |
| Section VII | Concerning the Liquidating Trustee. | | 20 |
| | 7.1. | Acceptance by Liquidating Trustee | 20 |
| | 7.2. | Discretionary Submission of Questions | 20 |
| | 7.3. | Liability of the Liquidating Trustee | 20 |
| | 7.4. | Reliance by Liquidating Trustee | 21 |
| | 7.5. | Reliance on Liquidating Trustee | 21 |
| | 7.6. | Indemnification | 22 |
| | 7.7. | Compensation of Liquidating Trustee | 23 |
| | 7.8. | Resignation and Removal | 23 |
| Section VIII | Supplements and Amendments to this Liquidating Trust Agreement. | | 24 |
| | 8.1. | Supplements and Amendments | 24 |
| | 8.2. | Declining to Execute Documents | 24 |

8.3.    Notice of Form of Supplement and Amendments Requiring Vote or Consent ........................................................................................... 24

8.4.    Notice and Effect of Executed Amendment ..................................... 25

Section IX Miscellaneous. ........................................................................... 25

9.1.    Title to Trust Estate .......................................................................... 25

9.2.    Sales of Assets of the Trust Estate .................................................... 25

9.3.    Notices ............................................................................................... 25

9.4.    Severability ....................................................................................... 26

9.5.    Counterparts ...................................................................................... 26

9.6.    Binding Agreement ........................................................................... 26

9.7.    No Personal Liability of Beneficiaries .............................................. 26

9.8.    Headings ............................................................................................ 26

9.9.    Construction ...................................................................................... 26

9.10.   Governing Law .................................................................................. 27

9.11.   Construction with the Plan ................................................................ 27

9.12.   Subject to Bankruptcy Court's Jurisdiction ...................................... 27

9.13.   Intention of the Parties ...................................................................... 27

# LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (the "Liquidating Trust Agreement"), dated as of _____, 2010, by and between EBHI Holdings, Inc. ("EBHI") and each of the other debtors listed on the signature pages hereto (collectively with EBHI, the "Debtors") and Larry Waslow, as Liquidating Trustee ("Liquidating Trustee"), is made and executed in connection with the Debtors' First Amended Joint Plan of Liquidation of EBHI Holdings, Inc., et al. under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), dated January 26, 2010, (as amended, the "Plan"), filed by the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which Plan was confirmed by Order of the Bankruptcy Court dated _____, 2010. The Plan provides for the establishment of the liquidating trust evidenced hereby (which liquidating trust shall formally be known as the "EBHI Liquidating Trust") to liquidate the assets and property of the Debtors in accordance with the terms and conditions of the Plan and to resolve and realize upon certain of the Debtors' rights, claims and causes of action through enforcement by the Liquidating Trustee.

## R E C I T A L S

**WHEREAS**, on June 17, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code; and,

**WHEREAS**, each of the Debtors, thereafter, continued in the operation of their businesses and the management of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and,

**WHEREAS**, on January 26, 2010, the Debtors filed their Plan with the Bankruptcy Court; and,

**WHEREAS**, the Bankruptcy Court entered its order confirming the Plan (the "Confirmation Order") on _____, 2010; and,

**WHEREAS**, the Plan provides for, among other things, (i) liquidation of the Term Lender Assets and Other Assets, (ii) distribution of the Term Lender Assets Proceeds to the Pre-Petition Term Agent as holder of the Allowed Term Lender Secured Claim for the benefit of the Pre-Petition Term Lenders, (iii) distributions of Other Assets Proceeds to the holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed General Secured Claims to pay such Allowed Claims in full in accordance with the terms of the Plan, and (iv) distributions of remaining Other Assets Proceeds to the holders of Allowed General Unsecured Claims as provided herein and in the Plan; and,

**WHEREAS**, the Plan provides for the creation of a liquidating trust to hold the Trust Assets in trust for the benefit of all Beneficiaries pursuant to the terms of this Liquidating Trust Agreement and the Plan; and,

**WHEREAS**, this Liquidating Trust Agreement is executed to establish the Liquidating Trust (as defined in Section 2 hereof) and to facilitate implementation of the Plan; and,

**WHEREAS**, the primary purpose of the Liquidating Trust is to liquidate the Trust Assets for the benefit of the Beneficiaries in accordance with Treasury Regulation Section 301.7701-4(d) and the Liquidating Trust will not be operated with the objective of continuing or engaging in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust; and,

**WHEREAS**, except with respect to the Disputed Claims Reserve, the Liquidating Trust is intended to qualify as one or more liquidating trusts that are treated as "grantor trusts" for federal income tax purposes and the Liquidating Trustee shall operate and maintain the Liquidating Trust in compliance with Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Sections 1.671-4(a) and 301.7701-4(d) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service; and,

**WHEREAS**, as contemplated by the Plan, the Beneficiaries hereby exchange their Allowed Claims under the Plan for Beneficial Interests (as hereinafter defined) in the Liquidating Trust;

## AGREEMENTS

**NOW THEREFORE**, for and in consideration of the premises, and the mutual promises and agreements contained herein and in the Plan, the receipt and sufficiency of which are hereby expressly acknowledged, the Debtors and Liquidating Trustee hereby agree as follows:

## SECTION I  DEFINITIONS

1.1.     Terms Defined Above.  As used in this Liquidating Trust Agreement, each of the terms "Liquidating Trust Agreement," "Debtors," "Liquidating Trustee," "Bankruptcy Code," "Plan," "Bankruptcy Court," "Petition Date," "Plan," and "Confirmation Order" shall have the meanings hereinabove set forth.

1.2.     Terms Defined in the Plan.  Capitalized terms used in this Liquidating Trust Agreement without definition shall have the meanings assigned to them in the Plan. Terms defined in the Bankruptcy Code and not otherwise specifically defined in the Plan or herein shall, when used herein, have the meanings attributed to them in the Bankruptcy Code.

## SECTION II  AUTHORITY OF AND CERTAIN DIRECTIONS TO LIQUIDATING TRUSTEE: DECLARATION OF TRUST

2.1.     Creation of Liquidating Trust.  Pursuant to Section 7.2 of the Plan and the Confirmation Order, and effective as of the Effective Date of the Plan, the Beneficiaries and the Debtors hereby create the Liquidating Trust, to be formally be known as the "EBHI Liquidating Trust", for the benefit of the Beneficiaries.  Pursuant to the terms of the Plan, the Debtors

execute this Liquidating Trust Agreement and, subject to the provisions of Section 2.3 hereof, absolutely and irrevocably transfer, absolutely assign, convey, set over, and deliver to the Liquidating Trust, and its successors and assigns, all right, title and interest of the Debtors in and to the Trust Estate, in trust, to and for the benefit of the Beneficiaries for the uses and purposes stated herein and in the Plan, except as may otherwise be specifically provided by the Plan. All of the Term Lender Assets transferred to the Liquidating Trust shall be transferred subject to the Liens of the Pre-Petition Term Agent in favor of the Pre-Petition Term Lenders. The Carve-Out Escrow transferred to the Liquidating Trust shall be transferred subject to the Carve Out. The Debtors shall execute and deliver such other instruments of sale, transfer, conveyance, assignment and confirmation, and will cooperate and take such other actions as the Liquidating Trustee may deem reasonably necessary or desirable in order to more effectively transfer, convey and assign all rights, title and interests in and to the Trust Estate to the Liquidating Trust.

2.2.    Purpose of Liquidating Trust.

This Liquidating Trust is created and organized for the sole purposes of collecting, holding, liquidating, and distributing the Trust Estate and administering, compromising, settling, withdrawing, objecting to, or litigating the Litigation Claims and objections to the Claims under the Plan, with no objective to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. In accordance with such express and limited purposes, as of the Effective Date, the Liquidating Trust is hereby authorized and directed: (i) to take any and all steps necessary to maintain the Liquidating Trust (except with respect to the Disputed Claims Reserve) as one or more liquidating trusts for federal income tax purposes in accordance with Treasury Regulation § 301.7701-4(d) and as one or more "grantor trusts" subject to the provisions of Subchapter J, Subpart E of the IRC unless otherwise required; (ii) to take all reasonable and necessary actions to conserve and protect the Trust Estate; (iii) to administer, compromise, settle, and litigate the Litigation Claims and any other claims or causes of action belonging to the Liquidating Trust; (iv) to the extent necessary and appropriate, object to any Claims asserted against the Debtors' Estates and the Liquidating Trust; and (v) to maintain, operate or lease (for purposes of holding for sale), or sell or otherwise liquidate or dispose of the Trust Estate, in accordance with the terms of this Liquidating Trust Agreement, the Plan and the Confirmation Order, and to distribute the net proceeds of such disposition to the Beneficiaries, in as prompt, efficient and orderly a fashion as possible in accordance with the provisions of Section 5 hereof.

2.3.    Title to Assets of the Debtors.

Upon the transfer of the Assets to the Liquidating Trust, the Liquidating Trustee shall succeed to all of the Debtors' right, title and interest in the Assets and the Debtors will have no further interest in or with respect to the Assets or the Liquidating Trust.

2.4.    Segregated Funds.

a.    On the Effective Date, the Liquidating Trustee shall establish a segregated deposit account to be used solely for the purpose of funding of the Trust Administrative Fund

(defined below). The account shall be funded solely from the Other Assets Proceeds. Any unspent Cash remaining in the Trust Administrative Fund immediately prior to the Final Distribution Date shall be distributed to the Beneficiaries as if such Cash were Other Assets Proceeds.

b.     On the Effective Date, the Liquidating Trustee shall establish a segregated deposit account to be used solely for the payment of Available Cash to holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed General Secured Claims. The account shall be funded solely from the Other Assets Proceeds. To the extent Cash remains in such account following the payment in full of all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed General Secured Claims, such Cash shall be distributed to the Beneficiaries as if such Cash were Other Assets Proceeds.

2.5.    Tax Treatment of Transfer of Trust Assets to the Liquidating Trust. For all federal income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee, and the Beneficiaries) shall treat the transfer of Trust Assets to the Liquidating Trust, as set forth in Sections 2.1, 2.3 and 2.4 of this Liquidating Trust Agreement and in accordance with the Plan, as a transfer of such Assets (subject, with respect to the Carve-Out Escrow, to the Carve Out, and subject, with respect to the Term Lender Assets, to the Lien of the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders) to the Beneficiaries and a transfer by the Beneficiaries of such Assets (subject, with respect to the Carve-Out Escrow, to the Carve Out, and subject, with respect to the Term Lender Assets, to the Lien of the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders) to the Liquidating Trust. In all events, the Beneficiaries of the Liquidating Trust shall be treated as the grantors and deemed owners of the Liquidating Trust.

2.6.    Transfer Free and Clear of Claims. In accordance with Section 2.1 hereof, the Debtors hereby transfer and assign the Trust Assets to the Liquidating Trust free and clear of any Liens, Claims, interests, encumbrances or any liability of any kind (subject, with respect to the Carve-Out Escrow, to the Carve Out, and subject, with respect to the Term Lender Assets, to the Lien of the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders), and the Liquidating Trustee on behalf of the Liquidating Trust hereby assumes and agrees that all such Trust Assets will be transferred to the Liquidating Trust free and clear of any Liens, Claims, interests, encumbrances or any liability of any kind (subject, with respect to the Carve-Out Escrow, to the Carve Out, and subject, with respect to the Term Lender Assets, to the Lien of the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders).

2.7.    Transfer of Trust Assets.

Except as otherwise provided by the Plan or this Liquidating Trust Agreement, upon the Effective Date, title to the Trust Assets shall pass to the Liquidating Trust free and clear of all claims and Interests, in accordance with Section 1141 of the Bankruptcy Code (subject, with respect to the Carve-Out Escrow, to the Carve Out, and subject, with respect to the Term Lender Assets, to the Lien of the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders). The Liquidating Trustee shall not be permitted to receive or retain Cash or Cash

equivalents in excess of a reasonable amount to meet distributions as provided herein and the Plan or to maintain the value of the Trust Assets during liquidation.

2.8.    Property in the Liquidating Trust.

The Liquidating Trust shall hold the legal title to all property at any time constituting a part of the Trust Estate and shall hold such property in trust to be administered and disposed of by it pursuant to the terms of this Liquidating Trust Agreement, the Plan and the Confirmation Order for the benefit of the Beneficiaries. The Liquidating Trustee is authorized to make disbursements and payments from the Trust Estate in accordance with the provisions of Sections 5 and 6 of this Liquidating Trust Agreement and pursuant to the Plan.

2.9.    Valuation of Trust Assets.

As soon as possible after the Effective Date, but in no event later than ninety (90) days thereafter, the Liquidating Trustee, based upon his good faith determination after consultation with his counsel, shall inform the Beneficiaries in writing solely as to his estimate of the value of the assets transferred to the Liquidating Trust and the value of such assets allocable to the Holders of Allowed Claims in Classes 3 and 4. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Liquidating Trustee, and the Beneficiaries) for all federal income tax purposes, and the parties shall file tax returns consistent with such valuation; provided, however, that such valuation shall not be binding on the Liquidating Trustee or any other party for any other purposes, including without limitation in regard to the liquidation of the Trust Assets, whether by disposition, liquidation, litigation, settlement, or otherwise.

2.10.    Continuation of the Automatic Stay.

In furtherance of the implementation of the Plan, except as otherwise provided in the Plan, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect and apply to all creditors and Beneficiaries holding claims against the Debtors, the Estates, the Assets, the Liquidating Trustee, the Liquidating Trust and the Trust Assets until the Final Distribution Date.

## SECTION III   BENEFICIAL INTERESTS.

3.1.    No Transfer or Exchange.

Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Liquidating Trust shall not be transferable. In the event the Liquidating Trustee does authorize the transfer of Beneficial Interests, the Liquidating Trustee, based upon his good faith determination after consultation with his counsel, shall establish procedures to govern the registration and transfer of Beneficial Interests ("Permitted Transfer"). Once such procedures have been established, if ever, the Liquidating Trustee shall notify all holders of Beneficial Interests of such procedures. Notwithstanding the foregoing, a transfer of a Beneficial Interest shall be not be permitted by the Liquidating Trustee if such transfer would be contrary to

maintaining the Liquidating Trust as a liquidating trust for federal income tax purposes in accordance with Treasury Regulation § 301.7701-4(d) and as a "grantor trust" subject to the provisions of Subchapter J, Subpart E of the IRC.

3.2.    No Certification.

Unless the Liquidating Trustee determines otherwise, the Beneficial Interests will not be certificated and no security of any sort will be distributed to the Beneficiaries with respect to their interest in the Liquidating Trust. In the event the Liquidating Trustee does permit the certification of the Beneficial Interests, the Liquidating Trustee, based upon his good faith determination after consultation with his counsel, shall establish procedures to govern such certification. Once such procedures have been established, if ever, the Liquidating Trustee shall notify all Beneficiaries of such procedures.

3.3.    Absolute Owners.

The Liquidating Trustee may deem and treat the persons who are Beneficiaries (as determined in accordance with the Plan) as the absolute owners of the Beneficial Interests in the Liquidating Trust for the purpose of receiving distributions and payments thereof, or on account thereof, and for all other purposes whatsoever. Unless the Liquidating Trustee receives actual written notice of a Permitted Transfer from the duly authorized transferee not less than thirty (30) days prior to a distribution made pursuant to the terms of this Liquidating Trust Agreement, and subject to the applicable provisions of Bankruptcy Rule 3001(e), the Liquidating Trustee shall have no duty or obligation to make or direct any distributions or payments to such transferee of a Permitted Transfer.

3.4.    Means of Payment.

Cash payable to Beneficiaries pursuant to Section 5 hereof will be paid by checks drawn on a domestic bank account maintained by the Liquidating Trust or by wire transfer from a domestic bank account maintained by the Liquidating Trust at the sole option of the Liquidating Trustee.

3.5.    Amount of Payment.

The amount of Cash payments and distributions to Beneficiaries shall be made and calculated in accordance with the Plan.

3.6.    Acceptance of Conveyance.

The Liquidating Trustee is hereby directed to, and the Liquidating Trustee agrees that he will: (a) accept delivery of the Trust Estate on behalf of the Liquidating Trust; (b) accept all bills of sale, deeds, assumptions and assignments, and all other instruments of conveyance required to be delivered by the Debtors with respect to the Trust Estate transferred to the Liquidating Trustee on behalf of the Liquidating Trust pursuant to or in connection with the Plan, the Confirmation Order, or this Liquidating Trust Agreement; and (c) take such other action as may be required of the Liquidating Trust hereunder, including the receipt and acceptance as part

of the Trust Estate of any property or rights, including, without limitation, notes, other negotiable instruments, claims, Litigation Claims, and other choses-in-action belonging to the Debtors or their Estates.

### 3.7. Title.

On the Effective Date, legal title to all Assets of the Debtors, including, without limitation, the Term Lender Assets and the Other Assets, shall be vested in the Liquidating Trust in accordance with and pursuant to the terms of the Plan and this Liquidating Trust Agreement. Without limiting the foregoing, on the Effective Date, the Liquidating Trustee, on behalf of the Liquidating Trust, shall be: (i) authorized to act as representative of the Debtors' Estates in respect of any and all claims or causes of action that constitute Litigation Claims; and (ii) substituted as successor to the Debtors and/or the Creditors' Committee (a) in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court or elsewhere in regard to the Litigation Claims, (b) in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court or elsewhere in connection with or regarding all Claims, and (c) in any agreement respecting the Trust Assets to which any of the Debtors is a party, including, without limitation, the Section 506(c) Stipulation and the Committee Settlement Stipulation.

## SECTION IV   ADMINISTRATION OF TRUST ESTATE.

### 4.1. Trust Administrative Fund.

The Liquidating Trustee shall establish a reserve fund (the "Trust Administrative Fund") for the payment by the Liquidating Trustee of all liquidation expenses including, without limitation, the compensation of the Liquidating Trustee, any attorney, accountant, advisor or other professional retained by the Liquidating Trustee, and the payment of all other reasonable and reasonably anticipated expenses, debts, charges, liabilities and obligations relating to the Trust Estate and its administration including the fees of the Indenture Trustee in connection with Plan distributions. The Trust Administrative Fund shall be funded from the Other Assets Proceeds in such amounts deemed reasonable and necessary by the Liquidating Trustee in his sole discretion. Any balance remaining in the Trust Administrative Fund after the payment of all expenses, debts, charges, liabilities and obligations intended to be paid therefrom shall be distributed to Beneficiaries as provided in Section 5 hereof. Any monies deposited in the Trust Administrative Fund pursuant to the terms of this Liquidating Trust Agreement shall be invested in interest-bearing deposits or investments specified in Section 4.5b of this Agreement, and the interest earned thereon shall be credited thereto. Any unspent Cash remaining in the Trust Administrative Fund immediately prior to the Final Distribution Date shall be distributed to the Beneficiaries as if such Cash were Other Assets Proceeds.

### 4.2. Disputed Claims Reserve.

The Liquidating Trustee shall establish a reserve fund solely from Other Assets Proceeds (the "Disputed Claims Reserve") for the payment by the Liquidating Trustee of all Disputed Claims, including Claims based on the rejection of Executory Contracts but excluding (a) the Term Lender Secured Claim, (b) the Term Lender Deficiency Claim and (c) any Term Lender Adequate Protection Claim. Each time a distribution of Other Assets Proceeds is made to

any Class of Claims, the Liquidating Trustee shall deposit into the Disputed Claims Reserve an amount equal to the distribution each holder of a Disputed Claim in such Class would have received were the Face Amount of its Disputed Claim in such Class an Allowed Claim solely from Other Assets Proceeds.  With respect to any unliquidated Disputed Claim, the Disputed Claims Reserve shall be funded upon entry of and in accordance with an order(s) of the Bankruptcy Court estimating the amount (the "Estimated Amount") of such unliquidated Disputed Claim.  Any Person whose Disputed Claim is so estimated shall be entitled to an Allowed Claim only up to an amount not to exceed the Estimated Amount even if such Person's Disputed Claim, as finally allowed, would have exceeded the maximum Estimated Amount thereof.  At the time a Person's Disputed Claim is Allowed, in whole or in part, such Person shall receive from the Disputed Claims Reserve a distribution equal to the distributions such Person would have received on account of its Allowed Claim had it been an Allowed Claim at the time of such prior distributions, with any surplus Cash held in the Disputed Claims Reserve on account of such Disputed Claim becoming generally available for use by the Liquidating Trustee as Available Cash in accordance with the Plan and this Liquidating Trust Agreement.  Such Person shall also become a new Beneficiary of the Liquidating Trust and such Person shall be deemed, at such time, to have received a distribution of assets of the Trust Estate equal to the amount of the Allowed Claim (but in no case more than the Estimated Amount of the Claim) immediately followed by a transfer by such Person to the Liquidating Trust of such assets, and said new Beneficiary shall be treated, at such time, as a new grantor and deemed owner and Beneficiary of the Liquidating Trust to the extent of his Allowed Claim.

4.3.    Administrative Powers of the Liquidating Trustee.

During the Liquidating Trustee's administration of the Liquidating Trust, and subject to (i) all the other provisions of this Liquidating Trust Agreement (including, but not limited to, Sections 4.5 and 4.6) and (ii) the Plan, the Liquidating Trustee may exercise the power:

(i)    To receive and hold all the assets of the Trust Estate and to have exclusive possession and control thereof as permissible under applicable law;

(ii)    To manage, sell and convert all or any portion of the assets in the Trust Estate to Cash and distribute the net distributable proceeds as specified in the Plan and this Liquidating Trust Agreement;

(iii)    To incur indebtedness;

(iv)    To enter into, perform and exercise rights under contracts binding upon the Liquidating Trust (but not upon the Liquidating Trustee in his respective individual or corporate capacity) which are reasonably incident to the administration of the Liquidating Trust and which the Liquidating Trustee, in the exercise of his best business judgment, reasonably believes to be in the best interests of the Liquidating Trust;

(v)    To delegate his authority under this Liquidating Trust to other persons, provided that such delegation must be made pursuant to a written agreement that either has been

approved by the Bankruptcy Court in conjunction with the confirmation of the Plan or is approved by the Liquidating Trust Committee;

(vi)    To establish and maintain accounts at banks and other financial institutions, in a clearly specified fiduciary capacity, into which the Trust Administrative Fund, Disputed Claims Reserve or other Cash and property of the Liquidating Trust may be deposited, and draw checks or make withdrawals from such accounts, and to pay or distribute such amounts of the Trust Estate as permitted or required under the Plan and this Liquidating Trust Agreement;

(vii)    To employ attorneys, accountants, appraisers, expert witnesses, insurance adjusters or other persons whose services may be reasonably necessary or advisable, in the sole judgment of the Liquidating Trustee after consultation with the Liquidating Trust Committee, to advise or assist him in the discharge of his duties as Liquidating Trustee or otherwise in the exercise of any powers vested in the Liquidating Trustee, and to pay from the Trust Administrative Fund reasonable compensation to such attorneys, accountants, appraisers, expert witnesses, insurance adjusters or other persons;

(viii)    To pay any and all reasonable and necessary expenses attributable or relating to the management, maintenance, operation, preservation or liquidation of the Trust Estate;

(ix)    To investigate, file, compromise, settle, withdraw or litigate in the Bankruptcy Court or on appeal (or pursuant to a withdrawal of the reference of jurisdiction) objections to Claims filed against the Debtors' Estates, the Trust Estate or the Liquidating Trust;

(x)    To investigate, analyze, compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, or otherwise deal with and settle, in accordance with the terms set forth in this Liquidating Trust Agreement, all Litigation Claims and claims in favor of or against the Liquidating Trust as the Liquidating Trustee shall deem advisable;

(xi)    To avoid and recover transfers of the Debtors' property as may be permitted by the Bankruptcy Code or applicable state law, including, without limitation, those transfers identified in the Disclosure Statement;

(xii)    To take all appropriate action with respect to the Trust Estate, including, without limitation, the filing, prosecution, settlement or other resolution of claims and Litigation Claims;

(xiii)    To sue or be sued in connection with any matter arising from or related to the Plan or this Liquidating Trust Agreement that affects in any way the rights or obligations of the Liquidating Trust, the Liquidating Trustee or the Beneficiaries;

(xiv)    To represent the interests of the Beneficiaries with respect to any matters relating to the Plan, this Liquidating Trust Agreement, or the Liquidating Trust affecting the rights of such Beneficiaries;

(xv)    If the Liquidating Trust shall become subject to federal or state income tax, the Liquidating Trustee shall have the power, exercisable at his reasonable discretion, to take any action reasonably necessary to minimize any adverse federal or state income tax consequences to the Beneficiaries resulting from any distribution made by the Liquidating Trust to such Beneficiaries;

(xvi)    In general, without in any manner limiting any of the foregoing or the following, to deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful for any person owning the same to deal therewith; provided, however, that the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Trust Assets of the Liquidating Trust and to further the liquidating purpose of the Liquidating Trust, are limited by the terms herein;

(xvii)    To do any and all other things not in violation of any other terms of the Plan, the Confirmation Order and this Liquidating Trust Agreement that, in the reasonable business judgment of the Liquidating Trustee, are necessary or appropriate for the proper liquidation, management, investment and distribution of the assets of the Trust Estate in accordance with the provisions of this Liquidating Trust Agreement and the Plan;

(xviii)  To file final tax returns for each of the Debtors; and

(xix)    At the appropriate time, to request that the Bankruptcy Court enter a final decree closing each of the Debtors' Chapter 11 Cases.

4.4.    Objections to Claims.

From and after the Effective Date of the Plan, the Liquidating Trust, through the Liquidating Trustee, shall be the sole representative of the Debtors' Estates for all purposes, including, without limitation, investigating, settling, compromising, objecting to, and litigating in the Bankruptcy Court or on appeal (or pursuant to a withdrawal of the reference of jurisdiction) objections to Claims.

4.5.    Limitations on Liquidating Trustee; Investments.

a.    No Trade or Business.  The Liquidating Trustee shall carry out the purposes of the Liquidating Trust and the directions contained herein and shall not at any time cause the Liquidating Trust to enter into or engage in any trade or business (except as may be consistent with the limited purposes of the Liquidating Trust), including, without limitation, the purchase of any assets or property (other than such assets or property as are reasonably necessary to carry out the purposes of the Liquidating Trust Agreement, on behalf of the Liquidating Trust or the Beneficiaries). The Liquidating Trustee is directed to take all reasonable and necessary actions to dispose of the Trust Estate in as prompt, efficient and orderly a fashion as possible, to make timely distributions of the proceeds of the Trust Estate, and to otherwise not unduly prolong the duration of the Liquidating Trust.

b.    Investments.  The Liquidating Trustee shall invest any monies held at any time as part of this Trust Estate, including, without limitation, in the Trust Administrative Fund

and every other reserve or escrow fund established pursuant to the terms of this Liquidating Trust Agreement, only in interest-bearing deposits or certificates of deposit issued by any federally insured banking institution or short-term investments, including short-term obligations of, or unconditionally guaranteed as to payment by, the United States of America and its agencies or instrumentalities, pending the need for the disbursement thereof in payment of costs, expenses, and liabilities of the Liquidating Trust or in making distributions pursuant to Section 5 of this Liquidating Trust Agreement. The Liquidating Trustee shall be restricted to the collection and holding of such monies and any income earned on such monies and to the payment and distribution thereof (at least annually if such monies are not necessary to maintain the value of the Trust Estate or to satisfy Claims against the Trust Estate) for the purposes set forth in the Plan and this Liquidating Trust Agreement, and to the conservation and protection of the Trust Estate in accordance with the provisions hereof.

4.6.    Limitations on Liquidating Trustee – Litigation Claims.

a.    The Liquidating Trustee shall be obligated to consult with the Liquidating Trust Committee regarding all matters affecting the Trust Estate involving $1,000,000 or more, including, but not limited to, Claims objections, litigation, and contested matters. Notwithstanding anything contained herein, a member of the Liquidating Trust Committee must recuse itself from the Liquidating Trust Committee regarding any contested matter, objection to Claim, or other Litigation Claim to which it is a party or otherwise has a conflict of interest.

b.    In all other events, unless otherwise set forth herein, the Liquidating Trustee is authorized to compromise or settle an action without any notice or consent if the Liquidating Trustee reasonably believes such settlement or compromise to be in the best interests of the Liquidating Trust, and shall be held harmless by the Beneficiaries in taking such action.

c.    Notwithstanding anything herein to the contrary, the Liquidating Trustee shall be authorized to pay the reasonable fees and expenses incurred by professionals after the Effective Date without providing notice to or obtaining the approval of any party; provided, however, that such payments may be made only from the Trust Administrative Fund.

4.7.    Transferee Liabilities.  If any liability shall be asserted against the Liquidating Trust as transferee of the Trust Estate on account of any claimed liability of or through the Debtors, the Liquidating Trustee may use such part of the Trust Administrative Fund as may be necessary in contesting any such claimed liability and in payment, compromise, settlement and discharge thereof on terms reasonably satisfactory to the Liquidating Trustee. In no event shall the Liquidating Trustee be required or obligated to use his own property, funds or assets for any such purposes.

4.8.    Administration of Trust.  In administering the Liquidating Trust, the Liquidating Trustee, subject to the express limitations contained herein, is authorized and directed to do and perform all such acts, to execute and deliver such deeds, bills of sale, instruments of conveyance, and other documents as he may deem reasonably necessary or advisable to carry out the purposes of the Liquidating Trust.

4.9. Payment of Expenses and Other Liabilities. To the extent that the amount of funds in the Trust Administrative Fund is at any time insufficient, the Liquidating Trustee shall pay solely from the Other Assets Proceeds all reasonable expenses, charges, liabilities and obligations of the Liquidating Trust, including, without limiting the generality of the foregoing, such debts, liabilities, or obligations as may be payable from the Trust Estate, interest, taxes, assessments, and public charges of every kind and nature, and the costs, charges and expenses in connection with or arising out of the execution or administration of the Liquidating Trust and the Trust Estate, and such other payments and disbursements as are provided for in this Liquidating Trust Agreement or which may be reasonably determined by the Liquidating Trustee to be proper charges against the Liquidating Trust and the Trust Estate, and which the Liquidating Trustee, in his reasonable discretion and business judgment, may determine to be necessary or advisable to meet or satisfy unascertained, unliquidated or contingent liabilities of the Liquidating Trust. The Liquidating Trustee shall make such payments without application to or order of the Bankruptcy Court, except as otherwise herein provided. For the avoidance of doubt, none of such obligations shall be chargeable against any of the Term Lender Assets.

4.10. Payment of U.S. Trustee's Fees. After the occurrence of the Effective Date, fees payable to the Office of the United States Trustee during the administration of the Plan and until the case is converted, dismissed or closed shall be paid by the Liquidating Trustee from the Trust Administrative Fund. For the avoidance of doubt, none of such obligations shall be chargeable against any of the Term Lender Assets.

4.11. Liquidating Trustee Fees. The Liquidating Trustee is entitled to reasonable compensation for services performed pursuant to the terms of and in accordance with the terms of this Liquidating Trust Agreement. The Liquidating Trustee will be paid in accordance with Schedule 4.11 hereto, provided that such payments shall be made from the Trust Administrative Fund. For the avoidance of doubt, none of such liabilities shall be chargeable against any of the Term Lender Assets.

4.12. Fiscal Year.

The Liquidating Trust's fiscal year shall end on December 31 of each year, unless the Liquidating Trustee deems it advisable to establish some other date on which the fiscal year of the Liquidating Trust shall end.

4.13. Reports. The Liquidating Trustee shall:

a.     Prepare and file unaudited interim financial reports as may be required by regulatory authorities, applicable laws, rules or regulations or as the Liquidating Trustee deems advisable during the fiscal year;

b.     Prepare, file and mail, within the time required by applicable law or regulation, necessary income tax information, tax returns or reports to the Beneficiaries and applicable taxing authorities, including, on an annual basis, the manner and calculation of the Liquidating Trust's taxable gain or loss which the Liquidating Trust would recognize if it were a separate taxable entity. In this connection, the Liquidating Trustee shall file returns for the

Liquidating Trust, except with respect to the Disputed Claims Reserve, as one or more grantor trusts pursuant to Treasury Regulation Section 1.671-4(a); and

        c.     As soon as practicable after each calendar quarter, and in no event later than thirty (30) days after the end of each quarter, the Liquidating Trustee shall submit to the United States Trustee, the Liquidating Trust Committee, and any Beneficiary who requests copies of such quarterly report after the Confirmation Date, an unaudited written report and account showing:

        (i)     the assets and liabilities of the Liquidating Trust;

        (ii)     any distributions made and expenses paid pursuant to the Plan and the Liquidating Trust Agreement during that calendar quarter;

        (iii)     any changes in the Trust Assets that have not been previously reported; and

        (iv)     any material action taken by the Liquidating Trustee in the performance of his or her duties under the Liquidating Trust Agreement that has not been previously reported.

        4.14.    Liquidating Trust Committee. The Creditors' Committee shall appoint an administrative trust committee (the "Liquidating Trust Committee"), consisting of no more than three (3) members, to consult with the Liquidating Trustee from time to time on various matters as set forth in this Liquidating Trust Agreement. As appointed by the Creditors' Committee, the Liquidating Trust Committee initially shall consist of the three (3) members identified, who each shall serve for an initial term of three (3) years. Thereafter, members of a subsequent Liquidating Trust Committee shall be nominated to serve by the previous Liquidating Trust Committee and shall qualify to serve upon the affirmative majority vote of the members of the previous Liquidating Trust Committee then serving and actually voting for such purpose; provided, however, that if for any reason no Liquidating Trust Committee members remain to make such nomination, the Liquidating Trustee will make such nomination and such nominee shall qualify to serve upon an affirmative majority vote of the holders representing a majority (in dollar amount) of the Beneficial Interests ("Majority Holders") actually voting for such purpose (as recorded on the records of the Liquidating Trust as of such date). Unless otherwise specified herein, approval of a majority of the members of such Liquidating Trust Committee shall be required for the Liquidating Trust Committee to act. In the event that a member of the Liquidating Trust Committee resigns prior to the expiration of his term or is otherwise unable to serve out his term, the remaining member or members of the Liquidating Trust Committee shall select the successor to serve the remainder of such term; provided, however, that if no such member remains, such selection shall be made by the affirmative majority vote of holders representing a majority of Beneficial Interests (as recorded on the records of the Liquidating Trust as of such date). The Liquidating Trust Committee shall have the rights and powers set forth in this Liquidating Trust Agreement. In the event that a Liquidating Trust Committee shall not be formed and continuing to exist under this Liquidating Trust Agreement, all references herein to required approval or other action of such Liquidating Trust Committee shall be of no force or effect. In performance of their duties hereunder, members of the Liquidating Trust

Committee shall be entitled to receive reimbursement of reasonable costs, expenses and obligations as set forth in Section 7.6e(iii) of the Liquidating Trust Agreement.

4.15. Removal of the Liquidating Trustee. The Liquidating Trust Committee shall be authorized, by unanimous vote of the member or members thereof, to remove the Liquidating Trustee for reasonable cause and to select a replacement or successor liquidating trustee in accordance with the provisions of this Liquidating Trust Agreement.

## SECTION V PAYMENTS AND DISTRIBUTIONS.

5.1. Distributions to Beneficiaries.

a. Distributions to holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed General Secured Claims shall be made solely from the Available Cash.

b. Distributions to the holder of the Allowed Term Lender Secured Claim shall be made to the Pre-Petition Term Lender Agent for the benefit of the Pre-Petition Lenders from the Term Lender Assets Proceeds.

c. Distributions to holders of Allowed General Unsecured Claims shall be made solely from the Available Cash after payment in full in Cash of the Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed General Secured Claims.

d. Payments to the Beneficiaries hereunder shall be made only from the Term Lender Assets Proceeds and Other Assets Proceeds, and only to the extent that the Liquidating Trustee shall have sufficient Term Lender Assets Proceeds and/or Other Assets Proceeds to make such payments in accordance with this Section 5. Each Beneficiary shall look solely to the assets of the Liquidating Trust available for distribution to such Beneficiary as herein provided.

5.2. Frequency and Amounts of Cash Payments.

a. The Liquidating Trustee shall make the Effective Date Distribution and subsequent distributions to Beneficiaries holding Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed General Secured Claims, in accordance with the Plan from the Available Cash as soon as such Claims become Allowed Claims.

b. The Liquidating Trustee shall make distributions to the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders from the Term Lender Assets Proceeds from time to time as and when required by the Committee Settlement Stipulation on account of the Allowed Lender Secured Claim.

c. As often as in the reasonable discretion and judgment of the Liquidating Trustee there shall be Available Cash in an amount sufficient to render feasible a distribution of

Cash to the holders of Allowed General Unsecured Claims, the Liquidating Trustee shall transfer and pay, or cause to be transferred and paid, to the holders of Allowed General Unsecured Claims (subject to the provisions of Section 3 hereof) such aggregate amount of Available Cash, if any, as shall then be held in the Liquidating Trust, excluding reasonable amounts of Cash held in the Trust Administrative Fund pursuant to Section 4.1 hereof or otherwise needed to pay the expenses, debts, charges, liabilities and obligations of the Liquidating Trust (the "Distribution Amount"). The aggregate amounts required to be distributed to the holders of Allowed General Unsecured Claims shall be determined by the Liquidating Trustee pursuant to and in accordance with the terms of the Plan and this Liquidating Trust Agreement. The Distribution Amount(s) shall be paid to the holders of Allowed General Unsecured Claims at least annually and shall be determined by the Liquidating Trustee in his reasonable discretion, and his determination shall be final and conclusive on all persons, in the absence of gross negligence or willful misconduct on the part of the Liquidating Trustee, and shall not be reviewed by the Bankruptcy Court. In determining the amount of any such distribution, the Liquidating Trust may rely and shall be fully protected in relying upon the advice and opinion of independent public accountants or of counsel to the Liquidating Trust.

5.3.    **Establishment of the Claim Accounts.** The Liquidating Trustee will establish on the Liquidating Trust's books and records an account representing each Allowed or Disputed Claim as set forth on the official claims register maintained by Kurtzman Carson Consultants LLC as claims agent or its successor (each, a "Claim Account"). It is expressly understood that the establishment of the Claim Accounts by the Liquidating Trustee or his agents is solely for administrative convenience, and that amounts allocable to such Claim Accounts need not be segregated and may be commingled for investment purposes as specified herein. The Liquidating Trustee may rely on the official claims register as correct.

5.4.    **Distributions from Trust Estate.** Distributions will be made to the Beneficiaries in accordance with the terms of the Plan and the Claim Accounts will be adjusted by the Liquidating Trustee to reflect such distributions.

5.5.    **Fractional Distributions.** No distribution in fractions of cents shall be issued. If the Distribution Amount allocated to an Allowed Claim at the time of a distribution hereunder would include fractions of cents, the amount to be distributed shall be rounded down to the highest integral number of cents in the applicable Claim Account, but such rounding down shall not affect such allocation. The aggregate amount of the retained fractional distributions from the Distribution Amount shall be retained in the Liquidating Trust by the Liquidating Trustee and shall remain part of the Trust Estate.

5.6.    **Final Distribution.** Upon the final collection or liquidation of all of the assets, rights and interests comprising the Trust Estate, and in any event prior to the Termination Date (as defined in Section 5.7 hereof), the Liquidating Trustee shall prepare a final accounting of any and all monies remaining in any accounts maintained by the Liquidating Trustee on behalf of the Liquidating Trust, including the Trust Administrative Fund and any escrow funds, or otherwise remaining in the Trust Estate (the "Final Cash"). Once the amount of the Final Cash has been determined, the Liquidating Trustee shall make the Final Distribution, in accordance with the Plan and this Liquidating Trust Agreement; provided, however, that if the Final Cash consisting

of Other Assets Proceeds is less than $25,000, and the Liquidating Trustee, in his sole discretion, determines that it would cost more than $10,000 to distribute such funds, the Liquidating Trustee may donate such funds to a charity of his choice. Upon the Termination Date, any Term Lender Assets Proceeds which had not previously been distributed to the Pre-Petition Term Lender Agent for the benefit of the Pre-Petition Lenders, shall be distributed to the Pre-Petition Term Lender Agent for the benefit of the Pre-Petition Lenders, even if such amount is less then $100,000.

5.7. Termination Date. The Liquidating Trust shall terminate on such date when (a) a final decree has been entered closing the Chapter 11 Cases, (b) all assets in the Trust Estate have been distributed and (c) all claims have been pursued or abandoned pursuant to, and in accordance with, the Plan and this Liquidating Trust Agreement (the "Termination Date"). However, the term of the Liquidating Trust shall not exceed five (5) years from the Effective Date; provided that, upon a finding that an extension is necessary to the liquidating purpose of the Liquidating Trust and upon approval by the Bankruptcy Court, the term may be extended for a finite term based on the particular facts and circumstances. Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term. The Liquidating Trustee shall be released of all liabilities and discharged from his or her obligations under the Plan or the Liquidating Trust Agreement once the Liquidating Trust has terminated pursuant to this section.

## SECTION VI  OTHER DUTIES OF THE TRUSTEE.

6.1. Management of Trust Estate. With respect to the assets of the Trust Estate, the Liquidating Trustee may, if sufficient funds are available from the Trust Administrative Fund or Available Cash, purchase and maintain in existence such insurance as the Liquidating Trustee deems reasonable and necessary or appropriate from time to time to protect the Liquidating Trust, the Trust Assets, the Liquidating Trustee, the Liquidating Trust Committee, and the Beneficiaries' interests in the assets of the Trust Estate or from any potential claims or liabilities relating thereto or the distribution thereof.

6.2. Tax and Related Matters. Pursuant to and in accordance with the Plan, the Liquidating Trustee shall be responsible for all tax matters of the Trust Estate, including, but not limited to, the filing of all tax returns and other filings with governmental authorities on behalf of the Trust Estate, the Debtors' Estates and any subsidiaries (whether organized as a corporation, limited liability company or partnership and whether owned in whole or in part) for time periods ending on or before the Final Tax Day, including the filing of tax returns for the Liquidating Trust, except with respect to the Disputed Claims Reserve, as one or more grantor trusts pursuant to § 1.671-4(a) of the United States Income Tax Regulations, the filing of determination requests under section 505(b) of the Bankruptcy Code, and responding to any tax audits of the Trust Estate. The Liquidating Trustee shall provide such information to the Beneficiaries as will enable them to properly file their separate tax returns and withhold and pay over any amounts required by tax law. The Liquidating Trustee is authorized to act as agent for the Trust Estate in withholding or paying over any amounts required by law (including tax law) to be withheld or paid with respect to the Trust Estate. Except as otherwise set forth in this Liquidating Trust Agreement or the Plan, any items of income, deduction, credit, or loss of the Liquidating Trust

not allocable to the Disputed Claims Reserve shall be allocated for federal income tax purposes among the Class 3 Claims and the Class 4 Claims as required by law. The Liquidating Trust shall file all income tax returns with respect to any income attributable to the Disputed Claims Reserve and shall pay the federal, state and local income taxes attributable to the Disputed Claims Reserve, based on the items of income, deduction, credit or loss allocable thereto. The Liquidating Trustee shall be entitled to deduct any federal or state withholding taxes from any payments made with respect to Allowed Claims, as appropriate, and shall otherwise comply with Section 346 of the Bankruptcy Code.

6.3.    No Implied Duties. The Liquidating Trustee shall not manage, control, use, sell, dispose, collect or otherwise deal with the Trust Estate or otherwise take any action hereunder except as expressly provided herein, and no implied duties or obligations whatsoever of the Liquidating Trustee shall be read into this Liquidating Trust Agreement.

## SECTION VII   CONCERNING THE LIQUIDATING TRUSTEE.

7.1.    Acceptance by Liquidating Trustee. The Liquidating Trustee accepts the Liquidating Trust hereby created for the benefit of the Beneficiaries and agrees to act as Liquidating Trustee of the Liquidating Trust pursuant to the terms of this Liquidating Trust Agreement and the Plan. The Liquidating Trustee shall have and exercise the rights and powers herein granted and shall be charged solely with the performance of the duties herein declared on the part of Liquidating Trustee. The Liquidating Trustee also agrees to receive and disburse all monies actually received by him constituting part of the Trust Estate pursuant to the terms of this Liquidating Trust Agreement and the Plan.

7.2.    Discretionary Submission of Questions. Subject to the provisions of this Section VII, the Liquidating Trustee, in his sole discretion, may, but shall not be required to, submit to the Bankruptcy Court, from time to time, any question or questions with respect to which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trustee with respect to the Trust Estate, or any part thereof, and the administration and distribution of the Trust Estate. The written authorization of the Bankruptcy Court set forth in a Final Order shall constitute approval by the Bankruptcy Court of the proposed action to be taken by the Liquidating Trustee. All costs and expenses incurred by the Liquidating Trust in the exercise of any right, power or authority conferred by this Section 7.2 shall be costs and reasonable expenses of the Trust Estate, payable solely from the Trust Administrative Fund or Available Cash.

7.3.    Liability of the Liquidating Trustee.

a.    **Limitation on Liability**. No provision of this Liquidating Trust Agreement shall be construed to impart any liability upon the Liquidating Trustee unless it shall be proven in a court of competent jurisdiction that the Liquidating Trustee's actions or omissions constituted gross negligence or willful misconduct in the exercise of or failure to exercise any right or power vested in the Liquidating Trustee under this Liquidating Trust Agreement. For the avoidance of doubt, none of such obligations shall be chargeable against any of the Term Lender Assets.

b.    **Reliance on Certificates or Opinions**.  In the absence of gross negligence or willful misconduct on the part of the Liquidating Trustee, the Liquidating Trust may conclusively rely on the truth of the statements and correctness of the opinions expressed upon any certificates or opinions furnished to the Liquidating Trustee and conforming to the requirements of this Liquidating Trust Agreement.  For the avoidance of doubt, none of such obligations shall be chargeable against any of the Term Lender Assets.

c.    **Discretion of Liquidating Trustee**.  The Liquidating Trustee, within the limitations and restrictions expressed and imposed by this Liquidating Trust Agreement, may act freely under all or any of the rights, powers and authority conferred hereby, in all matters concerning the Trust Estate, after forming his best reasonable business judgment based upon the circumstances of any particular question or situation as to the best course to pursue, without the necessity of obtaining the consent or permission or authorization of the Beneficiaries, the Bankruptcy Court, or of any official or officer; and the rights, powers and authority conferred on the Liquidating Trustee by this Liquidating Trust Agreement are conferred in contemplation of such freedom of reasonable business judgment and action within the limitations and restrictions so expressed and imposed; provided, however, that the Liquidating Trustee shall not be liable for any error or exercise of judgment, unless it shall be proved in court of competent jurisdiction that such Liquidating Trustee was grossly negligent or acted in a manner that constituted willful misconduct.  For the avoidance of doubt, none of such obligations shall be chargeable against any of the Term Lender Assets.

7.4.    Reliance by Liquidating Trustee.

a.    **Genuineness of Documents**.  The Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, objection, order, judgment, decree, or other paper or document reasonably believed by him to be genuine and to have been signed, made, entered or presented by the proper party, parties, official, officials, entity or entities.

b.    **Retention of Counsel**.  The Liquidating Trustee, after consultation with the Liquidating Trust Committee, may retain and consult with legal counsel, independent public accountants and other experts. The Liquidating Trustee shall not be liable for any action taken or suffered by him or omitted to be taken by him without gross negligence or willful misconduct in reliance on any opinion or certification of such accountants or in accordance with the advice of such counsel or experts, provided that such accountants, counsel and experts were selected and retained with reasonable care.  It shall not be a conflict of interest for the Liquidating Trustee to be represented by counsel to the Liquidating Trust Committee.

7.5.    Reliance on Liquidating Trustee.  No person dealing with the Liquidating Trustee shall be obligated to see to the application of any monies, securities, or other property paid or delivered to them or to inquire into the expediency or propriety of any transaction or the right, power, or authority of the Liquidating Trustee to enter into or consummate the same upon such terms as the Liquidating Trustee may deem advisable.  Persons dealing with the Liquidating Trustee shall look only to the Trust Estate to satisfy any liability incurred by the Liquidating Trustee to such persons in carrying out the terms of this Liquidating Trust Agreement, and,

except as otherwise expressly provided herein, the Liquidating Trustee shall have no personal, individual or corporate obligation to satisfy any such liability.

7.6.    Indemnification.

a.      **Indemnification of Liquidating Trustee and Agents**.  The Liquidating Trust hereby agrees to indemnify to the full extent of the Trust Estate (subject, with respect to the Carve-Out Escrow, to the Carve Out, and subject, with respect to the Term Lender Assets, to the Lien of the Pre-Petition Term Agent for the benefit of the Pre-Petition Term Lenders) any person or entity who was or is a party, or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative by reason of the fact that such person or entity is or was a Liquidating Trustee or an employee, attorney or agent of the Liquidating Trust or Liquidating Trustee, from and against any and all expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person or entity in connection with such action, suit or proceeding, including appeals thereof, if such person or entity acted without gross negligence and willful misconduct in the exercise and performance of any power or duties of such person or entity in accordance with this Liquidating Trust Agreement.

b.      **Payment of Expenses**.  Expenses (including reasonable attorneys' fees) incurred in defending any action, suit or proceeding referred to in this Section 7.6 may be paid by the Liquidating Trust from the Trust Administrative Fund or Available Cash in advance of the final disposition of such action, suit or proceeding, upon an undertaking by the Liquidating Trustee or an employee or agent of the Liquidating Trust entitled to be indemnified.

c.      **Insurance**.  The Liquidating Trust may maintain insurance during its existence and after its termination, at its expense, to protect itself and the Liquidating Trustee, officers, employees or agents of the Liquidating Trust of and from any liability, whether or not the Liquidating Trust would have the legal power to directly indemnify the Liquidating Trustee, officers, employees or agents of the Liquidating Trust against such liability. The terms "Liquidating Trustee," "officers," "employees" or "agents" as used herein, where applicable, include the heirs, successors, executors, administrators, personal representatives, or estates of such persons or entities.

d.      **Bond**.  As a condition to serving as Liquidating Trustee hereunder, the Liquidating Trustee and any successor trustee is required to and shall post a bond in favor of the Liquidating Trust in an amount not less than one million dollars ($1,000,000), which bond shall be in substantially the form as that required by the United States Trustee's Office for trustees serving in bankruptcy cases within the District of Delaware, or such alternative form of financial surety or financial insurance policy as the Liquidating Trust Committee deems appropriate.

e.      **Costs and Expenses of Liquidating Trustee**.  The Liquidating Trustee shall pay out of the Trust Administrative Fund all reasonable costs, expenses and obligations incurred by the Liquidating Trustee in carrying out his duties under this Liquidating Trust Agreement or in any manner connected, incidental or related to the administration of the Liquidating Trust without application to the Bankruptcy Court, including, without limitation:

(i)     Any reasonable, documented fees and out-of-pocket expenses of attorneys, accountants, investment advisors, expert witnesses, insurance adjusters, professionals or other persons whom the Liquidating Trustee may reasonably deem advisable to employ in connection with the Liquidating Trust, or on their own behalf in accordance with the terms of this Liquidating Trust Agreement;

(ii)     Any taxes, charges and assessments which may be owed by, or levied or assessed against, the Trust Estate or any property held in trust hereunder; and

(iii)     Any reasonable, documented costs, and out-of-pocket expenses incurred by the Liquidating Trust Committee in carrying out its duties under the Plan.

7.7.     **Compensation of Liquidating Trustee.** The Liquidating Trustee will be compensated from the Trust Administrative Fund on an hourly basis according to the terms of Schedule 4.11.

7.8.     Resignation and Removal.

a.     **Resignation**. The Liquidating Trustee may resign and be discharged from any future obligations and liabilities hereunder by giving written notice thereof to the Bankruptcy Court and the Liquidating Trust Committee at least thirty (30) days prior to the effective date of such resignation. Subject to the expiration of such notice period, such resignation shall become effective on the day specified in such notice.

b.     **Removal**. The Liquidating Trustee may be removed with cause at any time by order of the Bankruptcy Court upon motion by any party in interest or in accordance with Section 4.15 hereof. Upon any such removal, such removed Liquidating Trustee shall be entitled to any reimbursement and indemnification set forth in this Liquidating Trust Agreement which remain due and owing to such Liquidating Trustee at the time of such removal.

c.     **Appointment of a Successor Trustee**. If, at any time, the Liquidating Trustee shall give notice of his intent to resign pursuant to Section 7.8 hereof or be removed or shall become incapable of acting, counsel to the Liquidating Trustee shall provide notice thereof to the Bankruptcy Court and the Liquidating Trust Committee shall designate a successor Liquidating Trustee to act under this Liquidating Trust Agreement.

d.     **Acceptance of Appointment by Successor Liquidating Trustee**. Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall deliver counterparts thereof to the Bankruptcy Court. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all of the estates, properties, rights, powers, trusts and duties of his predecessor in the Liquidating Trust hereunder with like effect as if originally named herein.

e.     **Trust Continuance**. The death, resignation, incompetency or removal of the Liquidating Trustee shall operate neither to terminate the Liquidating Trust created by this Liquidating Trust Agreement nor to revoke any existing agency created pursuant to the terms of this Liquidating Trust Agreement or invalidate in any action theretofore taken by such

Liquidating Trustee. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall (i) promptly execute and deliver any such documents, instruments, and other writing as may be necessary to effect the termination of such Liquidating Trustee's capacity under this Liquidating Trust Agreement and the conveyance of the Trust Estate then held by such Liquidating Trustee to the temporary or successor trustee; (ii) deliver to the temporary or successor trustee all documents, instruments, records, and other writings relating to the Liquidating Trust or Trust Estate as may be in the possession of such Liquidating Trustee; and (iii) otherwise assist and cooperate in effecting the transfer and assumption of his obligations and functions by the temporary or successor trustee.

## SECTION VIII  SUPPLEMENTS AND AMENDMENTS TO THIS LIQUIDATING TRUST AGREEMENT.

8.1.    Supplements and Amendments. Subject to the provisions of Sections 2, 8.2 and 8.3 hereof, at any time and from time to time, and subject to approval by the Bankruptcy Court if sought by the Liquidating Trustee pursuant to Section 7.2 of this Liquidating Trust Agreement, the Liquidating Trustee may execute a supplement or amendment hereto for the purpose of adding provisions to, or changing or eliminating provisions of, this Liquidating Trust Agreement, or amendments thereto, as specified in such vote or consent; provided, however, that no such supplement or amendment shall (i) require any Beneficiary to furnish or advance funds to the Liquidating Trustee or shall entail any additional personal liability or the surrender of any individual right on the part of any Beneficiary except with the written consent of such Beneficiary, (ii) release the Carve Out or remove funds from the Carve-Out Escrow without the consent of any Debtor or Committee Professionals that have not been paid in full for all fees and expenses arising prior to the Effective Date, (iii) release any of the Liens of the Pre-Petition Term Agent without the Pre-Petition Term Agent's consent, (iv) without the prior written consent of the holder of an Allowed Administrative Claim, an Allowed Priority Tax Claim, an Allowed Other Priority Claim, an Allowed General Secured Claim or the Allowed Term Lender Secured Claim, change or modify the Liquidating Trustee's obligations with respect to such Claim, including, without limitation, provisions for payment of such Claim, or (v) without the consent of those holders of General Unsecured Claims holding not less than seventy-five percent (in aggregate dollar amount) of the General Unsecured Claims, change or modify any other provisions for distribution of the Trust Estate. In no event shall this Liquidating Trust Agreement be amended so as to change the purposes of the Liquidating Trust as set forth in Section 2 or the treatment of Claims under the Plan and this Liquidating Trust Agreement.

8.2.    Declining to Execute Documents. If, in the reasonable opinion of the Liquidating Trustee, any document required to be executed pursuant to the terms of Section 8.1 hereof materially and adversely affects any immunity or indemnity in favor of the Liquidating Trustee under this Liquidating Trust Agreement, the Liquidating Trustee may in his discretion decline to execute such document.

8.3.    Notice of Form of Supplement and Amendments Requiring Vote or Consent. A copy of each amendment or supplement (or a fair summary thereof) shall be furnished to the Beneficiaries promptly after the execution thereof, except that with respect to any proposed amendment or supplement for which the consent of the Beneficiaries is required, the form of

such proposed supplement or amendment (or a fair summary thereof) shall be furnished to the applicable Beneficiaries prior to the Liquidating Trustee seeking the approval thereof by vote or consent of such necessary parties.

8.4.    Notice and Effect of Executed Amendment.  Upon the execution of any declaration of amendment or supplement, this Liquidating Trust Agreement shall be deemed to be modified and amended in accordance therewith and the respective rights, limitations of rights, obligations, duties and immunities under this Liquidating Trust Agreement of the Liquidating Trustee and the Beneficiaries shall thereafter be determined, exercised and enforced hereunder subject in all respects to such modification and amendment, and all the terms and conditions of any such amendment or supplement shall be thereby deemed to be part of the terms and conditions of this Liquidating Trust Agreement for any and all purposes.

## SECTION IX  MISCELLANEOUS.

9.1.    Title to Trust Estate.  No Beneficiary or any other party other than the Liquidating Trust shall have title to any part of the Trust Estate; provided, however, that the Term Lender Assets shall be subject to the Liens of the Pre-Petition Term Agent and the Carve-Out Escrow Account shall be subject to the Carve Out.

9.2.    Sales of Assets of the Trust Estate.  Any sale or other conveyance of any assets of the Trust Estate, or part thereof, by the Liquidating Trustee made in accordance with the terms of this Liquidating Trust Agreement shall bind the Beneficiaries and shall be effective to transfer or convey all right, title and interest of the Liquidating Trustee and the Beneficiaries in and to such asset of the Trust Estate.

9.3.    Notices.  Unless otherwise expressly specified or permitted by the terms of the Plan or this Liquidating Trust Agreement, all notices shall be in writing and delivered by registered or certified mail, return receipt requested, or by a hand or facsimile transmission (and confirmed by mail), in any such case addressed as follows:

If to the Liquidating Trustee:

Larry Waslow
Four Neshaminy Interplex, Suite 103
Trevose, PA 19053
(     )    -      (facsimile)

with a copy to:

Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036

(212) 479-6275 (facsimile)
Attn: Cathy Hershcopf

and if to any Beneficiary, addressed to its latest mailing address reflected on the Claims List.

9.4.    Severability.  Any provision of this Liquidating Trust Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

9.5.    Counterparts.  This Liquidating Trust Agreement may be executed in multiple counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.

9.6.    Binding Agreement.  All covenants and agreements contained herein shall be binding upon, and inure to the benefit of, the Liquidating Trustee and his respective successors and assigns and any successor Liquidating Trustee provided for in Section VII, his respective successors and assigns, and the Beneficiaries, and their respective personal representatives, successors and assigns. Any request, notice, direction, consent, waiver or other instrument or action by any party hereto or any Beneficiary shall bind their respective heirs, personal representatives, successors and assigns.

9.7.    No Personal Liability of Beneficiaries.  The Beneficiaries will not incur any personal liability through their ownership or possession of their Beneficial Interests, except for taxes imposed on the Beneficiaries pursuant to applicable provisions of federal, state or local law with respect to the receipt of such Beneficial Interests or distributions from or transactions of the Liquidating Trust and other charges specified herein.  Liabilities of the Liquidating Trust are to be satisfied in all events (including the exhaustion of the Trust Estate) exclusively from the Trust Estate and such liabilities are not to attach to or be paid from any amounts distributed to the Beneficiaries, regardless of the time at which such distribution took place, or from the assets of the Beneficiaries.

9.8.    Headings.  The headings of the various Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

9.9.    Construction.  Except where the context otherwise requires, words importing the masculine gender shall include the feminine and the neuter, if appropriate; words importing the singular number shall include the plural number and vice versa; and words importing persons shall include partnerships, associations, and corporations.

9.10.    Governing Law.  This Liquidating Trust Agreement, including all matters of construction, validity and performance hereof, shall in all respects be governed by, and construed and interpreted in accordance with, the internal laws of the State of Delaware.

9.11.    Construction with the Plan.  The Plan is hereby incorporated fully by reference and is made a part hereof for all purposes. In the event of any inconsistency or conflict between the terms, conditions, definitions and provisions of this Liquidating Trust Agreement and the terms, conditions and provisions of the Plan, the terms, conditions, definitions and provisions of the Plan shall control.

9.12.    Subject to Bankruptcy Court's Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over this Liquidating Trust, the Trust Estate, the Liquidating Trustee and the Debtors to issue any and all orders and to take other actions necessary to the implementation of this Liquidating Trust Agreement, such jurisdiction to include, without limitation, the jurisdiction contemplated by Section 1142 of the Bankruptcy Code.

9.13.    Intention of the Parties.  The Debtors, the Beneficiaries and the Liquidating Trustee hereby express their intent to create and maintain the Liquidating Trust as a liquidating trust for Federal income tax purposes in accordance with Treasury Regulation §301.7701-4(d) and as a "grantor trust" subject to the provisions of Subchapter J, Subpart E of the IRC, and the Liquidating Trustee further represents that the Liquidating Trust shall not: (a) receive transfers of listed stocks or securities, any readily-marketable assets (other than those constituting the Trust Estate), or any assets of a going business; or (b) receive and will not retain Cash in excess of a reasonable amount to meet claims and contingent liabilities, determined in the reasonable discretion of the Liquidating Trustee in accordance with the provisions of Sections IV and V hereof.

[signature page follows]

Dated: _____ __, 2010

EBHI Holdings, Inc.

By: _____
       Name: _____
       Title: _____

Amargosa, Inc.

By: _____
       Name: _____
       Title: _____

Gobi Fulfillment Services, Inc.

By: _____
       Name: _____
       Title: _____

Arabian Diversified Sales, LLC

By: _____
       Name: _____
       Title: _____

Gibson Services, LLC

By: _____
       Name: _____
       Title: _____

Karakum International Development, LLC

By: _____
       Name: _____
       Title: _____

Simpson Information Technology, LLC

By: _____
       Name: _____
       Title: _____

Sandy Financial Services Acceptance Corporation

By: _____
       Name: _____
       Title: _____

Sonoran Acceptance Corporation

By: _____
       Name: _____
       Title: _____

Larry Waslow, as Liquidating Trustee

By: _____
       Name: _____
       Title: _____

## Schedule 4.11

### Compensation of Liquidating Trustee

The Liquidating Trustee will receive a fee of $15,000 per month.